**FILED**

MAY 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
PURSUANT TO THE CIVIL RIGHTS ACT, 42 U.S.C. §1983
OR
PURSUANT TO BIVENS V. SIX UNKNOWN FEDERAL NARCOTICS AGENTS, 403 U.S. 388

Case: 1:07-cv-00892
Assigned To : Collyer, Rosemary M.
Assign. Date : 5/11/2007
Description: Pro Se Gen. Civil

ROY THOMAS, Reg. No. 11340-007
(Enter above the full name of the plaintiff in this action)
USP- Big Sandy
P.O. Box 2068
Inez, KY 41224

VS:                                          CASE NO. _____
                                             (To be completed by Court)

(Deft. #1)NATIONAL LEGAL PROFESSIONAL ASSOCIATES      11331 Grooms Road
                              (Same address as         Suite 1000
(Deft. #2) H. WESLEY ROBINSON NLPA)                   Cincinnati, Ohio 45242

(Deft. #3) CHARLES A. MURRAY
(Enter above the full name of the defendant(s) in this action)
1300 Third Street South - Suite 302B
Naples, Florida 34102

## I.     PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in State or Federal Court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
      Yes ( x )                    No ( )

B.    If your answer to A is YES, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1.    Plaintiffs        Ismail Abdul Malik, a/k/a Roy Thomas

      2.    Defendants        District of Columbia, Corrections

                              Corporation of America, and TransCor

      3.    Court (If federal court, name the district; if state court, name the county):

                              Originated in D. C. Superior Court, removed to

3. (con't) the U.S. District Court For the District of Columbia.

Sup. Ct. 12/13/02
Dist. Ct. 4/28/03

4. Docket number 03-CV-0944(RMC)                Date filed: _____

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
Memorandum Opinion of January 20, 2004, dismissed
the case without prejudice. Refiled July 11, 2005,
and still pending as Case No. 1:05-CV-1374(RMC)
6. Approximate date of disposition _____

II.    PLACE OF PRESENT CONFINEMENT   USP- Big Sandy, P.O. Box 2068
Inez, KY 41224

A.    IF YOU ARE A STATE/CITY/COUNTY PRISONER YOU MUST ANSWER:

1.    Is there a grievance procedure in the institution where the facts happened?
             Yes ( X )            No (  )

2.    Did you present the facts relating to your complaint in an administrative remedy
procedure?        Yes (  )            No ( X )

3.    If your answer to 2 is YES, state what you did and what the result was:

_____

_____

_____

4.    If your answer to 2 is NO, explain why not: Private actors, not affili-
ated with the Federal Bureau of Prisons.

_____

B.    IF YOU ARE A FEDERAL PRISONER YOU MUST ANSWER:

1.    Did you present the facts to the prison authorities according to administrative
procedures?        Yes (  )            No (  )

2.a.  If your answer to 1 is YES, state the level(s) of the administrative remedy
procedure to which you presented the claim(s):  (check)
             _____ to Warden
             _____ appeal of Warden's response to Regional Director
             _____ appeal of Regional Director's response to Office of General Counsel

2.b.  What was the result? _____

_____

3.    If your answer to 1 is NO, explain why not. _____

_____

III.  PARTIES

A.  Name of PLAINTIFF (your name) ___Roy Thomas, Reg. No. 11340-007___

Address ___USP- Big Sandy, P. O. Box 2068, Inez, KY 41224___

B.  Name of DEFENDANT #1: ___National Legal Professional Associates___

   Is employed as: ___A Legal Corporation___

   At: ___11331 Grooms Road, Suite 1000, Cincinnati, Ohio 45242___

Additional defendants: (If more than 3 defendants, you may use the back of this sheet or attach additional sheets)

Name of DEFENDANT #2: ___H. Wesley Robinson___

   Is employed as: ___Senior Marketing & Management Consultant___

   At: ___11331 Grooms Road, Suite 1000, Cincinnati, Ohio 45242___

Name of DEFENDANT #3: ___Charles A. Murray___

   Is employed as: ___Attorney At Law(Part owner of NLPA)___

   At: ___1300 Third Street South, Suite 302B, Naples, Florida 34102___

IV.  STATEMENT OF CLAIM

A.  Which of your constitutional rights or federal law rights or what administrative regulation that applies to you has been violated?

___Federal Law rights violated include: 42 U.S.C.§1985(3)___

___7 1986; 18 U.S.C. §§1346, 1503, 1512, & 1961. 5th & 14th___

___Amendments of the U. S. Constitution.___

B.  State here the facts of your case. Describe how each defendant is involved. Include the names of other persons involved, dates and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet(s) if necessary.

___(See Attached Sheets)___

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**V.**    **RELIEF** - State briefly exactly what you want the court to do for you.

_____(see Attached sheets)_____
_____
_____

I declare under penalty of perjury that the foregoing is true and correct.

_April 30, 2007_
**Date Signed**

_Roy Thomas   11340-007_
**Signature of Plaintiff**

ADDITIONAL SHEET PAGE ONE

**IV. STATEMENT OF CLAIM**

B.  This complaint emenates due to fraudulent and unconstitutional taking of funds from the plaintiff by the defendants.

<u>JURISDICTION</u>

This Court has subject matter jurisdiction of this action under the following : 28 U.S.C. §1331; 28 U.S.C.§ 1332; 42 U.S.C. §1985(3); 42 U.S.C. §1986; 18 U.S.C. §§I346; 1503; 1512; & I96I; and D. C. Code §12-30I (2)(7). There exists complete diveristy of citizenship between plaintiff and all defendants in that:

   I. a.) The plaintiff is an individual, currently incarcerated in the State of
       Kentucky, who is a resident and a citizen of the District of  Columbia.

     b.) Defendant National Legal Professional Associates is a legal
      Corporation incorporated under the laws of the State of Ohio
      and has its pricipal place of business, on information and
      belief in Cincinnati, Ohio.

     c.) Defendant  H. Wesley Robinson, is an individual who is a
      resident and a citizen of the State of Ohio, on information
      and belief. Mr. Robinson has his principal place of business
      in Cincinnati, Ohio.

     d.) Defendant Charles A . Murray is an individual who, on information
      and belief, is a resident and a citizen of the State of Florida.

    2. Jurisdiction of this Court is also founded on the fact that the matter in
     controversy exceeds the sum of $75,000.00, exclusive of interest
     costs.

    3. Venue is proper in this Judicial District because the events or
     omissions giving rise to the claims asserted in this complaint
     concern the validity of "claimed" work-product for motions in
     the Superior Court of the District of Columbia.

<u>CLAIM FOR RELIEF</u>

The plaintiff had the sum of ten-thousand dollars($I0,000.00) sent to National Legal Professional Associates (herinafter, NLPA) and one of its owners, Charles A. Murray. In a letter of December 8, 2003, Mr. Murray informed the plaintiff that NLPA had requested a review of NLPA's evaluation of plaintiff's legal options in the criminal convictions. A copy of the December 8, 2003, letter is attached to this complaint and incorporated by reference in it as Exhibit A.

In an obvious example of the conspiracy that existed between NLPA, Mr. H. Wesley Robinson, and Mr. Murray, on the same date Mr. Murray mailed an authorization form to Mr. Robinson at NLPA concerning evaluating plaintiff's case.(copy in appendix, as Exhibit B).

07 0892

**FILED**

MAY 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ADDITIONAL SHEET PAGE TWO

In a letter of May 2, 2005, the plaintiff detailed to defendant Murray the type of motion that was desired to be filed.(copy in appendix, as Exhibit C). On July 25, 2005, the plaintiff mailed a letter to Defendant NLPA and set out substantial reasons as to why the plaintiff wished to terminate any dealings with NLPA and/or Defendant Murray.(copy of July 25, 2005, letter to NLPA in appendix, as Exhibit D). Also on July 25, 2005, the plaintiff placed in the mail a letter to defendant Murray and enclosed a copy of the letter from the same date that was mailed to NLPA.(a copy of the July 25, 2005, letter to Mr. Murray is in the appendix, as Exhibit E). The plaintiff listed as reasons for a refund of the requested portion of the $l0,000. sent to NLPA and Defendant Murray, the following reasons:

l. The agreement was to formulate a motion for a new trial, not a motion for the reduction of sentence.

2. NLPA had proposed to the Plaintiff and Plainitff's family that in order to be timely, the motion would need to be filed by June 23, 2005, yet the first draft of the motion(Rule 35(a)) was not mailed until July l3, 2005, to Defendant Murray.

3. The motion that was formulated(A Rule 35 Motion For Reduction of Sentence) was totally off-point, in the Superior Court of the District of Columbia.

4. NLPA had not done any research on the issues that the Plaintiff wished to raise, or any other issues, instead NLPA had simply retyped the contents of the motions and briefs the Plaintiff sent to NLPA.  Each of the prior motions or briefs had been unsuccessful in seeking to have the convictions reversed, yet NLPA had retyped the motions or briefs and in conclusion argued that the relief sought should be granted now, "in consideration of the foregoing."

5. The Memorandum in support of the above-mentioned motion was based on a flawed concept that somehow Plaintiff's sentences were "illegal" due to subsequent decisions in <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker.</u> D. C. Superior Court has always required that the statutes that apply to enhancements be placed on the indictment and they must be proven to the jury beyond a reasonable doubt, so any claims under the above-mentioned authorities in D. C. Superior Court is frivolous.

6. On page 8 o fthe Memorandum InSupport of the Rule 35(a) motion it is claimed that D.C. Law is unconstitutional and there is listed no argument or support for this premise. Additionally, the motion lists crimes which are not relevant to Plaintiff's convictions or sentences.

7. The "argument" on page l0 of the Memorandum In Support of the Rule35(a) motion is vague, and totally frivolous.

8. Even NLPA's contract barred the corporation from doing any work for the Plaintiff, since the Plaintiff never retained Defendant Murray or any other attorney to represent the Plaintiff, and the NLPA contract specifically sets out that

### ADDITIONAL SHEET PAGE THREE

no work would be produced for a client, unless the client
was represented by an attorney, and that the work-product
would be sent to the attorney.(See NLPA contract, in appendix,
as Exhibit F, §§3(b)(d)(2)(e)(f)(l)(m); 4, 5, 6, 7, & 11).

9. In an attempt to further deceive the plaintiff and to attempt to
justify keeping Plaintiff's $l0,000. Mr. Murray, Mr. Robinson,
and NLPA conspired to not accept any telephone calls
from the Plaintiff or the Plaintiff's family, along with hastily
preparing another motion which the Plaintiff had already
informed the defendants that Plaintiff did not want to be
prepared. The second motion was drafted to be filed as
a motion for a new trial pursuant to D.C. Code §23-ll0,
however, just as with the Rule 35 motion, NLPA had
done nothing except to retype the papers that Plaintiff had
mailed to NLPA. In the conclusion section NLPA's motion
requested that Plaintiff's sentence "be vacated and
corrected", and an evidentiary hearing. The motion under
D.C. Code§23-110 is totally unacceptable due to the fact
that it would have to be denied, as mandated, since it
would be second or successive, presenting the exact same
issues and arguments as raised previously under §23-110.
The arguments had been rejected in previously filed motions
and to raise them a second time without showing any "cause
or prejudice" would have been meritless. As further proof that
Defendants, NLPA, Murray, and Robinson conspired to keep
Plaintiff's $10,000., for services that were not rendered, NLPA
sent the §23-110 motion without even seeking, much less
receiving any additional payments of funds, even though
the NLPA contract specifically forbids the production of
any further work, absent additional payment of funds.
(se Exhibit F, §§(k)(l)(o)(4)&(5)). The conspiracy was layed
out in a letter date July 26, 2005, from defendant Robinson
to Defendant Murray, claiming that Defendant  Murray requested
that a 23.110(sic)motion be prepared.(copy in appendix,
as Exhibit G).

10. On August 8, 2005, the Plaintiff sent a letter to NLPA to
again set out the fact that the Plaintiff did not desire
any services from NLPA or Defendant Murray.(copy
in appendix, as Exhibit H). On the same day, Plaintiff
mailed a letter to Defendant Murray and enclosed a
copy of the August 8, 2005, letter to NLPA.(copy of
letter to Defendant Murray in appendix, as Exhibit I).

11. Contrary to the letters and phone calls Plaintiff directed
to Defendant Murray, in a letter of August 10, 2005, mailed
to the Plaintiff Defendant Murray enclosed copies of the
§23-110 motion that NLPA proposed that the Plaintiff file.
(copy of August 10,1005, letter in appendix, as Exhibit J.).

ADDITIONAL SHEET PAGE FOUR

12. Defendants, NLPA, Murray and Robinson, were determined
that no refund at all would be given to the plaintiff and in an
attempt to solidify the conspiracy to keep the money, in violation
of the law,prepared a third motion, this time allegeing that
research had been completed on a motion under 28 U.S.C.
§2241. Again it should be noted that although the contract and
policiy of NLPA specifically sets out that the payment must be
made before work will be done, NLPA speedily mailed the
motion under 28 U.S.C. §2241, without even a request for
any additional funds. Plaintiff avers that these acts alone are
an admission of guilt concerning the unlawful, fraudulent,
and conspiratorial nature   of the acts and /or omissions
complained of herein. Just as with the above-mentioned
motions, the §28-2241 motion was a retyping of what the
Plaintiff had mailed to NLPA. As such the Defendants
violated the rights of an incarcerated citizen by refusing
to return to the Plaintiff the $10,000. which none of the
Defendants had done anything to earn.  The Defendants
violated the terms of teh contractual agreement by failing
to perform the research and to produce a viable motion
that the Plaintiff could file to attack the convictions and
sentences in the criminal case. Even the typing of the
papers does not justify any compensation since, the
typing was done purely to furter theconspiracy of taking
and keeping plaintiff's funds.(See in appendix, August 23,
2005, letter, from NLPA to Defendant Murray, as Exhibit L)

13. In a letter of August 26, 2005, Defendant Robinson attempts to
persuade the Plaintiff to accept for modification the very same
motions the plaintiff had previously made clear were not
acceptable for filing. On page two of the letter, Defendant
Robinson contradicts himself by claiming that no refund
was due because of the number of hours spent on
Plaintiff's case and then stating in the very next paragraph
"I would hate to see these funds wasted." If the payment
of the funds was justified by the hours of work performed,
then the funds could never have been going to waste.
In otherwords, Defendant Robinson knew that Plaintiff was
getting nothing for the $l0,000. and was saying that the
Plaintiff should accept and use the motions that  were
prepared or get nothing at all of value for the money .
(a copy of the August 26, 2005, letter is in the appendix,
 as Exhibit M).

ADDITIONAL SHEET PAGE FIVE

14. On November 20, 2006, the Plaintiff mailed a letter to
The Client's Security Fund of Ohio, attempting to
be reimbursed for the $10,000. sent to NLPA(copy of
November 20, 2006, letter in appendix, as Exhibit L).
The Client's security Fund recommended that the
Plaintiff contact the Bar Association of Ohio, and
refused to take any action against NLPA. The
Plaintiff had previously contacted the Bar Association
of Ohio and had noted inthe rules thereof that that
Bar Association would not get involved in any disputes
concerning fees paid to attorneys. The NLPA contract
calls for disputes to be arbitrated by the Better Business
Bureau, however,  the Plaintiff never signed the contract
and the issues concern matters of the propriety of
motions prepared by attorneys in anticipation of
litigation, which issues are generally outside of the
capacity of a Better Business Bureau. In otherwords,
a Better Business Bureau in Ohio could not appreciate
the fallacy of the legal principles set forth in NLPA's
proposed motions, or the fact that no research had
been done and the papers retyped.

15. To further the conspiracy the Defendants have, from
time to time, since July 25, 2005, promised Plaintiff
or Plaintiff's family members that the requested refund
would be forthcoming. Even as late as March of 2007,
the Defendants were still promising to return a portion
of the $l0,000.(See also December 28, 2005, letter
to Lorenzo Irving, Plaintiff's cousin,in appendix as
Exhibit N; and October 3, 2006, letter to the Plaintiff
from the Ohio State Bar Association, in appendix,
as Exhibit O).

16. The Plaintiff performed all the terms and conditions
applicable thereto the contractual agreement.

17.  The Defendants have breached the contractual
agreement by failing to research the issues
concerning Plaintiff's criminal convictions.

18.  Plaintiff has demanded that the Defendants fulfill their
obligations to the Plaintiff, but the Defendants have
failed and refused and continue to fail and refuse to
do so.

19. By reason of the Defendants' breach of contractual
agreements, the Plaintiff has been damaged in the
sum of $l00,000.

V. RELIEF

PRAYER

ADDITIONAL SHEET PAGE SIX

Plaintiff demands judgment against Defendants:

      1. In the sum of $l0,000.00, compensatory damages;

      2. In the sum of $90,000.00, punitive damages to deter future conduct of the nature complained of herein.

      3. Pre-judgment interest as allowed by law;

      4. The costs of this action;

      5. For all other relief that is just and right.

# INDEX                                    PAGE

December 8, 2003, letter to Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

December 8, 2003, letter from Defendant Murray to Defendant Robinson . . . . . . . 2

May 2, 2005, letter from Plaintiff to Defendant Murray . . . . . . . . . . . . . . . . . . 4

July 25, 2005 letter to NLPA from the Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . 5

July 25, 2005, letter to Defendant Murray, from the Plaintiff . . . . . . . . . . . . . . . 9

National Legal Professional Associates Contract . . . . . . . . . . . . . . . . . . . . . 10

July 26, 2005, letter from Defendant Robinson to Defendant Murray, . . . . . . . . . 13

August 8, 2005, letter from the Plaintiff to National Legal Professional Associates . . . 14

August 8, 2005, letter from the Plaintiff to Defendant Murray . . . . . . . . . . . . . . 16

August l0, 2005, letter from Defendant Murray to the Plaintiff . . . . . . . . . . . . . . 17

August 23, 2005, letter from NLPA to Defendant Murray . . . . . . . . . . . . . . . . 18

August 26, 2005, letter from Defendant Robinson to the Plaintiff . . . . . . . . . . . . 19

November 20, 2006, letter from the Plaintiff to Client's Security Fund of Ohio . . . . . 20

December 28, 2005, letter from Defendant Robinson to Lorenzo Irving . . . . . . . . 21

October 3, 2006, letter from the Ohio State Bar Association . . . . . . . . . . . . . . . 22

LAW OFFICES
## CHARLES A. MURRAY, P.A.
1300 THIRD STREET SOUTH, SUITE 302B
NAPLES, FLORIDA 34102

**Licensed to Practice:**

State of Florida
State of Maryland
District of Columbia
U.S.D.C. for the
    Middle District of Florida
U.S.D.C. Eastern & Western
    Districts of Wisconsin

U.S. Courts of Appeal:
First Circuit
Third Circuit
Fourth Circuit
Fifth Circuit
Sixth Circuit
Seventh Circuit
Eighth Circuit
Ninth Circuit
Tenth Circuit
Eleventh Circuit

U.S. Court of Federal Claims

U.S. Supreme Court

Various Military Tribunals

**Memberships:**

National Association of
Criminal Defense Lawyers

Academy of Florida
Trial Lawyers

Association of Trial Lawyers
of America

**Education:**

B.S. - U.S.M.A. 1962
J.D. - U. Maryland 1971
M.A. - C.M.U. 1978

8 December 2003

Mr. Roy Thomas
#11340-007
USP Atlanta
Post Office Box 150160
Atlanta, GA 30315

Re:     Evaluation

Dear Mr. Thomas:

        National Legal Professional Associates (NLPA) has requested that I review their evaluation your potential case and I have agreed to do so. My review will be conducted at no expense to you. Once I have had an opportunity to fully assess the scope of services required to bring the action, the probability for success and an estimate of likely attorney fees and costs, I will write to advise you of same. As NLPA is owned by attorneys, for attorneys, I must also advise you that I have an ownership interest in that corporation.

Sincerely,

Charles A. Murray

CAM:lgk

cc: Ms. Patricia Jordan
    Mr. Wes Robinson, NLPA

LAW OFFICES
## CHARLES A. MURRAY, P.A.
1300 THIRD STREET SOUTH, SUITE 302B
NAPLES, FLORIDA 34102

**Licensed to Practice:**

State of Florida
State of Maryland
District of Columbia
U.S.D.C. for the
   Middle District of Florida
U.S.D.C. Eastern & Western
   Districts of Wisconsin

U.S. Courts of Appeal:
First Circuit
Third Circuit
Fourth Circuit
Fifth Circuit
Sixth Circuit
Seventh Circuit
Eighth Circuit
Ninth Circuit
Tenth Circuit
Eleventh Circuit

U.S. Court of Federal Claims

U.S. Supreme Court

Various Military Tribunals


**Memberships:**

National Association of
Criminal Defense Lawyers

Academy of Florida
Trial Lawyers

Association of Trial Lawyers
of America


**Education:**

B.S. - U.S.M.A. 1962
J.D. - U. Maryland 1971
M.A. - C.M.U. 1978

8 December 2003


Mr. Wes Robinson
National Legal Professional Associates, Inc.
876 Sea Dune Lane
Marco Island, FL 34145


Re:    Roy Thomas

Dear Mr. Robinson:

    I am in receipt of and thank you for your letter of this date in connection with the foregoing potential client.  I would be happy to review the evaluation once you have finalized same.  Accordingly, please find enclosed the Authorization Form which I have signed as you requested.

Sincerely,

Charles A. Murray

CAM:lgk
Enclosure - authorization form

cc:    Mr. Roy Thomas
       Ms. Patricia Jordan

Telephones (239)649-7773 & (866)-349-7486 / Facsimile (239)262-3517
E-mail: Charles@CAMurrayLaw.com

# AUTHORIZATION

This is to confirm that I agree to receive from National Legal Professional Associates (NLPA) a case evaluation outlining potential issues which could be raised to assist Roy Thomas in the pursuit of post-conviction relief. Once I receive this case evaluation, I will then advise Mr. Thomas as to whether or not I am willing to serve as counsel for the preparation of any pleadings that may be recommended in the case evaluation prepared by NLPA.

Charles A. Murray
Attorney at Law

Roy Thomas
Reg. No. 11340-007
USP- Big Sandy
P. O. Box 2068
Inez, KY 41224


May 2, 2005


Charles A. Murray, P.A.
1300 Third Street South
Suite #302-B
Naples, FL 34102


Dear Mr. Murray:

I have conducted a little research and determined that a successive new trial motion pursuant to D.C. Code 23-110, would be fruitless. I do not wish to pursue that avenue.

I do have a means of obtaining relief, through filing a habeas corpus petition pursuant to 28 U.S.C. §2241, and citing to D.C. Code 16-1901 (b). This would give the federal court jurisdiction to entertain the writ. The D.C. Code(16-1901) also provides that when in federal custody, we should direct our habeas corpus petitions to the United States District Court For the District of Columbia. I would like to have the petition filed in that manner.

Concerning the transcripts, my family has made contact with the proper agency in the D. C. Superior Court and they are transcribing them currently. The transcripts will be forwarded to you immediately after their receipt.

Thank you for your consideration of the above and any assistance you may render in the future in this matter.

Sincerely,

Roy Thomas
Reg. No. 11340-007

Roy Thomas
Reg. No. 11340-007
USP- Big Sandy
P. O. Box 2068
Inez, KY 41224


July 25, 2005


National Legal Professional Associates
Margaret A. Robinson Advocacy Center
11331 Grooms Road, Suite 1000
Cincinnati, OH 45242


Dear Contact Person:

    I am in receipt of your July 13 & 19, 2005, letters addressed
to Charles A. Murray, Esquire, the attorney I had intended to retain
to file a collateral motion in my behalf to attack the unjust convic-
tions I suffered.

    As soon as I received the draft copy of the Rule 35(a) motion
that you proposed to file, I called your agency and Mr. Murray to
make certain that it was known that I did not want the motion filed
and that I did not desire that your agency or Mr. Murray perform
any further services in my behalf.

    Each of my calls have met with staff attempting to persuade
me that I should reconsider, and/or I am told that Mr. Murray is
not available.  This is written to memorialize the fact that I find
the proposed motion to be totally unacceptable, and really, with
all due respect, frivolous.

    Me and my family have paid you $6,500, and $3,500 to Mr. Murray.
I would hope that this matter can be resolved smoothly, and that
we can settle this matter so that there are no hard feelings on the
part of anyone.  I assure you that my mind is made up concerning
what I wish to have take place in this matter. In this letter, I
will detail to you substantial reasons as to why anything short of
refund, would be unthinkable.

REASONS FOR REFUND OF MONEY

    1.)  I contracted with NLPA to formulate a new trial motion
pursuant to D. C. Code 23-110 or 28 U.S.C. §2241, not Rule 35(a).
I wish to attack the convictions, not the sentences.

    2.)  We were told that the motion would have to be filed by
June 23, 2005, in order to be timely, and this prompted us to rush
the money to you, when in fact your first "draft" was not mailed
until July 13, 2005.

NLPA
July 25, 2005
Page Two

3.) The Rule 35(a) motion is totally off point. It is obvious that whomever formulated it, has no idea of the workings of D. C. Superior Court. In otherwords, in D.C. Superior Court, at the time of my trial and sentences, there was no <u>Blakely</u> <u>or</u> <u>Booker violations</u> due to the fact that the government put all of the codes on the indictment and the jury had to find guilt beyond a reasonable doubt thereon. Therefore, my sentences are **not illegal** and it would be frivolous to file a motion that says they are, when I know they are legally sufficient..

4.) Sadly, the motion under Rule 35(a) is nothing more than a "dressed up" rendition of all the information I sent to NLPA. There is no , mention of any reasons why the motion should be granted, no argument or caselaw in support, only a statement that "in consideration of the foregoing, Petitioner requests that this Honorable Court issue an order correcting his illegal sentence,". This is totally frivolous to recite all that has taken place in a case and then request relief based upon all of the prior denials thereof.

5.) The memorandum in support does not fair much better, because it is based on a totally unsupportable premise that my sentence was somehow "illegal." As I am sure you are aware, <u>Apprendi</u>, <u>Blakely,</u> and <u>Booker</u>, all deal with enhancements due to factors not presented to the jury or admitted. As mentioned above, in D.C. Superor Court all of the enhancement factors are placed on the face of the indictment and must be proven to the jury beyond a reasonable doubt. The D. C. Superior Court changed over to the federal guidelines after August 5, 2001, however my trial and sentences superseded that date, so the cases cited do not apply to my case, and the premise of an illegal sentence are totally without merit.

6.) The argument on page 8, goes beyond frivolous, I was sentenced for murder and for a gun. None of the statute that you cite involves a murder and a weapon. In the District of Columbia, it is pretty much automatic that you receive consecutive sentences for crimes of this nature. Additionally, the test for concurrent or consecutive sentences is governed by the test in <u>Blockburger v. United States,</u> and deals with whether a different element of the offenses charged has been proven.

7.) The argument on page 10 of the memorandum clearly highlights the fact that whomever put this together has no idea of how the Superior Court in D. C. functions. The enhancement factors are listed on the indictment and must be proven beyond a reasonable doubt to the jury, so at no time does the judge have the discretion to exceed what is a legal  sentence.

NLPA
July 25, 2005
Page Three

Without being exhaustive, suffice it to say that I have other reasons I could list for the insufficiency of the proposed draft, however, I would hope that the above serves the purpose.

I must reiterate that I have no ill feelings or any intention to in any way sully your name, I just do not want to pay my money for someone to type what I sent them and provide to me a motion that I know is frivolous and doomed before filing. The fact that the motion is not what I contracted to receive(23-110 or 2241) and the inapplicability of the motion in the D. C. Superior Court, I do not want to lose the $10,000 I have already sent you.

I have made known to Mr. Murray the fact that I do not wish for him to file anything in my behalf. As such, I do not have an attorney currently and according to the contract, this automatically voids the agreement.(Sec. 3 (b)(d)(2)(e)(f)(l)(m)& Secs. 4, 5, 6, 7, and 11).

Realistically, since the focus of any research was on an issue that is totally inapplicable to my case, I believe that I should receive a full refund, less any expenses for materials and postage, etc., however, in attempting to be as considerate as I can I am willing to allow Two-thousand dollars($2,000) to be kept by NLPA and five-hundred dollars($500.00) by Mr. Murray. Therefore, I would like no less than seven thousand five-hundred dollars($7,500.00) returned to me and placed in my inmate account, immediately.

The address is:

Mr. Roy Thomas
Reg. No. 11340-007
Federal Bureau of Prisons
Des Moines, Iowa 50947-0001

We are not allowed to receive money directly at the prison any more and the best method is either with a postal money order or cashier's check.

In closing, I sincerely hope that this will be agreeable to you to the extent that we do not need to go in to arbitration or any other processes to settle the matter. For all intents and purposes this letter serves as notice, pursuant to Section "7" of the "Agreement For Services", and gives written notice of termination of the aforesaid agreement.

Sincerely,

Roy Thomas 1134000 7

Roy Thomas
Reg. No. 11340-007

NLPA
July 25, 2005
Page Four


    By my signature affixed below, I affirm that the foregoing is
true and correct and an accurate description of the events depicted
therein, and I further affirm pursuant to 28 U.S.C. §1746 that I,
Roy Thomas, have executed this document this 25th day of July, 2005,
at Inez, Ky.



                      /s/ _Roy Thomas 11340007_
                         ROY THOMAS
                         Reg. No. 11340-007
                         USP- Big Sandy
                         P. O. Box 2068
                         Inez, KY 41224



SUBSCRIBED AND SWORN TO BEFORE ME THIS 25th day of July, 2005.



                         _____
                               NOTARY



cc: Charles A. Murray, Esquire
    Law Offices Charles A. Murray, P.A.
    1300 Third Street South
    Suite 302B
    Naples, FL 34102

Roy Thomas
Reg. No. 11340-007
USP- Big Sandy
P. O. Box 2068
Inez, KY 41224


July 25, 2005


Charles A. Murray, Esquire
Law Offices Charles A. Murray, P.A.
1300 Third Street South
Suite 302B
Naples, Florida 34102


Dear Mr. Murray:

    I have called your office several times to make sure that you
are aware that I do not wish for you to file any motions for me or
to do any further services of any kind.  In your absence, I have
left this message with those who have answered my calls.

    I have enclosed with this letter a copy of a July 25, 2005,
letter that I have mailed to NLPA.  The NLPA letter sets out the
majority of my concerns in this matter.

    Due to the fact that I do not wish for you to file anything
for me and the fact that as of yet you have not done any research
on my case, or perfomed any other services, I would like to have
my money refunded to me, as soon as possible. As stated in the letter
to NLPA, I am not opposed to you keeping Five-hundred dollars($500.00)
of the $3,500.00 that was sent to you.

    For your convenience, I repeat the address that the money must
be mailed to in a postal money order or cashier's check:

                    Mr. Roy Thomas
                    Reg. No. 11340-007
                    Federal Bureau of Prisons
                    Des Moines, Iowa 50947-0001


    I thank you for your time and consideration in this matter.


                              Sincerely,

                              Roy Thomas 1134007
                              Roy Thomas
                              Reg. No. 11340-007

Enclosure:

# AGREEMENT FOR SERVICES

THIS AGREEMENT is a legally binding agreement between the undersigned parties, the first party being referred to herein as "You" and the second party being **NATIONAL LEGAL PROFESSIONAL ASSOCIATES,** referred to herein as "NLPA." This agreement outlines our respective responsibilities.

WE ARE entering into this agreement because You wish to use NLPA's services as consultant to Your licensed legal counsel in connection with the pursuit of legal remedies on Your behalf, more specifically reflected on Exhibit "A"; and for the cost set forth on Exhibit "B."

As part of this Agreement, both NLPA and You agree as follows:

1) You will pay the research fee and expenses set forth on Exhibit "B". You understand that unless otherwise agreed, none of NLPA's work product will be completed and released to Your counsel until this sum is paid in full. In the event this research fee is not paid in full, completed research will only be released by NLPA to counsel based upon the amount of research sum paid by You. In consideration of this fee, NLPA agrees to provide consulting assistance in Your case as set forth in Exhibit "A".

2) **ALL MONIES PAID TO NLPA SHOULD BE PAID BY CERTIFIED CHECK OR MONEY ORDER. IF SUMS ARE PAID VIA A PERSONAL CHECK, RESEARCH WILL NOT BEGIN UNTIL FOURTEEN (14) DAYS AFTER RECEIPT OF THE CHECK, UNLESS SUFFICIENT FUNDS CAN BE CONFIRMED THROUGH THE TELECHECK® PROCESS. IF SUMS ARE PAID BY MONEY ORDER OR CERTIFIED CHECK RESEARCH WILL BEGIN IMMEDIATELY UPON RECEIPT. IF SUMS ARE PAID BY PERSONAL CHECK VERIFIED THROUGH THE TELECHECK® PROCESS, RESEARCH WILL BEGIN AS SOON AS VERIFICATION OCCURS.** Please remember that NLPA does accept wire transfers as well as payments by all major credit cards.

3) You agree:

   a) That You have asked NLPA to assist in the providing of the research and consulting services described above.

   b) That You understand that NLPA is not, and does not represent itself to be, a law firm but rather is a research and writing consultant supplementing Your defense team. You further understand that NLPA's research services will only be provided as consultant to Your licensed legal counsel. You recognize that NLPA does not provide nor offer legal advice or research services to the General Public.

   c) Research on Your case will begin immediately when this Agreement for

Services is signed or accepted, and payment has occurred. Please note that payment of funds to NLPA pursuant to this agreement will be deemed to be acceptance of the terms and conditions of this agreement.

   d) That You understand that in order for NLPA to assist Your counsel in preparing research and consulting with Your counsel as contemplated by this Agreement, it is essential that Your attorney agree to NLPA's assistance. In the event that Your attorney refuses to have NLPA assist once NLPA is retained, You will have several options. (1) You can request that NLPA continue to assist you, but not in the capacity of any legal research or legal work product. Rather, for a reduced fee, NLPA will stay current on all case developments and deadlines in the case, keep you informed of such things, and obtain copies of all filings for You such as Motions, Court Orders as well as the Docket Sheet for the case. (2) NLPA will return to You any funds received from You less time and expenses spent by NLPA as set forth in this Agreement. Or (3) You can seek new counsel who will work with NLPA on Your defense team.

   e) That You understand that the total cost for the requested services is the fee on Exhibit B. In the event that NLPA is requested to perform only a portion of these services, NLPA's professional time, administrative time, and research services will be billed against this fee at the rate of $175.00 (One Hundred Seventy-Five Dollars) per hour. Further, You agree and recognize that all conditions of NLPA's services have been identified and outlined.

   f) That You will be required to have pleadings submitted to the appropriate court by licensed legal counsel and that no representations concerning NLPA's services, other than those outlined herein, have been made to You.

   g) That You will make available to NLPA whatever documentation and transcripts are necessary. You will provide payment to whatever source is necessary to secure the materials. It will not be NLPA's financial responsibility to secure documentation.

   h) In conjunction with the research services to be provided according to this Agreement, You agree to pay to NLPA the Sum set forth on Exhibit B on the terms and conditions set forth above.

   i) You agree to pay, upon the execution of this Agreement, an expense deposit in the amount of $250.00 in addition to the research fee set forth above. This expense deposit will be applied against any and all costs and expenses related to the case including but not limited to photocopies, postage, long distance expense, and such other expenses as NLPA may deem necessary and proper. Expense costs do not include NLPA's professional time, administrative time, or research services. NLPA agrees that no additional expense costs beyond the $250.00 deposit will be incurred by

NLPA without Your expressed agreement in advance.

j)    That You understand NLPA will only agree to accept one collect telephone call per week from You. You also agree and understand that whenever possible, You need to send to NLPA written correspondence about issues in Your case to ensure that our research staff will be aware of Your thoughts concerning issues to be raised. Written correspondence is much more successful in communicating Your concerns than a brief telephone conversation.

k)    You understand that the fee quoted in Exhibit "B" is based on the condition that transcripts for Your trial do not exceed three (3) days of testimony. You understand that once NLPA has been retained and receives the transcripts for the case, and if the transcripts exceed three (3) days and no adjustment has been made in the research Sum, NLPA reserves the right to either increase the Sum by $250.00 per day of additional testimony or, in the alternative, if You are unable to pay additional Sums as set forth herein, that NLPA shall not complete all research normally contemplated but will prepare as much research as the funds to NLPA shall permit. You will provide payment to whatever service is necessary to secure the materials. It will not be NLPA's financial responsibility to secure documentation.

l)    That You understand that NLPA is owned by Charles Murray, Esq., Robert Ratliff, Esq., and Matthew M. Robinson, Esq. Although Messrs. Murray, Ratliff, and Robinson may be available to provide legal representation to You should You so desire to retain them for that purpose, that You have the right to retain counsel of Your own choice and there is no requirement that You utilize Messrs. Murray, Ratliff, or Robinson as Your counsel. You are encouraged to seek legal counsel of Your own choice.

m)    That You understand that the research and consulting assistance referenced in this Agreement is based upon the preliminary information provided by You to NLPA and the assistance that You have indicated to NLPA You want NLPA to provide to Your attorney. You further understand that once all relevant information and documentation concerning Your situation has been provided to and reviewed by NLPA, NLPA may recommend to You and Your attorney any modification of the nature of the research and consulting assistance requested to be appropriate and most consistent with the needs and instructions of Your attorney. Should this occur, You and Your attorney will be advised immediately by NLPA and, at that time, You and Your attorney will have the option of instructing NLPA to proceed with the modified research assistance or instructing NLPA to terminate its research assistance pursuant to the provisions of paragraph (7) hereof.

o)    If NLPA is being retained to prepare a case evaluation, once the evaluation is completed and you review the recommendations made therein, should you desire to have NLPA assist counsel with the implementation of the recommendations made in the evaluation, NLPA will charge an additional fee for that service. However, the cost for the new service will be reduced by the amount paid for the evaluation. You further understand that should you want to implement recommendations made in evaluation it will be necessary for you to arrange for counsel to represent you in court for purposes of the recommendation. You also understand this will involve an additional fee that would need to be paid by you directly to that attorney.

4)    Both parties to this Agreement recognize that NLPA provides technical legal assistance to Your licensed legal counsel. Upon being retained for the service outlined in Exhibit "A," NLPA agrees to research and prepare all outlined aspects of Your defense to the best of its ability and to pursue all legal arguments requested by Your legal counsel. It does not guarantee the successful outcome of each and every case in which it becomes involved.

5)    You specifically represent that You understand that unless otherwise agreed upon, **completed research will only be prepared and released to Your attorney based upon the amount of funds paid by You.** If you are participating in a payment plan either through the NLPA in house payment or arrangement made through the 6th Amendment Foundation, you understand that if payments become sixty (60) days delinquent, all research on the case being prepared by NLPA will be discontinued until such time as payments are brought current. Should You be unable to pay the entire Sum prior to the due date of any given pleading, NLPA will conduct as much research as is proportionately possible based upon the percentage of the total Sum paid by You as of that date, and will then forward the completed research to Your counsel. Further, although You will be advised by NLPA when research is provided to Your attorney, unless otherwise authorized by the attorney, completed research will be sent only to counsel.

6)    You also understand that, for NLPA to fully perform its responsibilities in the research and preparation of the necessary pleadings for Your case, it is Your responsibility to ensure that Your legal counsel provides full cooperation and documentation to NLPA. You specifically represent that You understand that,

its ability complete the research as provided for herein, NLPA does not control decisions made by the Your legal counsel with respect to case strategy, the manner in which research is utilized by counsel or the method of counsel's representation.

7) Either party may terminate this Agreement by tendering a written notice to the other party. In the event of termination by You, NLPA shall be entitled to payment for all work performed from the date that NLPA receives its initial payment for services through the termination at the rate of $175.00 per hour as well as reimbursement of all expenses as set forth above. Further, You agree that in the event You terminate NLPA's research assistance prior to the completion of the research contracted for herein, a case administration charge in the amount of $500.00 will be deducted from any payment made to NLPA by You.

In the event that the You want to pay this fee via Credit/Debit Card, by signing this Agreement for Services, You agree to have the following amount withdrawn from your account: Amount: _____; Date:_____
Card Number: _____
Expiration Date: _____

8) In the event that you pay by personal check and your check is returned unpaid for insufficient or uncollected funds, we may present your check electronically. In the ordinary course of business, your check will not be provided to you with your bank statement but a copy can be retrieved by other means. Additionally, we may access a returned check fee against your account.

9) In the event that the research prepared by NLPA is successful in assisting You in receiving relief in Your case, You authorize NLPA to include this and related information concerning the success of Your case in its monthly newsletter sent to members of the legal profession.

10) You understand that there may be filing deadlines involved in the research that needs to be prepared by NLPA. Accordingly, You agree to ensure that payment is made in full to NLPA prior to any filing deadline which may apply in Your case.

11) You understand that research will not be provided to Your attorney unless and until this Agreement is appropriately executed or accepted, until a client authorization form is signed by You designating your counsel to NLPA, and until Your counsel agrees to accept and review the research.

12) You expressly represent that the funds being utilized to retain NLPA to assist counsel have

not subject to any pending forfeiture actions. Further, if a defendant is indigent and has appointed counsel, You represent that such funds being paid to NLPA are not the defendant's funds but are from friends or family members.

13) Pursuant to the Telephone Consumer Protection Act of 1991, you specifically consent to the receipt of any documents, letters, or notices by fax. This consent shall include you and all agents or attorneys acting on your behalf.

**AGREEMENT TO ARBITRATE. You and NLPA agree to submit any dispute arising under this agreement, with the exception of disputes alleging criminal or statutory violations, to binding arbitration in accordance with the Better Business Bureau ("BBB") Rules of Binding Arbitration for disputes subject to Pre-Dispute Binding Arbitration Clauses. A volunteer BBB arbitrator will render a decision that the arbitrator considers to be fair; in doing so, the arbitrator is not required to apply legal principles. The arbitrator's decision will be final and binding on both you and NLPA, and judgment on the decision may be entered in any court having jurisdiction. NLPA will be responsible for the administrative fees for the arbitration. Further information about BBB arbitration may be obtained by calling the BBB of Cincinnati at 1-513-421-3015. This agreement to arbitrate affects important legal rights. Neither of us will be able to go to court for disputes that must be arbitrated. NEITHER OF US WILL BE COMMITTED BY THE TERMS OF THIS AGREEMENT TO ARBITRATE UNLESS YOU SIGN BELOW, IN WHICH EVENT WE WILL BOTH BE COMMITTED.**

Accepted:

This _____ day of _____ _____, 2005

_____
on behalf of

This agreement shall be governed by the laws of the State of Ohio. This agreement constitutes the entire agreement between the parties, and supersedes all previous agreements, oral or written, between the parties hereto.

Signed this _____ day of _____, 2005

Customer:

_____            _____
Roy Thomas

By: *National Legal Professional Associates*
NATIONAL LEGAL PROFESSIONAL ASSOCIATES

**Exhibit "A"**
Research and Preparation of Successive Petition

**Exhibit "B"**
$5,250.00

# NATIONAL LEGAL PROFESSIONAL ASSOCIATES

London, England
Naples, Florida
Mobile, Alabama
Houston, Texas

Margaret A. Robinson Advocacy Center
11331 Grooms Road, Suite 1000
Cincinnati, Ohio 45242
Phone: 513-247-0082 • Fax: 513-247-9580
Website: www.NLPA.com • E-mail: contactus@nlpa.com

*By Lawyers*
*For Lawyers &*
*Their Clients*

July 26, 2005

Charles A. Murray, Esq
1300 Third Street South, Suite 302B
Naples, FL  34102

      Re: Your Client, Roy Thomas

Dear Mr. Murray,

I am writing to follow up on the discussion we had concerning the Roy Thomas case. You stated that you have now reviewed the rule 35(b) motion we have prepared as well as our memorandum of July 19, 2005 in which we explained to you why we believe a Rule 35(a) is a much better course of action to pursue than a 23.110 motion.

You have advised that in order to have both options covered you do want us to prepare the 23.110 motion as well in order that you can review both pleadings with your client. Accordingly, I am sending this letter to confirm that we will have the 23.110 motion completed and forwarded to your office within the next five business days.

Sincerely yours,

*H. Wesley Robinson*

H. Wesley Robinson
Senior Management Consultant
signed in Mr. Robinson's absence to avoid delay

cc:    Roy  Thomas

Roy Thomas
Reg. No. 11340-007
USP- Big Sandy
P. O. Box 2068
Inez, KY 41224


August 8, 2005


Contact Person
National Legal Professional Associates
Margaret A. Robinson Advocacy Center
11331 Grooms Road, Suite 1000
Cincinnati, Ohio 45242


Dear Contact Person:

In a letter of July 13, 2005, which I received on or about July 20, 2005, Attorney Charles A. Murray enclosed a copy of the Motion To Correct Illegal Sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure.

As soon as I received a copy of the above-mentioned, I called your offices and Mr. Murray's Office to inform both of you that I did not want the motion filed in my behalf, and to seek the return of the money that I had sent to both you and Mr. Murray.

In a letter of July 25, 2005, I memorialized the reasons for my decision and I sought to be more than fair in still allowing you to keep two-thousand dollars($2,000.00), and to return to me the balance of the sixty-five hundred dollars($6,500.00), that was paid for your services.

Since that time, I have met with nothing but indifference and a total disregard of my concerns, along with staff attempting to convince me that I should now allow some other motion to be compiled for me.

I believe that I have been more than fair, under the circumstances and I have been treated with disrespect and a general belief that I can be forced to accept some form of services for my money, with no regard for my wishes to not have any further dealings with your agency or Mr. Murray.

National Legal Professional Associates
August 8, 2005
Page Two

During the interim, I have called your offices and Mr. Murray's office several times only to be met with indignation and the attitude that I must accept your services for the money I have paid, rather than the refund that I seek.

In view of all that has happened, I feel that I have no choice but to set a deadline date for the return of my money or legal action will ensue. Therefore, I am providing you a period of Three(3) weeks from the date of your anticipated receipt of this letter, to have the money returned to my prison account at the address provided in the July 25, 2005, letter to you. I expect to have the funds returned to my account on or before August 31, 2005.

I have considered the matters herein and decided that I do not wish your services in any capacity. This is not subject to change, and I have sought to end the business relationship in an admirable manner, however, should you for any reason cause me to litigate this matter, I assure you that it will be litigated to the fullest extent of the law. I would hope that you will return the balance of my funds to my account expediently.

/s/ *Roy Thomas*
ROY THOMAS

SUBSCRIBED AND SWORN TO BEFORE ME THIS 8 day of August, 2005.

mPav , CSW
AUTHORIZED BY THE
1955, AS AMENDED, TO ADMINISTER
OATHS 18 U.S.C. 4004

Sincerely,
*Roy Thomas*
Roy Thomas
Reg. No. 11340-007

Roy Thomas
Reg. No. 11340-007
USP- Big Sandy
P. O. Box 2068
Inez, KY 41224

August 8, 2005

Charles A. Murray, Esquire
Law Offices Charles A. Murray, P.A.
1300 Third Street South
Suite 302B
Naples, FL 34102

Dear Mr. Murray:

Please find enclosed a letter that I mailed to NLPA dated August 8, 2005, in which I again make known my desire that my funds be returned to me immediately. As I have made known to you and your associates, I do not wish for NLPA to do any work for me and I do not wish for you to file anything in my behalf.

Rather than repeat the same things again, I have enclosed a copy of the letter to NLPA. As you know, I have called your office numerous times and written you previously to make certain that there was no doubt that the Rule 35 Motion is unacceptable and I do not wish any research or other services performed by you or NLPA, in my behalf.

Just as with NLPA, I would appreciate you returning to my account, three-thousand dollars($3,000.00), which encompasses the balance from the money sent to you personally. If this is not accomplished on or before August 31, 2005, then I will assume that you have decided not to return my money and I will initiate legal proceedings to obtain the return of my money along with punitive damages and complaints with the Bar Association.

I still seek a smooth settlement of the matter, however, if I am forced to seek legal action, I will pursue it to the fullest extent possible.

Thank you for your timely attention to the matter addressed herein.

Sincerely,

Roy Thomas
Reg. No. 11340-007

Enclosure:

# LAW OFFICES
## CHARLES A. MURRAY, P.A.
1300 THIRD STREET SOUTH, SUITE 302B
NAPLES, FLORIDA 34102

**Licensed to Practice:**

State of Florida
State of Maryland
District of Columbia
U.S.D.C. for the
Middle District of Florida
U.S.D.C. East & West
Districts of Wisconsin

U.S. Courts of Appeal:
First Circuit
Third Circuit
Fourth Circuit
Fifth Circuit
Sixth Circuit
Seventh Circuit
Eighth Circuit
Ninth Circuit
Tenth Circuit
Eleventh Circuit

U.S. Court of Claims

U.S. Supreme Court

Various Military Tribunals

**Memberships:**

National Association of
Criminal Defense Lawyers

Academy of Florida
Trial Lawyers

Association of Trial Lawyers
of America

Association of Federal
Defense Attorneys

**Education:**

B.S. - U.S.M.A. 1962
J.D. - U. Maryland 1971
M.A. - C.M.U. 1978

August 10, 2005

Mr. Roy Thomas
#11340-07
USP Big Sandy
P.O. Box 2067
Inez, KY 30315

Re:     Filing of Motion to Vacate Sentence Under D.C. Code {23-110

Dear Mr. Thomas:

Enclosed for your review and/or filing is the completed motion.

Please review for accuracy and make whatever changes or suggestions you deem appropriate. When you have completed you review, please contact me with any questions, comments, concerns or changes.

As discussed, we are here for you and stand ready to finalize this package for filing with the court.

Should you wish to file the motion as written, please sign where indicated and mail the original and one copy to the Clerk of the Court and one copy to the United States Attorney. Post paid envelopes and cover letters are provided for your mailing

Should you have any questions or concerns, please contact my office to schedule a date and time certain for your call. I look forward to speaking with you.

Sincerely,

Charles A. Murray

CAM:wgp

Telephones (239)649-7773 & (866)-349-7486 / Facsimile (239)262-3517
E-mail: Charles@CAMurrayLaw.com

# NATIONAL LEGAL PROFESSIONAL ASSOCIATES

London, England
Naples, Florida
Mobile, Alabama
Houston, Texas

Margaret A. Robinson Advocacy Center
11331 Grooms Road, Suite 1000
Cincinnati, Ohio 45242
Phone: 513-247-0082 • Fax: 513-247-9580
Website: www.NLPA.com • E-mail: contactus@nlpa.com

*By Lawyers
For Lawyers &
Their Clients*

August 23, 2005

Charles A. Murray
Attorney at Law
1300 Third Street South, Suite 302B
Naples, FL  34102

**Re:    *Roy Thomas – 28 U.S.C. § 2241 petition***

Dear Mr. Murray:

As requested, please find NLPA's draft of the 28 U.S.C. § 2241 petition for your client, Roy Thomas. This is the third motion - without receiving additional funds - that we have completed for you and your client; the first two were motions pursuant to D.C. Superior Court Criminal Rule 35 and D.C. Code § 23-110. The attached 2241 motion NLPA has prepared definitely concludes the extent of research and drafting we can perform in light of our fee schedule. If you, or Mr. Thomas, desire further research and writing, financial arrangements must be made prior to any additional research being prepared regarding Mr. Thomas's case.

In providing this research to you as counsel, we want to make it clear that we understand that you as counsel make all decisions as to how (if at all) this research is to be utilized. Compliance with ethical precepts prevailing in this applicable jurisdiction or jurisdictions concerning the use by you as counsel of our research work product is solely the responsibility of you as counsel in this matter. Therefore, as always, we have included a copy of our work on the enclosed computer disk so that you will be able to utilize our work in any manner you deem appropriate

Please call if you have any questions or comments. We hope that the enclosed research is beneficial. It has been a pleasure working with you and we look forward to working with you again in the future.

Sincerely,

*National Legal Professional Associates*

Enclosures

*Providing Technical Consulting Assistance to the Legal Profession*

Page 2
August 23, 2005


cc:     Roy Thomas
        11340-007
        USP Big Sandy
        P.O. Box 2067
        Inez, KY  30315

        Patricia Jordan
        2711 Boones Lane
        Forestville, MD  20747

# NATIONAL LEGAL PROFESSIONAL ASSOCIATES

London, England
Naples, Florida
Mobile, Alabama
Houston, Texas

Margaret A. Robinson Advocacy Center
11331 Grooms Road, Suite 1000
Cincinnati, Ohio 45242
Phone: 513-247-0082 • Fax: 513-247-9580
Website: www.NLPA.com • E-mail: contactus@nlpa.com

*By Lawyers
For Lawyers &
Their Clients*

August 26, 2005

Roy  Thomas
11340-007
USP Big Sandy
P.O. Box 2067
Inez, KY  30315

Dear Mr. Thomas,

I am writing to follow up on a telephone call we received from Lorenzo last week and a call you placed to our office last week as well. You stated that as far as you are concerned, the "damage is done" and you have lost your faith in your legal team. You allege that you have been given the "run around" and that you do not feel NLPA is responding to your concerns in the research and preparation of your post-conviction motion. You stated that this is your life and you cannot afford to be "playing around".

Roy, we certainly understand your frustrations. You are well aware of our excellent track record that NLPA has developed over the past twenty years in helping defendants. I believe you also know that we are committed to continuing to work with our clients and their lawyers in making revisions and modifications to pleadings our lawyers prepared until everything is ready to be filed in court and meets the satisfaction of the attorney of record and the defendant. We don't dispute how critical this situation is but, I do think you are making an improper decision in directing that no further research be prepared for you and your counsel and that your file be closed out. By doing this you are eliminating a critical part of your defense team. Nonetheless, as you stated, you are the person serving the sentence and you certainly do have the right to make this decision.

Thus far we have prepared three different motions for your counsel, Charles Murray. The first motion was prepared based upon our feelings that it gave you a better chance of getting back into court than a successive 23-110 motion. You then instructed that you wanted the 23-110 motion and not the rule 35 motion. We prepared that motion. You then contacted attorney Murray and told him you wanted a §2241 motion prepared. NLPA then prepared the §2241 motion. We have also written to you advising you that whichever motion you and your lawyer decide to pursue our attorneys are committed to continuing to work with you and your counsel in making modifications and revisions to that motion until your attorney advises us that the motion was ready to be filed in court.

The agreement that we have entered into with you and your financial supporters provides that in a situation like this, NLPA is to determine the time that has been spent on the research and then bill at the rate of $175.00 per hour in order to determine if a

*Providing Technical Consulting Assistance to the Legal Profession*

refund is available. NLPA has now spent an excess of 57 hours not only the research but also on numerous administrative matters relating to your case. Therefore, this means that unfortunately no refund is available to be sent.

I would ask that you rethink this situation as we do want to continue to help you. I would hate to see these funds be wasted. We are happy to continue to work on modifications to any one of the three motions that were prepared at no additional cost. Therefore, I urge you to get in touch with Mr. Murray and make a decision concerning any modifications to the motion that need to be made. NLPA will then make those changes.

Sincerely yours,

*H. Wesley Robinson*

H. Wesley Robinson
Senior Management Consultant
signed in Mr. Robinson's absence to avoid delay

cc:    Lorenzo  Irving

Roy Thomas
Reg. No. 11340-007
USP - Big Sandy
P.O. Box 2068
Inez, KY. 41224

November 20, 2006

Client's Security Fund of Ohio
175 South Third Street
Suite 285
Columbus, OH. 43215-5134

Dear Contact Person:

I am writing to seek your assistance in having returned to me $10,000 that attorneys charged as a fee, and did nothing to earn. In being as understanding as I could, I expressed a willingness to accept as little as $7,500.00. In return, however, these attorneys have refused to return any of my money.

In an effort to provide sufficient data for you to weigh my claim, I am submitting copies of prior communications and other documents. The contract was with National Legal Professional Associates (NLPA) and attorney Charles A. Murray, Esq. It should be noted that Attorney Murray is a co-owner of N.L.P.A.

In this interest, I have enclosed a copy of a May 2, 2005, letter that I sent to Mr. Murray informing Mr. Murray that I desired to file a petition for a writ of habeas corpus pursuant to 28 USC Sec. 2241 (Exhibit A). I have also enclosed a copy of a July 25, 2005, letter to N.L.P.A. wherein I make known my desire that N.L.P.A. not do any work for me, and that my funds be returned. (Exhibit B). N.L.P.A. and Mr. Murray pay no attention to my communications, both written and verbal by telephone, and on August 8, 2005, I write to N.L.P.A. again (Exhibit C), and to Mr. Murray (Exhibit D).

Despite telling my family that they would send the money back to them, to this day they have not returned any of the funds. There is no viable justification for these attorneys to keep the money solely because they retyped everything I sent to them. Additionally, their own contract says that I must be represented by counsel in order to have their services, and I was not represented by counsel. (Copy of "Agreement for Services", as Exhibit E).

In closing, I would greatly appreciate any assistance you may provide in obtaining a refund of my funds from N.L.P.A. and Mr. Murray.

Sincerely,

Roy Thomas /11340-007
Roy Thomas

Attachments:

# NATIONAL LEGAL PROFESSIONAL ASSOCIATES

London, England
Naples, Florida
Mobile, Alabama
Houston, Texas

Margaret A. Robinson Advocacy Center
11331 Grooms Road, Suite 1000
Cincinnati, Ohio 45242
Phone: 513-247-0082 • Fax: 513-247-9580
Website: www.NLPA.com • E-mail: contactus@nlpa.com

*By Lawyers
For Lawyers &
Their Clients*

December 28, 2005

Lorenzo Irving
1365 Longview Dr. #11
Woodbridge, VA 22191

Dear Lorenzo,

I am writing to follow up once again on the numerous conversations you and I have had over the past several months about the Roy Thomas matter. You again called our office this week asking for a refund. As I have told you before, NLPA has prepared more than one set of motions for Roy's counsel, Charles Murray. We have gone far beyond what we were paid to do and a refund is not available. However, under the terms of our agreement, if you do want to arbitrate this matter, you can request that the Better Business Bureau look into this. If they feel we have acted inappropriately in refusing to provide a refund, we will abide by their instructions.

I hope this letter answers your questions.

Sincerely yours,

*H. Wesley Robinson*

H. Wesley Robinson
Senior Management Consultant
signed in Mr. Robinson's absence to avoid delay


cc:   Roy Thomas

**OHIO STATE BAR**
**A S S O C I A T I O N.**
EST 1880

October 3, 2006

Mr. Ismail Abdul Malik
aka Roy Thomas
REg. #11340-007
USP - Big Sandy
PO Box 2068
Inez, KY 41224

Dear Mr. Thomas:

Your letter of September 27, 2006 to the Ohio State Bar Association was received on October 2. Since this Association is not permitted to provide advice, counsel, or representation to members of the public concerning specific legal matters, it is unable to assist you with the requests made in your letter. For legal advice, you need to consult with a lawyer who represents you individually.

If you do not have an attorney and need assistance in finding one, you may be able to obtain a referral from a local bar association-sponsored lawyer referral service or assistance from an Ohio law school clinic, as well as contact information for Ohio Legal Services and the Ohio Innocence Project. We are enclosing lists of both for your use. To see if any of them can assist you, you will need to communicate directly with them.

Sincerely,

Office of General Counsel
OHIO STATE BAR ASSOCIATION

Enclosures: LRS list, list of Ohio law schools, OLS info, OIP info

HEADQUARTERS
1700 Lake Shore Drive
Columbus, Ohio 43204

MAILING ADDRESS
P.O. Box 16562
Columbus, Ohio 43216-6562

PHONE
614-487-2050
800-282-6556

FAX 614-487-1008
WEB www.ohiobar.org

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS

*ROY THOMAS*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

*PRO SE PR*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*# 113400-007*

## DEFENDANTS

*NAT'L LEGAL PROFESSIONAL ASSOC. ETAL*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T

Case: 1:07-cv-00892
Assigned To : Collyer, Rosemary M.
Assign. Date : 5/11/2007
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
    Plaintiff

■ 3 Federal Question
    (U.S. Government Not a Party)

☐ 2 U.S. Government
    Defendant

☐ 4 Diversity
    (Indicate Citizenship of Parties
    in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ●F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
    Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
    Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if not
    administrative agency review or
    Privacy Act

(3)

| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

⊙ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $    Check YES only if demanded in complaint

JURY DEMAND: ☐ YES ■ NO

## VIII. RELATED CASE(S) IF ANY

(See instruction) ☐ YES ☐ NO   If yes, please complete related case form.

DATE **5.11.07**    SIGNATURE OF ATTORNEY OF RECORD    NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

