IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY THOMAS,

      Plaintiff,

v.

NATIONAL LEGAL PROFESSIONAL
    ASSOCIATES, et al.

      Defendants,

Case No. 1:07-cv-00892 (RMC)

**DEFENDANT, CHARLES A. MURRAY'S MOTION TO
SET ASIDE AN ENTRY OF DEFAULT**

Comes now the Defendant, Charles A. Murray, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 55(c), hereby moves this Court to Set Aside the Entry of Default entered on July 23, 2007, based upon good cause. Counsel Murray, representing all three of the Defendants in this case, forwarded the Answers and Motions to Dismiss regarding all of the Defendants to local counsel Gregory English on June 11, 2007. (Murray Affidavit). Murray, who had previously (and is once again) been a member of the District of Columbia Federal Bar, had become aware that his membership had lapsed, causing him to work with local counsel in this matter. (Murray Affidavit). English informed Murray that the Answers and Motions to Dismiss had been filed on June 12, 2007. (Murray Affidavit). A Memorandum in Support is attached hereto and incorporated by reference.

                                              Respectfully submitted,

July 27, 2007                                        /s/ Charles A. Murray
                                          Charles A. Murray, Esq.
                                          Attorney for the Defendants
                                          27499 Riverview Center Blvd. Suite 112
                                          Bonita Springs, Florida 34134
                                          (239) 985-4081 voice
                                          (239) 985-4084 facsimile

**MEMORANDUM OF LAW**

The Defendant, Charles A. Murray, for his Memorandum in Support of his Motion to Set Aside Entry of Default, states as follows:

**I.    INTRODUCTION**

Roy Thomas (hereinafter referred to as "Plaintiff"), filed a lawsuit on May 11, 2007, in the United States District Court for the District of Columbia. In his Complaint, Plaintiff states that his federal rights were violated under 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961, as well as the Fifth and Sixth Amendments to the United States Constitution. Later, the Plaintiff states, under the heading "Statement of Claim" that his complaint alleges the fraudulent and unconstitutional taking of funds from the Plaintiff by the Defendants. Throughout his complaint, the Plaintiff alludes to allegations of contractual breaches, concluding that he was damaged by "the Defendants' breach of contractual agreements."

On July 20, 2007, the Plaintiff filed an affidavit for default. Entry of default was entered against the Defendants on July 23, 2007.

**II.    LAW AND ARGUMENT**

    **A.    The Defendant Submits That Good Cause Exists to Permit this Court to Set Aside the Entry of Default Pursuant to Federal Rule of Civil Procedure 55(c).**

As an initial matter, the Defendant notes that in determining whether a motion for relief from entry of default under Rule 55(c) has been timely filed, courts have looked favorably upon fact that defense counsel acted immediately to cure default. Savin Corp. v C.M.C. Corp., 98 F.R.D. 509 (N.D. Oh. 1983). Motions to vacate, filed within six months of default judgment, were made within a reasonable time, particularly when no

intervening rights appeared to have been adversely affected by passage of time. <u>Bridoux v Eastern Air Lines, Inc.</u>, 214 F.2d 207 (D.C. Cir. 1954).

Under Rule 55(c) of the Federal Rules of Civil Procedure, the court may set aside an entry of default upon good cause. Fed.R.Civ.P. 55(c). The Defendant notes that resolution on the merits of a case is preferable to judgment by default, so that courts should liberally allow relief under Rule 55(c). <u>Pulliam v Pulliam</u>, 478 F.2d 935 (D.C. Cir. 1973). Courts look upon default judgments with disfavor, and motions to set aside default judgments are considered liberally. <u>Schartner v Copeland</u>, 487 F.2d 1395 (M.D. Pa. 1973). Where default has been entered, but default judgment not yet granted, an even more liberal standard is applied to a motion to set aside entry of default. <u>Id.</u>

Default judgments were not designed as a means of disciplining the bar at the expense of the litigants' day in court. As this court pointed out in <u>Barber v. Turberville</u>, 218 F.2d 34, 36 (D.C. Cir. 1954), on a motion to set aside a default or default judgment, "courts have been reluctant to attribute to the parties the errors of their legal representatives." In <u>Barber</u>, the court considered the lawyer negligent in failing to file an answer in one case because settlement negotiations were taking place in another case. <u>Id.</u> The court held that the default judgment should, nevertheless, be set aside because the defendant was not personally negligent. <u>Id.</u>

Before removing a default judgment, a court, in its broad, sound discretion, must consider whether the defendant alleges a meritorious defense, whether the plaintiff is substantially prejudiced thereby, and whether the defendant's failure to respond constitutes excusable neglect. <u>General Tire & Rubber Co. v Olympic Gardens, Inc.</u>, 85 F.R.D. 66 (E.D. Pa. 1979). Since this case does not present the problem that default

judgments were designed to handle, those regarding a totally unresponsive party, the district court must consider three criteria in deciding whether to set aside the default: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir.1980). Willfulness does not simply mean negligence on the part of a party or counsel, but requires an act of gross negligence. Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). In Tolson, the court found that the default was not willful, as the party did not file in the allotted time due to the complexity of having to communicate with his insurance company and have counsel retained for him by said insurance company. Id.

      The Defendant submits that this motion has been filed mere days since the default was entered. The Defendant is not aware of any prejudice against the intervening rights against the Plaintiff. As such, the Defendant submits that this motion has been timely filed and should proceed to a decision upon the merits.

      The Defendant next submits that good cause exists in this matter permitting for the setting aside of the entry of default. First, the default was not willful. Counsel Murray, representing all three of the Defendants in this case, forwarded the Answers and Motions to Dismiss regarding all of the Defendants to local counsel Greg English on June 11, 2007. (Murray Affidavit). Murray, who had previously (and is once again) been a member of the District of Columbia Federal Bar, had become aware that his membership had lapsed, causing him to work with local counsel in this matter. (Murray Affidavit). English informed Murray that the Answers and Motions to Dismiss had been filed on June 12, 2007. (Murray Affidavit). Clearly, the failure to file was not an act of gross

negligence on the part of Murray, nor was the default willful.  Much like in Tolson, the default occurred simply due to mis-communication between several involved parties.  Second, a set-aside would not prejudice the Plaintiff, as the set aside is being requested mere days following the entry of default.  This short time lapse does not prevent the Plaintiff from pursuing any of his arguments or gathering evidence in support thereof.  Third, the Defendant possesses meritorious defenses to the claims, as is contained in the simultaneously filed Motion to Dismiss the Complaint.  Therein, the Defendant argues that the Plaintiff failed to state a claim upon which relief can be granted, and that this Court lacks subject matter jurisdiction over the claims asserted in the Plaintiff's complaint.  The Defendant further submits that he has not been personally negligent in this matter, meaning that the Defendant should not be penalized

### III.   CONCLUSION

For the foregoing reasons, the Defendant, Charles A. Murray, respectfully requests this Court grant his Motion to Set Aside the Entry of Default and allow this matter to proceed to a decision upon the merits of the case.

Respectfully submitted,

July 27, 2007

Charles A. Murray, Esq.
Attorney for the Defendants
27499 Riverview Center Blvd., Suite 112
Bonita Springs, Florida 34134
(239) 985-4081 voice
(239) 985-4084 facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Motion and Memorandum of Law appended hereto has been sent this 27th day of July, 2007, by regular United States Mail with sufficient postage affixed thereto to insure delivery thereof to the Plaintiff, Roy Thomas, 11340-007, P.O. Box 2068, United States Penitentiary, Inez, KY 41224.

                                                                                   _____
                                                                                   Charles A. Murray, Esq.
                                                                                   Attorney for Defendants

## AFFIDAVIT OF CHARLES A. MURRAY, ESQ.

The Affiant, being first duly sworn, says:

1. He affirms and confirms all of the facts contained in the attached motion and memorandum of law attributed to him, as if fully reiterated herein;

2. The facts stated in the motion attributed to the Affiant, including those not reflected in the Record, are true to the best of his information and belief.

3. Specifically, the Affiant swears and affirms as to the following matters not reflected in the record:

   A. I represent all three of the Defendants in this case, Charles Murray, H. Wesley Robinson, and National Legal Professional Associates. However, due to a lapse in my bar membership for the District of Columbia Federal bar, I was assisted in this matter by local counsel, Greg English, Esq.

   B. I forwarded the Answers, Affirmative Defenses, supporting exhibits, and Motions to Dismiss regarding all of the Defendants in response to Roy Thomas' complaint, Motion for admission Pro Hac vice and Application for Admission to local counsel Gregory English for electronic filing and hard copy filing with the court on June 11, 2007.

   C. In a telephone call, English informed my office that "everything" had been filed on June 12, 2007. It was only upon receiving the Entry of Default on July 26, 2007, that I became aware that the aforementioned documents were not filed.

   D. In checking with English's office on July 27, 2007 I learned that "everything" referred to the Application for Admission, pro hac and filing fee. I was admitted to this court on July 2, 2007. See Exhibit attached.

   E. For some unknown clerical and/or computer error the attached the Answers, Affirmative Defenses, supporting exhibits, and Motions to Dismiss regarding all of the Defendants in response to Roy Thomas' complaint were not filed as directed.

   F. The unknown clerical and/or computer error which resulted in the failure of the responsive pleadings to be filed constitute excusable neglect or mistake which constitute good cause to set aside the default.

    G.    All defendants have a meritorious defense.

    H.    The plaintiff would not be prejudiced by the granting of an order setting aside the default.

    I.    The ends of justice and the defendants due process rights would be protected by the granting of an order setting aside the default allowing the case to proceed and be decided on the merits.

    4.    Further Affiant sayeth naught.

*[signature]*
Charles A. Murray, Esq.
Affiant

On this 27th day of July, 2007, the above-signed appeared before me, a notary public in and for the State of Florida, and executed the foregoing instrument.

Notary Public    *Arcelia G. Trevino*

My commission expires:    *March 18, 2011*

NOTARY PUBLIC - STATE OF FLORIDA
Arcelia G. Trevino
Commission #DD652156
Expires: MAR. 18, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY THOMAS,

            Case No. 1:07-cv-00892 (RMC)

    Plaintiff,

v.

NATIONAL LEGAL PROFESSIONAL
    ASSOCIATES, et al.

    Defendants,
_____/

ORDER SETTING ASIDE DEFAULT

THIS CAUSE having come on to be heard upon the Defendant, Charles A. Murray's Motion to Set Aside Default entered on July 23, 2007, based upon good cause shown, it is hereby

ORDERED AND ADJUDGED:

That default entered on July 23, 2007 is hereby set aside and the case shall proceed upon the merits.

DONE AND ORDERED in Chambers this ____ day of _____, 2007.

                                      _____
                                      United States District Court Judge

cc:    Roy Thomas
       Charles A. Murray, Esquire