IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY THOMAS,

    Plaintiff,

Case No. 1:07-cv-00892

NATIONAL LEGAL PROFESSIONAL
ASSOCIATES, et. al.

    Defendants.

**DEFENDANTS, NATIONAL LEGAL PROFESSIONAL ASSOCIATES,
H. WESLEY ROBINSON, AND CHARLES A. MURRAY'S
ANSWER TO PLAINTIFF ROY THOMAS' COMPLAINT**

Come now the defendants, National Legal Professional Associates, H. Wesley Robinson, and Charles A. Murray (hereinafter referred to as Defendants), for their answer to the complaint of Plaintiff filed herein, state as follows:

**STATEMENT OF CLAIM**

1. Defendants deny the allegations contained in the opening paragraph of that portion of the Plaintiff's complaint contained on Additional Sheet Page One, as they deny that the defendants engaged in the "fraudulent and unconstitutional taking of funds from the plaintiff."

**JURISDICTION**

2. With regards to the opening, unnumbered paragraph of this portion of the Plaintiff's Complaint, contained on Additional Sheet Page One:

- Defendants deny that this court has subject matter jurisdiction under 28 U.S.C. § 1331, as the Plaintiff's claims do not involve any issue under the

       United States Constitution, or the laws or treaties of the United States. Rather, the Plaintiff's claims are entirely based upon breach of contract claims and claims of fraud, which do not involve any federal question.

- Defendants deny that this court has subject matter jurisdiction under 28 U.S.C. § 1332, as the amount in controversy requirement is not satisfied. The Plaintiff's claim for a total of $100,000.00 is not made in good faith due to the disproportionate amount of punitive damages ($90,000.00) in relation to the amount of compensatory damages sought ($10,000.00).

- Defendants deny that this court has subject matter jurisdiction under 42 U.S.C. §§ 1985(3) or 1986, as the Plaintiff has failed to state a claim under that section for which relief may be granted

- Defendants deny that this court has subject matter jurisdiction under 18 U.S.C. §§ 1346, 1503, 1512, or 1961, since the Plaintiff has failed to state a claim under those sections for which relief may be granted, as each of those statutory sections set out criminal offenses, which are not the proper subject matter for a civil action.

- Defendants deny that this court has subject matter jurisdiction under D.C. Code § 12-301, as that section merely sets forth time limitations for bringing various actions.

3. Defendants admit the allegations contained in numerical paragraph 1(a) of this portion of the Plaintiff's Complaint.

4. Defendants deny the allegations contained in numerical paragraph 1(b) of this portion of the Plaintiff's Complaint.

5. Defendants deny the allegations contained in numerical paragraph 1(c) of the Plaintiff's Complaint, as Defendant Robinson resides in the State of Florida.

6. Defendants admit the allegations contained in numerical paragraph 1(d) of this portion of the Plaintiff's Complaint.

7. Defendants deny the allegations contained in numerical paragraph 2 of the Plaintiff's Complaint, as the amount in controversy requirement is not satisfied. The Plaintiff's claim for a total of $100,000.00 is not made in good faith due to the disproportionate amount of punitive damages ($90,000.00) in relation to the amount of compensatory damages sought ($10,000.00).

8. Defendants deny the allegations contained in numerical paragraph 3 of this portion of the Plaintiff's Complaint.

## CLAIM FOR RELIEF

9. With regard to the first, unnumbered, paragraph of this portion of the Plaintiff's Complaint, contained on Additional Sheet Page One, Defendants admit that the Plaintiff sent $10,000.00. Defendants neither admit nor deny the remaining allegations contained in that paragraph, but admit that the letter, attached as Exhibit A to the Plaintiff's Complaint, speaks for itself.

10. With regard to the second, unnumbered, paragraph of this portion of the Plaintiff's Complaint, contained on Additional Sheet Page One, Defendants state that Exhibit B to the Plaintiff's Complaint speaks for itself, but deny that this exhibit in any way serves as an example of a conspiracy, as no such conspiracy existed.

11. With regard to the third, unnumbered, paragraph of this portion of the Plaintiff's Complaint, contained on Additional Sheet Page Two, Defendants state that Exhibits C, D and E speak for themselves. Defendants deny, for want of knowledge, the allegations regarding the dates that these letters were drafted or placed in the mail.

12. With regard to numbered paragraphs 1 through 7 of this portion of the Plaintiff's Complaint, contained on Additional Sheet Page Two, Defendants admit that these reasons were given by the Plaintiff as reasons he felt he was entitled to a refund.

13. With regard to numbered paragraph 8 of this portion of the Plaintiff's Complaint, contained on Additional Sheet Pages Two and Three, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants deny the substantive allegations contained in this paragraph.

14. With regard to numbered paragraph 9 of this portion of the Plaintiff's Complaint, contained on Additional Sheet Page Three, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants deny that there was any attempt to deceive the Plaintiff, that there was no conspiracy to not accept any telephone calls, and that no motion was hastily prepared. Defendants admit that the second motion was drafted to be filed as a motion for new trial, but deny the allegation that the motion was simply retyped from materials sent by the Plaintiff, and deny, for want of knowledge, what the result would have been had the motion been filed. Defendants admit that additional work was done for the Plaintiff without

seeking additional funds from the Plaintiff, but deny that this action evidenced a conspiracy against the Plaintiff. Defendants state that Exhibit F and G speak for themselves, but deny that these documents evidence a conspiracy.

15. With regard to numbered paragraph 10 of this portion of the Plaintiff's Complaint, contained on Additional Sheet Page Three, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants admit that letters, Exhibits H and I of the Plaintiff's Complaint, were sent by the Plaintiff dated August 8, 2005, in which the Plaintiff indicated that he no longer desired the services of NLPA or Charles Murray, but deny, for want of knowledge the dates on which the Plaintiff actually sent the letters.

16. With regard to numbered paragraph 11 of this portion of the Plaintiff's Complaint, contained on Additional Sheet page Three, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants admit that Exhibit J represents a letter dated August 10, 2005, to the Plaintiff from Charles Murray.

17. With regard to numbered paragraph 12 of this portion of the Plaintiff's Complaint, contained on Additional Sheet page Four, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants deny that there existed any conspiracy or attempt to solidify such a conspiracy. Defendants admit that a third motion was prepared, pursuant to 28 U.S.C. § 2241, but deny that the preparation of the motion was done in furtherance of a conspiracy. Defendants

admit that the motion was prepared without requesting additional funds from the Plaintiff, but deny that this action constitutes an admission of guilt. Defendants deny that the prepared motion was merely a retyping of information mailed by the Plaintiff. Defendants deny that the refusal to send the Plaintiff $10,000.00 was a violation of the Plaintiff's rights. Defendants also deny that the contractual agreement was violated, that there was a failure to conduct research, or that there was a failure to produce a viable motion.

18. With regard to numbered paragraph 13 of this portion of the Plaintiff's Complaint, contained on Additional Sheet page Four, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants admit that H. Wesley Robinson wrote a letter, Exhibit M. Defendants deny that he attempted to persuade the Plaintiff "to accept for modification the very same motions the Plaintiff had previously made clear were not acceptable for filing." Defendants admit that he urged the Plaintiff to discuss potential modifications with Charles Murray. Defendants deny that he contradicted himself in the letter. Defendant Robinson deny that Mr. Robinson was stating that the Plaintiff was getting nothing for the money paid.

19. With regard to numbered paragraph 14 of this portion of the Plaintiff's Complaint, contained on Additional Sheet page Five, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants admit that Exhibit L is a letter dated November 20, 2006, from the Plaintiff to The Client's Security Fund

of Ohio, but deny, for want of knowledge, that the letter was mailed on that date. Defendants also deny, for want of knowledge, the allegations pertaining to recommendations made by the Client's Security Fund of Ohio to the Plaintiff or any actions taken by the Plaintiff regarding contacting the Ohio Bar Association. Defendants admit that the NLPA contract calls for disputes to be arbitrated by the Better Business Bureau. Defendants deny that the Plaintiff did not sign the contract, himself. Defendants deny that the issues raised by the Plaintiff are outside the capacity of a Better Business Bureau in Ohio, or that the Better Business Bureau could not appreciate these issues.

20. With regard to numbered paragraph 15 of this portion of the Plaintiff's Complaint, contained on Additional Sheet Page Five, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants admit that a letter, dated December 28, 2005, was sent to the Plaintiff, but deny that that letter offers any refund to the Plaintiff.

21. With regard to numbered paragraph 16 of this portion of the Plaintiff's Complaint, contained on Additional Sheet Page Five, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants admit that the payment requirements of the agreements were performed.

22. With regard to numbered paragraph 17 of this portion of the Plaintiff's Complaint, contained on Additional Sheet Page Five, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in

Exhibits D or E of the Plaintiff's Complaint. Defendants deny that the defendants have breached the agreement, and that they have not failed to research the issues concerning the Plaintiff's criminal convictions.

23. With regard to numbered paragraph 18 of this portion of the Plaintiff's Complaint, contained on Additional Sheet page Five, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants deny that they have failed to fulfill their obligations to the Plaintiff.

24. With regard to numbered paragraph 19 of this portion of the Plaintiff's Complaint, contained on Additional Sheet page Five, Defendants deny that the contents of this paragraph were listed by the Plaintiff as a reason for a refund in Exhibits D or E of the Plaintiff's Complaint. Defendants deny that defendants have breached any contract and further deny that the Plaintiff has been damaged in any amount.

### FIRST AFFIRMATIVE DEFENSES

25. The Defendants denys each and every allegation in plaintiff's complaint save such as are herein specifically admitted to be true.

### SECOND AFFIRMATIVE DEFENSE

26. The Defendants state that the Plaintiff's complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

27. The Defendants state that all or parts of plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

28. The Defendants assert that Plaintiff's breach of contract claims are barred due to a lack of privity of contract between Plaintiff and Defendant H. Wesley Robinson.

### FIFTH AFFIRMATIVE DEFENSE

29. The Defendants assert that Plaintiff cannot recover punitive damages, since this is a breach of contract cause of action, for which punitive damages are not recoverable.

### SIXTH AFFIRMATIVE DEFENSE

30. The Defendants allege that, even if they entered into a contract with Plaintiff, and even if Defendants breached that contract, all of which they specifically deny, Plaintiff's recoverable damages would be limited to the contract amount.

### SEVENTH AFFIRMATIVE DEFENSE

31. The Defendant assert that this Court lacks subject matter jurisdiction in this matter, as Plaintiff's claims are subjected to a valid arbitration agreement, and since the Plaintiff has not set forth a good faith claim that the amount in controversy meets the threshold requirement for jurisdiction based on diversity of citizenship.

### EIGHTH AFFIRMATIVE DEFENSE

32. The Defendants assert that Plaintiff's damages, all allegations of which are specifically denied, were caused by other persons, firms, or entities over which the Defendants had no ownership, responsibility, or control.

**NINTH AFFIRMATIVE DEFENSE**

33.  The Defendants give notice that they intends to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross claims and third party claims which become available or apparent during the course of these proceedings.

WHEREFORE, having fully answered, defendants, National Legal Professional Associates, H. Wesley Robinson, and Charles A Murray pray that the Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants, together with costs of suit.

July 27, 2007                                          Respectfully submitted,

_____
Charles A. Murray, Esq.
Charles A. Murray, P.A.
27499 Riverview Center Blvd., Suite 113
Bonita Springs, Florida 34134-4313
239-649-7773 voice
239-262-33517 fax

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Answer has been sent this 27th day of July, 2007, by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to the Plaintiff, Roy Thomas, 11340-007, P.O. Box 2068, United States Penitentiary, Inez, KY 41224.

                                            Charles A. Murray, Esq.
                                            Charles A. Murray, P.A.
                                            27499 Riverview Center Blvd., Suite 113
                                            Bonita Springs, Florida 34134-4313
                                            239-649-7773 voice
                                            239-262-33517 fax

# AGREEMENT FOR SERVICES

THIS AGREEMENT is a legally binding agreement between the undersigned parties, the first party being referred to herein as "You" and the second party being *NATIONAL LEGAL PROFESSIONAL ASSOCIATES*, referred to herein as "NLPA." This agreement outlines our respective responsibilities.

WE ARE entering into this agreement because You wish to use NLPA's services as consultant to Your licensed legal counsel in connection with the pursuit of legal remedies on Your behalf, more specifically reflected on Exhibit "A"; and for the cost set forth on Exhibit "B."

As part of this Agreement, both NLPA and You agree as follows:

1) You will pay the research fee and expenses set forth on Exhibit "B". You understand that unless otherwise agreed, none of NLPA's work product will be completed and released to Your counsel until this sum is paid in full. In the event this research fee is not paid in full, completed research will only be released by NLPA to counsel based upon the amount of research sum paid by You. In consideration of this fee, NLPA agrees to provide consulting assistance in Your case as set forth in Exhibit "A".

2) **ALL MONIES PAID TO NLPA SHOULD BE PAID BY CERTIFIED CHECK OR MONEY ORDER. IF SUMS ARE PAID VIA A PERSONAL CHECK, RESEARCH WILL NOT BEGIN UNTIL FOURTEEN (14) DAYS AFTER RECEIPT OF THE CHECK, UNLESS SUFFICIENT FUNDS CAN BE CONFIRMED THROUGH THE TELECHECK® PROCESS. IF SUMS ARE PAID BY MONEY ORDER OR CERTIFIED CHECK RESEARCH WILL BEGIN IMMEDIATELY UPON RECEIPT. IF SUMS ARE PAID BY PERSONAL CHECK VERIFIED THROUGH THE TELECHECK® PROCESS, RESEARCH WILL BEGIN AS SOON AS VERIFICATION OCCURS.** Please remember that NLPA does accept wire transfers as well as payments by all major credit cards.

3) You agree:

   a) That You have asked NLPA to assist in the providing of the research and consulting services described above.

   b) That You understand that NLPA is not, and does not represent itself to be, a law firm but rather is a research and writing consultant supplementing Your defense team. You further understand that <u>NLPA's research services will only be provided as consultant to Your licensed legal counsel.</u> You recognize that NLPA does not provide nor offer legal advice or research services to the General Public.

   c) Research on Your case will begin immediately when this Agreement for Services is signed or accepted, and payment has occurred. Please note that payment of funds to NLPA pursuant to this agreement will be deemed to be acceptance of the terms and conditions of this agreement.

   d) That You understand that in order for NLPA to assist Your counsel in preparing research and consulting with Your counsel as contemplated by this Agreement, it is essential that Your attorney agree to NLPA's assistance. In the event that Your attorney refuses to have NLPA assist once NLPA is retained, You will have several options. (1) You can request that NLPA continue to assist you, but not in the capacity of any legal research or legal work product. Rather, for a reduced fee, NLPA will stay current on all case developments and deadlines in the case, keep you informed of such things, and obtain copies of all filings for You such as Motions, Court Orders as well as the Docket Sheet for the case. (2) NLPA will return to You any funds received from You less time and expenses spent by NLPA as set forth in this Agreement. Or (3) You can seek new counsel who will work with NLPA on Your defense team.

   e) That You understand that the total cost for the requested services is the fee on Exhibit B. In the event that NLPA is requested to perform only a portion of these services, NLPA's professional time, administrative time, and research services will be billed against this fee at the rate of $175.00 (One Hundred Seventy-Five Dollars) per hour. Further, You agree and recognize that all conditions of NLPA's services have been identified and outlined.

   f) That You will be required to have pleadings submitted to the appropriate court by licensed legal counsel and that no representations concerning NLPA's services, other than those outlined herein, have been made to You.

   g) That You will make available to NLPA whatever documentation and transcripts are necessary. You will provide payment to whatever source is necessary to secure the materials. It will not be NLPA's financial responsibility to secure documentation.

   h) In conjunction with the research services to be provided according to this Agreement, You agree to pay to NLPA the sum set forth on Exhibit B on the terms and conditions set forth above.

   i) You agree to pay, upon the execution of this Agreement, an expense deposit in the amount of $250.00 in addition to the research fee set forth above. This expense deposit will be applied against any and all costs and expenses related to the case including but not limited to photocopies, postage, long distance expense, and such other expenses as NLPA may deem necessary and proper. Expense costs do not include NLPA's professional time, administrative time, or research services. NLPA agrees that no additional expense costs beyond the $250.00 deposit will be incurred by

j) That You understand NLPA will only agree to accept one collect telephone call per week from You. You also agree and understand that whenever possible, You need to send to NLPA written correspondence about issues in Your case to ensure that our research staff will be aware of Your thoughts concerning issues to be raised. Written correspondence is much more successful in communicating Your concerns than a brief telephone conversation.

k) You understand that the fee quoted in Exhibit "B" is based on the condition that transcripts for Your trial do not exceed three (3) days of testimony. You understand that once NLPA has been retained and receives the transcripts for the case, and if the transcripts exceed three (3) days and no adjustment has been made in the research Sum, NLPA reserves the right to either increase the Sum by $250.00 per day of additional testimony or, in the alternative, if You are unable to pay additional Sums as set forth herein, that NLPA shall not complete all research normally contemplated but will prepare as much research as the funds to NLPA shall permit. You will provide payment to whatever source is necessary to secure the materials. It will not be NLPA's financial responsibility to secure documentation.

l) That You understand that NLPA is owned by Charles Murray, Esq., Robert Ratliff, Esq., and Matthew M. Robinson, Esq. Although Messrs. Murray, Ratliff, and Robinson may be available to provide legal representation to You should You so desire to retain them for that purpose, that You have the right to retain counsel of Your own choice and there is no requirement that You utilize Messrs. Murray, Ratliff, or Robinson as Your counsel. You are encouraged to seek legal counsel of Your own choice.

m) That You understand that the research and consulting assistance referenced in this Agreement is based upon the preliminary information provided by You to NLPA and the assistance that You have indicated to NLPA You want NLPA to provide to Your attorney. You further understand that once all relevant information and documentation concerning Your situation has been provided to and reviewed by NLPA, NLPA may recommend to You and Your attorney any modification of the nature of the research and consulting assistance requested to be appropriate and most consistent with the needs and instructions of Your attorney. Should this occur, You and Your attorney will be advised immediately by NLPA and, at that time, You and Your attorney will have the option of instructing NLPA to proceed with the modified research assistance or instructing NLPA to terminate its research assistance pursuant to the provisions of paragraph (7) hereof.

o) If NLPA is being retained to prepare a case evaluation, once the evaluation is completed and you review the recommendations made therein, should you desire to have NLPA assist counsel with the implementation of the recommendations made in the evaluation, NLPA will charge an additional fee for that service. However, the cost for the new service will be reduced by the amount paid for the evaluation. You further understand that should you want to implement recommendations made in evaluation it will be necessary for you to arrange for counsel to represent you in court for purposes of the recommendation. You also understand this will involve an additional fee that would need to be paid by you directly to that attorney.

4) Both parties to this Agreement recognize that NLPA provides technical legal assistance to Your licensed legal counsel. Upon being retained for the service outlined in Exhibit "A," NLPA agrees to research and prepare all outlined aspects of Your defense to the best of its ability and to pursue all legal arguments requested by Your legal counsel. It does not guarantee the successful outcome of each and every case in which it becomes involved.

5) You specifically represent that You understand that unless otherwise agreed upon, completed research will only be prepared and released to Your attorney based upon the amount of funds paid by You. If you are participating in a payment plan either through the NLPA in house plan or arrangement made through the 6th Amendment Foundation, you understand that if payments become sixty (60) days delinquent, all research on the case being prepared by NLPA will be discontinued until such time as payments are brought current. Should You be unable to pay the entire Sum prior to the due date of any given pleading, NLPA will conduct as much research as is proportionately possible based upon the percentage of the total Sum paid by You as of that date, and will then forward the completed research to Your counsel. Further, although You will be advised by NLPA when research is provided to Your attorney, unless otherwise authorized by the attorney, completed research will be sent only to counsel.

6) You also understand that, for NLPA to fully perform its responsibilities in the research and preparation of the necessary pleadings for Your case, it is Your responsibility to ensure that Your legal counsel provides full cooperation and documentation to NLPA. You specifically represent that You understand that,

utilized by counsel or the method of counsel's representation.

7) Either party may terminate this Agreement by tendering a written notice to the other party. In the event of termination by You, NLPA shall be entitled to payment for all work performed from the date that NLPA receives its initial payment for services through the termination at the rate of $175.00 per hour as well as reimbursement of all expenses as set forth above. Further, You agree that in the event You terminate NLPA's research assistance prior to the completion of the research contracted for herein, a case administration charge in the amount of $500.00 will be deducted from any payment made to NLPA by You.

In the event that the You want to pay this fee via Credit/Debit Card, by signing this Agreement for Services, You agree to have the following amount withdrawn from your account: Amount: _____; Date: _____
Card Number: _____
Expiration Date: _____

8) In the event that you pay by personal check and your check is returned unpaid for insufficient or uncollected funds, we may present your check electronically. In the ordinary course of business, your check will not be provided to you with your bank statement but a copy can be retrieved by other means. Additionally, we may access a returned check fee against your account.

9) In the event that the research prepared by NLPA is successful in assisting You in receiving relief in Your case, You authorize NLPA to include this and related information concerning the success of Your case in its monthly newsletter sent to members of the legal profession.

10) You understand that there may be filing deadlines involved in the research that needs to be prepared by NLPA. Accordingly, You agree to ensure that payment is made in full to NLPA prior to any filing deadline which may apply in Your case.

11) You understand that research will not be provided to Your attorney unless and until this Agreement is appropriately executed or accepted, until a client authorization form is signed by You designating your counsel to NLPA, and until Your counsel agrees to accept and review the research.

12) You expressly represent that the funds being utilized to retain NLPA to assist counsel have been generated from legal sources and are not subject to any pending forfeiture actions. Further, if a defendant is indigent and has appointed counsel, You represent that such funds being paid to NLPA are not the defendant's funds but are from friends or family members.

13) Pursuant to the Telephone Consumer Protection Act of 1991, you specifically consent to the receipt of any documents, letters, or notices by fax. This consent shall include you and all agents or attorneys acting on your behalf.

AGREEMENT TO ARBITRATE. You and NLPA agree to submit any dispute arising under this agreement, with the exception of disputes alleging criminal or statutory violations, to binding arbitration in accordance with the Better Business Bureau ("BBB") Rules of Binding Arbitration for disputes subject to Pre-Dispute Binding Arbitration Clauses. A volunteer BBB arbitrator will render a decision that the arbitrator considers to be fair; in doing so, the arbitrator is not required to apply legal principles. The arbitrator's decision will be final and binding on both you and NLPA, and judgment on the decision may be entered in any court having jurisdiction. NLPA will be responsible for the administrative fees for the arbitration. Further information about BBB arbitration may be obtained by calling the BBB of Cincinnati at 1-513-421-3015. This agreement to arbitrate affects important legal rights. Neither of us will be able to go to court for disputes that must be arbitrated. NEITHER OF US WILL BE COMMITTED BY THE TERMS OF THIS AGREEMENT TO ARBITRATE UNLESS YOU SIGN BELOW, IN WHICH EVENT WE WILL BOTH BE COMMITTED.

Accepted:

This _____ 8 _____ day of _____ July _____, 2005
_____ Patricia Jordan _____
Patricia Jordan on behalf of Roy Thomas

This agreement shall be governed by the laws of the State of Ohio. This agreement constitutes the entire agreement between the parties, and supersedes all previous agreements, oral or written, between the parties hereto.

Signed this _____ 8 _____ day of _____ July _____, 2005
Customer:
_____ Patricia Jordan _____
Patricia Jordan on behalf of Roy Thomas

By: *National Legal Professional Associates*
NATIONAL LEGAL PROFESSIONAL ASSOCIATES

EXHIBIT "A"

POST-CONVICTION ASSISTANCE

EXHIBIT "B"

TOTAL FEE = $1,400.00

AO 458 (Rev. 11/04 DC)-Appearance

# United States District Court
# For the District of Columbia

ROY THOMAS

        Plaintiff(s)        )
                           )     **APPEARANCE**
                           )
            vs.          )     CASE NUMBER   1:07-CV-0892
NATIONAL LEGAL PROFESSIONAL  )
ASSOCIATES, ET AL              )
        Defendant(s)   )

To the Clerk of this court and all parties of record:

Please enter the appearance of __Charles A. Murray__ as counsel in this
                                  (Attorney's Name)

case for: __National Legal Professional Associates, H. Wesley Robinson, Charles A. Murray__
                              (Name of party or parties)

July 27, 2007                                 _/s/ Charles A. Murray_
Date                                          Signature

                                          Charles a. Murray
59089                                            Print Name
BAR IDENTIFICATION
                                          27499 Riverview Center Blvd, #113
                                          Address

                                          Bonita Springs  Florida  34134-4313
                                          City           State       Zip Code

                                          239-649-7773
                                          Phone Number