IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY THOMAS,

       Plaintiff

v.

NATIONAL LEGAL PROFESSIONAL
ASSOCIATES, ET AL.

       Defendants

Case No. 1:07-cv-00892

---

### DEFENDANT, H. WESLEY ROBINSON'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

---

Comes now the Defendant, H. Wesley Robinson, by and through counsel, and pursuant to FRCP 12(b), hereby moves this Court to dismiss Plaintiff's complaint, with prejudice, for failing to state a claim upon which relief can be granted and due to this Court lacking subject matter jurisdiction. A Memorandum in Support is attached hereto and incorporated by reference.

July 27, 2007

                                    Respectfully submitted,

                                    _____
                                    Charles A. Murray, Esq.
                                    Charles A. Murray, P.A.
                                    27499 Riverview Center Blvd., Suite 113
                                    Bonita Springs, Florida 34134-4313
                                    239-649-7773 voice
                                    239-262-33517 fax

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ROY THOMAS,**

    **Plaintiff**

**v.**

**NATIONAL LEGAL PROFESSIONAL ASSOCIATES, ET AL.**

    **Defendants**

Case No. 1:07-cv-00892

---

MEMORANDUM IN SUPPORT OF DEFENDANT, H. WESLEY ROBINSON'S
MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

---

The Defendant, H. Wesley Robinson, by and through counsel, for his Memorandum in Support of his Motion to Dismiss, states as follows:

**I.      INTRODUCTION**

Roy Thomas (hereinafter referred to as "Plaintiff"), filed a lawsuit on May 11, 2007, in the United States District Court for the District of Columbia. In his Complaint, Plaintiff states that his federal rights were violated under 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961, as well as the Fifth and Sixth Amendments to the United States Constitution. Later, Plaintiff states, under the heading "Statement of Claim" that his complaint alleges the fraudulent and unconstitutional taking of funds from the Plaintiff by the Defendants. Throughout his complaint, the Plaintiff alludes to allegations of contractual breaches, concluding that he was damaged by "the Defendants' breach of contractual agreements."

Defendant, H. Wesley Robinson, now seeks an Order from this Court dismissing Plaintiff's complaint, as Plaintiff has failed to state a claim upon which relief can be

granted, and this Court lacks subject matter jurisdiction over the claims asserted in Plaintiff's complaint.

## II.    FACTUAL BACKGROUND

This case arises out of a contract between Plaintiff, through family members, and the Defendant, National Legal Professional Associates (hereinafter referred to as "Defendant NLPA"). This is apparent from Plaintiff's Complaint. As noted in his Complaint, payments were made to Defendant NLPA and to Defendant Charles Murray (hereinafter referred to as Defendant Murray), in amounts totaling $10,000.00. The Plaintiff has not alleged that any such payments were made to Defendant H. Wesley Robinson (hereinafter referred to as Defendant Robinson). The services for which these monies were paid included an evaluation of the Plaintiff's procedural options concerning post-conviction relief as well as post-conviction research prepared by Defendant NLPA in accordance with Defendant Murray's request.

The parties to the contracts at issue were Roy Thomas (the Plaintiff) and National Legal Professional Associates. The Plaintiff has attached a copy of one contract to his Complaint, but has clearly whited out his signature on the contract, in an effort to avoid being bound by the arbitration clause contained therein. Another contract between the parties was signed by Patricia Jordan, on the behalf of the Plaintiff. A copy of the signature page from that contract, which includes an agreement to arbitrate, is attached hereto as Defendants' Exhibit A.

It is understood that, ordinarily, courts will not consider matters, such as the above-referenced exhibit, outside of the pleading in a motion to dismiss. However, where additional documents are referenced in the Plaintiff's complaint, but not attached,

those documents may be included in a defendant's motion to dismiss. <u>Washkoviak v. Sallie Mae</u>, 900 A.2d 168, 178 (D.C. Ct. App. 2006). The contract attached as Defendant's Exhibit A is referenced by the Plaintiff's complaint, as it represents one of the contracts which Plaintiff alleges was breached.

The agreement to arbitrate, contained in Defendant's Exhibit A, as well as Plaintiff's Exhibit F, reads as follows:

> Any and all disputes arising out of this agreement, or from any other relationship between NLPA and You, shall be resolved by binding arbitration before the Better Business Bureau, of which NLPA is a member, following the Federal Arbitration Act (9 U.S.C. 1), as it may be amended.

Defendant Robinson signed correspondence, attached as exhibits to the Plaintiff's complaint, directed to Defendant Murray, the Plaintiff, and the Plaintiff's family members, in his role as senior management consultant of National Legal Professional Associates. Defendant Murray was the attorney who reviewed all research conducted by Defendant NLPA with regards to the Plaintiff.

The first work which was performed by Defendant NLPA, was an evaluation of the Plaintiff's procedural options for seeking post-conviction relief. Pursuant to an authorization from the Plaintiff, that evaluation was sent to Defendant Murray to review. Defendant Murray then notified the Plaintiff that he would review the evaluation and then advise the Plaintiff of the possibility of pursing post-conviction relief. (Plaintiff's Exhibit A).

The Plaintiff subsequently contracted with Defendant NLPA to provide research regarding a post-conviction action. (Plaintiff's Exhibit D). In a letter dated May 2, 2005,

the Plaintiff notified Defendant Murray that he wished to pursue an action under 28 U.S.C. § 2241. (Plaintiff's Exhibit C).

On July 13, 2005, Defendant NLPA sent to Defendant Murray a draft of a motion to correct illegal sentence pursuant to D.C. Superior Court Criminal Rule 35(a). Prior to July 19, 2005, the Plaintiff contacted Defendant NLPA and inquired as to why such a motion was prepared, rather than one pursuant to D.C. Code § 23-110. In a letter dated July 19, 2005, Defendant NLPA explained that it was their understanding that a motion pursuant to Rule 35(a) would be more beneficial, given the fact that the Plaintiff had already filed one motion under § 23-110, and it would be more difficult to have issues considered in a successive motion, as such successive motions were not typically entertained. On July 25, 2005, the Plaintiff sent a letter to Defendant NLPA, which was forwarded to Defendant Murray. In this letter, the Plaintiff outlined several problems he had with the research prepared by Defendant NLPA. The Plaintiff stated that he no longer wanted the Defendant Murray to file anything on his behalf and that he wanted a refund of $4,500 of the $6,500 that was sent to Defendant NLPA and $2,000 of the $2,500 that was sent to Defendant Murray. (Plaintiff's Exhibit D). The Plaintiff asserts in this letter that the money was sent by him and his family.

Without requesting payment of any additional funds, as noted on Additional Sheet Page Three of the Plaintiff's Complaint, Defendant NLPA subsequently prepared additional research, in the form of a motion under D.C. Code § 23-110. In a letter dated August 8, 2005, the Plaintiff stated that he did not want Defendant Murray to file the motion and again requested a refund.

Defendant NLPA provided still more research, again without requesting any additional payment, in the form of motion under 28 U.S.C. § 2241, which was sent to Defendant Murray on August 23, 2005. (Plaintiff's Exhibit L).

On December 28, 2005, Defendant Robinson, as Senior Management Consultant for Defendant NLPA, wrote a letter to Lorenzo Irving, in response to his request for a refund, and stated that Defendant NLPA would abide by any instructions from the Better Business Bureau, if Irving pursued an arbitration of the matter, in accordance with the agreement for services. (Plaintiff's Exhibit N). No such arbitration was undertaken.

### III. ARGUMENT

**A.     This Court lacks subject matter jurisdiction over Plaintiff's claims, as these claims are subject to the arbitration agreement contained within the contract, from which these claims arise.**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant is permitted to make the defense of lack of subject matter jurisdiction by motion, rather than in a responsive pleading. Defendant Robinson asserts that he was not a party to the contract. However, if this Court determines otherwise, Defendant Robinson asserts that Plaintiff's claims should be dismissed, as this Court lacks subject matter jurisdiction, since these claims are subject to a binding arbitration agreement.

The Federal Arbitration Act provides that arbitration clauses in contracts are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This Court has previously concluded that where claims raised in a complaint are subject to arbitration, dismissal is proper. Hughes v. CACI, Inc. -- Commercial, 384 F. Supp. 2d 89 (U.S. Dist. D.C., 2005).

In this case, Plaintiff has asserted claims arising out of an alleged breach of contract. The Plaintiff admits that there exists an Agreement to Arbitrate, but makes the baseless claim that the issues raised in his complaint are outside the capacity of the Better Business Bureau. There is absolutely nothing offered in support of this contention. The Plaintiff also attempts to argue that he never signed the agreement. However, it is clear that the document offered by the Plaintiff as Exhibit F has been altered, and the Plaintiff's signature has been whited-out. Additionally, another contract, for a portion of the services provided, was signed by Patricia Jordan, on the Plaintiff's behalf. The signature page for that agreement, attached hereto as Defendants' Exhibit A, also contains an agreement to arbitrate. These arbitration agreements mandate that any and all disputes arising out of the agreement, or from any other relationship between the parties, shall be resolved by binding arbitration.

Plaintiff has expressly stated that his lawsuit arises out of a breach of contract. (See Plaintiff's Complaint, Additional Sheet Page Five, paragraphs 17, 19). Additionally, Plaintiff points to the payments being done in performance of the contract. (See Plaintiff's Complaint, Additional Sheet Page Five, paragraph 16). Clearly, a breach of contract claim concerning the contract containing the arbitration clause is subjected to the arbitration agreement. Apparently, the Plaintiff understood this as has claimed that the Better Business Bureau is not equipped to handle his claims.

The only cause of action readily ascertainable from Plaintiff's complaint is for breach of contract. Plaintiff does, however, also allude to possible causes of action for violations of his federal rights under 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961. These claims, however appear to have been abandoned, as

the Plaintiff has not offered any factual basis for such claims, and makes no further mention of these allegations in any portion of his Complaint. Finally, the Plaintiff references the "fraudulent and unconstitutional taking of funds" implying a fraud claim, though this claim is also not further supported in the Complaint.

Setting aside the frivolousness of the Plaintiff's fraud claim, and the fact that such a claim has not been made with the required specificity, this claim would also be subject to arbitration, as it equates to a cause of action covered by the agreement to arbitrate, which states that the parties "agree to submit any dispute arising under this agreement, with the exception of disputes alleging criminal or statutory violations to binding arbitration..." The Plaintiff has essentially claimed that he paid money for services that were not satisfactory, and therefore claims he should get his money back. By asserting that the funds were fraudulently kept by the Defendants, the Plaintiff has merely described the means by which he feels the Defendants breached the contract. Regardless, as all of the alleged actions by the Defendants were related to the performance of contractual obligations, the mere labeling of such actions as fraudulent does not remove such actions from the bounds of the agreement to arbitrate, as such claims still constitute a dispute arising out of the agreement.

Based on the foregoing, this Court lacks subject matter jurisdiction over the claims raised in Plaintiff's complaint against Defendant Robinson, and the Complaint should therefore be dismissed with prejudice.

**B.     Plaintiff has failed to state a claim upon which relief can be granted.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant is permitted to assert the defense that a party has failed to state a claim for relief upon

which relief may be granted by motion, rather than in a responsive pleading. Defendant Robinson asserts that Plaintiff's claims should be dismissed, as the complaint fails to state a claim against him upon which relief can be granted. Where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations", it is proper for a court to dismiss a complaint. Swierkiewicz v. Sorema, 534 U.S. 506, 524 (2002). In ruling on a motion to dismiss, the complaint must be construed in a light most favorable to the non-moving party. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "Dismissal under Rule 12(b)(6) is proper if, taking all the material allegations of the complaint as admitted and construing them in plaintiff's favor, [a court] find[s] that he has failed to allege each of the material elements of his cause of action. Razzoli v. Fed. Bd. of Prisons, 230 F.3d 371, 374 (D.C. Cir. 2000).

        1.    **<u>Breach of Contract</u>**

As stated previously, the only cause of action readily ascertainable from Plaintiff's complaint is for breach of contract. In support of his claim that Defendants breached a contract, Plaintiff makes reference to payments which were made in exchange for services, and then claims that these services were not provided according to the terms of the contract. In reference to the payments, Plaintiff states that he had $10,000.00 sent to Defendant NLPA and Defendant Murray.

In order to be liable for a breach of contract, a party must have some duty under the terms of the contract. For, without such a duty, a party can not be said to have breached that duty. In the instant case, the Plaintiff has not alleged the he had any contract with Defendant Robinson.

Similarly, under Ohio law, which the agreement states is to govern this dispute, "A contract is only binding upon parties to a contract and those in privity with them." Samadder v. DMF of Ohio, Inc., 154 Ohio App. 3d 770, 778. Where a plaintiff does not allege sufficient facts to establish the existence of a contractual relationship between himself and the defendant, he has failed to plead a necessary element of a breach of contract claim. Epicentre Strategic Corp. v. Perrysburg Exempted Village School Dist., 2005 U.S. Dist. LEXIS 4320 (N.D. Ohio 2005).

Since Plaintiff has failed to plead a necessary element of his breach of contract claim, he has failed to state a claim upon which relief can be granted.

### 2. Fraud

As noted previously, Plaintiff's complaint does not set out a clear cause of action for fraud, but does make a vague reference to fraudulent acts committed by Defendants. While these acts are described simply as the means by which the contract was breached, the following analysis will be provided as though these illusory statements constitute a separate claim for relief.

Rule 9(b) of the Federal Rules of Civil Procedure states that, in order to allege fraud, the circumstances constituting the fraud must be stated with particularity. In order to comply with this rule, a plaintiff, at a minimum, must "state the time, place and content of the false misrepresentations, the fact misrepresented, and what was retained or given up as a consequence of the fraud." United States v. Martin-Baker, 389 F.3d 1251, 1256 (D.C. Cir., 2004).

In the instant case, Plaintiff has failed to plead his fraud claim with particularity. Plaintiff merely states that his funds were fraudulently taken. The Plaintiff does not set

forth what false representation was made. The Plaintiff makes a statement about being deceived, but claims that this deception came from the Defendants not taking his calls. Clearly this does not satisfy the particularity requirement, as such a statement does not even allege that a false misrepresentation was made. Clearly, since the Plaintiff has not provided any particular information regarding what misrepresentations were made, neither has he provided any particular information regarding the time misrepresentations were made.

Since Plaintiff has failed to plead his fraud claim with particularity, he has failed to plead a necessary element of that claim, and has therefore failed to state a claim upon which relief may be granted.

### 3. Violations of federal rights under 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961

As noted previously, Plaintiff's complaint does not set out a clear cause of action for violations of these statutory sections. In fact, aside from listing them in the form portion of his complaint, the Plaintiff makes no further attempt to assert these frivolous claims. As such, these baseless assertions of statutory violations certainly fail to state a claim upon which relief can be granted. Furthermore, one needs only look at these statutes to see that he has failed to allege material elements of these causes of action.

Title 42 U.S.C. § 1985(3) involves conspiracies to deprive an individual of his rights or privileges, equal protection of the laws, or equal privileges and immunities under the law. Section 1986 involves the failure to prevent such a conspiracy. The Plaintiff's Complaint makes no allegations of any actions by the Defendants which deprived the Plaintiff of any right or privilege.

11

Title 18 U.S.C. § 1346 involves mail fraud. The Plaintiff's has not included any allegations in his Complaint of any of the Defendants' actions relating to any type of mail fraud.

Title 18 U.S.C. § 1503 involves the unlawful influencing or injuring of an officer or a juror. Once again, no such allegations are included or even alluded to in the Plaintiff's Complaint.

Title 18 U.S.C. § 1512 involves tampering with a witness, victim, or informant. There are no facts asserted in the Plaintiff's Complaint that in any way support such a claim against any of the Defendants.

Finally, 18 U.S.C. § 1961 provides definitions for crimes of racketeering and corrupt organizations. There are absolutely no facts in the Plaintiff's Complaint which set forth such criminal practices by any of the Defendants.

As these statutory sections have simply been listed together, without any factual support or actual allegations of the violations of these sections, such a list certainly can not be said to set forth a claim on which relief can by granted. Since Plaintiff has wholly failed to plead any elements of any sort of violation of these statutory provisions, he has failed to state a claim upon which relief can be granted.

**C.    This Court lacks jurisdiction over Plaintiff's claims as the Plaintiff has not set forth a Good Faith Claim of an Amount in Controversy Exceeding $75,000.00.**

The Plaintiff sets forth in his Complaint that this Court has jurisdiction, pursuant to an existence of complete diversity of citizenship. The Plaintiff asserts that the amount in controversy exceeds $75,000.00. Indeed, in his claim for relief, the Plaintiff seeks a total of $100,000.00 in damages, 90% of which is sought in the form of punitive

damages.  The Plaintiff's claim for such damages can not be viewed as being made in good faith.

Under 28 U.S.C. § 1332(a), federal courts have jurisdiction over civil actions involving citizens of different states, where the amount in controversy exceeds $75,000.00.  This amount is determined by the amount claimed by the plaintiff, so long as the amount is claimed in good faith.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).  Still, "if it 'appears to a legal certainty that the claim is really for less than the jurisdictional amount,' dismissal is justified."  Hunter v. D.C., 384 F. Supp.2d 257, 260 (D.D.C. 2005) (citing St. Paul Mercury Indem. Co., 303 U.S. at 288).

With regard to punitive damages, such awards are given "in a tort action if the defendant's tortious behavior is accompanied by 'fraud, ill will, recklessness, wantonness, oppressiveness, wilful disregard for the plaintiff's right . . .'" Hunter, 384 F. Supp.2d at 261 (citing Butera v. D.C., 344 U.S. App. D.C. 265 (2001).  In the instant case, the Plaintiff does make some illusory references to fraudulent actions by the Defendants.  However, in order to reach the threshold amount of $75,000, based upon his claim for only $10,000 in compensatory damages, the Plaintiff would have to receive $65,000 in punitive damages.  Applying principles of due process, courts will not award punitive damages in such amounts that they would be construed as "grossly excessive."  Hunter, 384 F. Supp.2d at 261.  While no bright line rule exists to determine what constitutes a "grossly excessive" punitive damages award, courts have typically found that a punitive damage award which is ten times more than the compensatory damages awarded would certainly be a violation of due process.  Id. at 261-262.

In the instant case, in order to reach the threshold total amount of $75,000.00, the Plaintiff would have claim a right to $65,000.00. This represents an amount 6.5 times as much as the claimed amount of compensatory damages. While this ratio is less than 10 to 1, given the circumstances of the case, such a punitive award would certainly violate the principles of due process. Aside from the sheer size of such an award, it is also necessary to consider the fact that such an award would essentially be for a mere breach of contract claim.

As shown previously, the Plaintiff's complaint, despite making other illusory claims, essentially sets forth a claim that the Defendants breached their contractual obligations. In fact, at the conclusion of his Complaint, the Plaintiff even states that his claim for $100,000.00 was due to "Defendants' breach of contractu[]al agreements." District of Columbia courts have held that, "where the basis of a complaint is . . . a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton, or malicious." <u>Sere v. Group Hospitalization</u>, 443 A.2d 33 (Ct. App. D.C. 1982). There can be no dispute that the basis of the Plaintiff's complaint is for breach of contract. Therefore, punitive damages are not available.

Since punitive damages are not available in a breach of contract claim, the only amount claimed by the Plaintiff in good faith is $10,000. As such, the amount in controversy requirement is not met under 28 U.S.C. § 1332(a). Therefore, jurisdiction on the basis of diversity of citizenship is not proper. The Plaintiff would likely argue that jurisdiction still lies on the basis of federal question. This argument, however, would rest solely on the list of statutory sections provided by the Plaintiff. As previously shown,

this list is not sufficient to establish any actual claims. As such, this list cannot be used to establish jurisdiction on the basis of an issue based on a federal question.

## IV.     CONCLUSION

For the foregoing reasons, Defendant, H. Wesley Robinson, respectfully requests this Court grant his Motion to Dismiss since this Court lacks subject matter jurisdiction over the claims asserted in Plaintiff's complaint, and since Plaintiff has failed to state a claim upon which relief may be granted.

July 27, 2007                                            Respectfully submitted,

_____
Charles A. Murray, Esq.
Charles A. Murray, P.A.
27499 Riverview Center Blvd., Suite 113
Bonita Springs, Florida 34134-4313
239-649-7773 voice
239-262-33517 fax

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing Motion and Memorandum of Law appended hereto has been sent this 27th day of July, 2007, by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to the Plaintiff, Roy Thomas, 11340-007, P.O. Box 2068, United States Penitentiary, Inez, KY 41224.

                                              _____
Charles A. Murray, Esq.
Charles A. Murray, P.A.
27499 Riverview Center Blvd., Suite 113
Bonita Springs, Florida 34134-4313
239-649-7773 voice
239-262-33517 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY THOMAS,

        Plaintiff,

Case No. 1:07-cv-00892 (RMC)

v.

NATIONAL LEGAL PROFESSIONAL
    ASSOCIATES, et al.

        Defendants,
_____/

ORDER GRANTING MOTION TO DISMISS

THIS CAUSE having come on to be heard upon the Defendant, H. Wesley Robinson's Motion to Dismiss, it is hereby

ORDERED AND ADJUDGED:

That Complaint is hereby dismissed.

DONE AND ORDERED in Chambers this ____ day of _____, 2007.

                                                  _____
                                                  United States District Court Judge

cc:    Roy Thomas
        Charles A. Murray, Esquire