IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY THOMAS,

      Plaintiff,

v.

NATIONAL LEGAL PROFESSIONAL
ASSOCIATES, ET AL.

      Defendants.

Case No. 1:07-cv-00892

**DEFENDANTS' RESPONSE TO THE PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE DEFENDANTS' MOTIONS**

Comes now the Defendants herein, National Legal Professional Associates, H. Wesley Robinson, and Charles A. Murray, by and through the undersigned counsel, and pursuant to Federal Rules of Civil Procedure 6, hereby submits that the Plaintiff should not be granted an enlargement of time in which to file his response to the Defendant's previously filed motions. The Defendants submit that the Plaintiff has failed to put forth proper cause permitting for an enlargement of time to file, aside from mere inconvenience on the part of the Plaintiff. In support hereof, the Defendants submit the following:

1. Roy Thomas (hereinafter referred to as "Plaintiff"), filed a lawsuit on May 11, 2007, in the United States District Court for the District of Columbia. In his Complaint, Plaintiff states that his federal rights were violated under 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961, as well as the Fifth and Sixth Amendments to the United States Constitution. Later, the Plaintiff states, under the heading "Statement of Claim" that his complaint alleges

the fraudulent and unconstitutional taking of funds from the Plaintiff by the Defendants.

2. On July 20, 2007, the Plaintiff filed an Affidavit for Default, due to a failure of the Defendants to answer the Complaint. On July 23, 2007, the Court entered Default against the Defendants.

3. On July 27, 2007, the Defendants filed Motions to Set Aside Default, to Dismiss the Complaint, and Affirmative Answers to the Plaintiff's Complaint.

4. On August 13, 2007, the Plaintiff filed a Motion for Extension of Time to Respond to the Defendants' Motions, arguing that the prison law library is often busy.

WHEREFORE, in consideration of the foregoing as well as argument of law contained in the Memorandum of Law filed herewith, the Defendants respectfully pray that this Court deny the Plaintiff's Motion for Enlargement of Time as the motion is not meritorious.

                Respectfully submitted,

August 16, 2007

_____
Charles A. Murray, Esq.
Attorney for the Defendants
27499 Riverview Center Blvd, Suite 113
Bonita Springs, FL 34134-4313
Telephone: (239) 649-7773
Fax: (239) 262-3517

## **MEMORANDUM OF LAW**

The Defendants herein submit this Memorandum in Support of his Response, stating as follows:

**I.      The Plaintiff Has Failed to Put Forth Sufficient Cause Pursuant to Federal Rule of Civil Procedure 6 to Permit an Enlargement of Time to File His Responsive Pleadings.**

According to Federal Rule of Civil Procedure 6,

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), and 60(b).

Fed.R.Civ.P. 6(b).

The administration of filing deadlines has been deemed a matter of case management, and is left within the broad discretion of the trial court to determine. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145 (D.C. Cir. 1996); McIntosh v. Antonino, 71 F.3d 29 (1st Cir. 1995).  However, this discretion is not unlimited.  In exercising discretion regarding enlargements of time, courts should be mindful that rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action.  Spears v. City of Indianapolis, 74 F.3d 153 (7th Cir. 1996).  Deadlines serve useful purpose and reasonable adherence to them is to be encouraged.  Id.

Importantly, sufficient cause must be shown in order to be granted an enlargement of time. Harper v. Kobelinski, 589 F.2d 721 (D.C. Cir. 1978); Sanozky v. Int'l Ass'n of Machinists & Aero. Workers, 415 F.3d 279 (2d Cir. 2005). In Sanozky, the movant's motion for enlargement of time to file was denied as the movant had failed to offer any reason as to why he was unable to timely file the motion at issue, resulting in a denial of his motion to enlarge the time to file. Id. An attorney's busy schedule will rarely satisfy the cause requirement in a motion to enlarge the time in which to file. Walls v. International Paper Co., 192 F.R.D. 294 (D.Kan. 2000). Further, ignorance of a filing deadline will not satisfy the cause requirement in seeking to enlarge the time in which to file. Graham v. Pennsylvania Railroad, 342 F.2d 914 (D.C. Cir. 1964).

In the instant case, the Plaintiff asserts that he needs extra time in which to respond to the Defendants' motions for several reasons, those being: (1) that the Plaintiff is a "layman, not trained in the law" and is proceeding *pro se*; (2) the Plaintiff has limited access to the law library of the prison in which he is incarcerated; (3) the prison law library is crowded; (4) an inmate assisting the Plaintiff in his legal research is housed in a different housing unit than the Plaintiff, making coordination of activity between them difficult; (5) the number of motions filed by the Defendants require much time to properly respond to; and (6) the Plaintiff must purchase office and postage supplies to properly prepare his research. Plaintiff's Motion at 2-3.

While the Defendants certainly sympathize with the Plaintiff's situation, the Defendants submit that the Plaintiff's situation does not present the necessary cause to grant any enlargement of time in which to file responses in this matter. It was by choice that the Plaintiff chose to proceed *pro se*. The Plaintiff cannot now cite such as an excuse

for untimely filings. The Federal Rules of Civil Procedure do not make distinctions between pro se litigants and those represented by counsel. The Rules apply equally to all litigants. Further, the reasons cited by the Plaintiff in support of his request for additional filing time amount to limit more than a claim by an attorney that more time for filing is needed because of a busy schedule. The Plaintiff is hampered by a shortage of time in which to do a large amount of work. As stated in <u>Walls</u>, it is rare that a busy schedule will result in the granting of an enlarged time in which to properly file documents in a case.

The Defendants note that the factors submitted by the Plaintiff in favor of an enlargement of time to file are of the Plaintiff's own making and were well known before the Plaintiff initiated litigation in this matter. It would be unjust to now allow the Plaintiff to utilize these factors to circumvent the Federal Rules of Civil Procedure. For the foregoing reasons, the Defendants in this matter, National Legal Professional Associates, H. Wesley Robinson, and Defendant, Charles A. Murray, respectfully requests this Court deny the Plaintiff's Motion for Enlargement of Time, as the Plaintiff has failed to put forth sufficient cause in support of his motion.

                Respectfully submitted,

August 16, 2007

                _____
                Charles A. Murray, Esq.
                Attorney for the Defendants
                27499 Riverview Center Blvd., Suite 113
                Bonita Springs, Florida 34134-4313
                Telephone: (239) 649-7773
                Fax: (239) 262-3517

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing Response and Memorandum of Law appended hereto has been sent this 16th day of August, 2007, by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to the Plaintiff, Roy Thomas, 11340-007, P.O. Box 2068, United States Penitentiary, Inez, KY 41224.

 

_____
Charles A. Murray, Esq.
Attorney for the Defendants