**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ROY THOMAS,**

　　　　　　　　　　　　　　　　　　　　**Case No. 1:07-cv-00892**

　　　　　　**Plaintiff**

**v.**

**NATIONAL LEGAL PROFESSIONAL**
**ASSOCIATES, ET AL.**

　　　　　　**Defendants**

---

**DEFENDANTS' REPLY TO PLEADINGS FILED IN RESPONSE TO**
**DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT**

---

　　　　　　Come now the Defendants, National Legal Professional Associates, H. Wesley Robinson, and Charles A. Murray (Collectively, "the Defendants"), by and through counsel, and file this reply to the documents filed in response to their Motions to Dismiss the complaint pursuant to FRCP 12(b).

　　　　　　On May 11, 2007, Roy Thomas (hereinafter referred to as "Plaintiff") filed a lawsuit in this Court, claiming violations of his rights under 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961.  On July 27, 2007, each of the Defendants filed motions to dismiss the Complaint.

**I.**　　**Summary of Defendants' Arguments Presented in the Motions to Dismiss**

　　　　　　**A.**　　**This Court lacks subject matter jurisdiction over the Plaintiff's claims, as the claims are subject to the arbitration agreement contained within the contract from which these claims arise.**

As grounds for these motions, each of the Defendants asserted that the Plaintiff's claims were subjected to a binding arbitration agreement. Therefore, it was argued, this Court lacked subject matter jurisdiction over the claims. The Plaintiff admitted the existence of the arbitration agreement, but stated that his issues could not be addressed by arbitration. This statement was wholly unsupported. The arbitration agreements mandate that any and all disputes arising out of the agreement, or from any other relationship between the parties, shall be resolved by binding arbitration. As determined in Hughes v. CACI, Inc., -- Commercial, 384 F.Supp. 2d 89 (U.S. Dist. D.C., 2005), where claims raised in a complaint are subject to arbitration, dismissal is proper. Therefore, since these claims are subject to arbitration, this Court lacks subject matter jurisdiction, and the Complaint should be dismissed with prejudice.

**B.     Plaintiff has failed to state a claim upon which relief can be granted.**

Additionally, it was argued that the Plaintiff had failed to state a claim against the Defendants for which relief could be granted. Looking first at the breach of contract claim, the Plaintiff never even alleged that he had a contract with either H. Wesley Robinson (hereinafter referred to as "Defendant Robinson") or Charles A. Murray (hereinafter referred to as "Defendant Murray"). Without alleging the existence of a contract, it clearly cannot be argued that one party breached a contract. By failing to allege facts establishing the existence of a contract, the Plaintiff failed to plead a necessary element of the breach of contract claim against Defendants Robinson and Murray.

The Plaintiff also made illusory claims of fraud against the Defendants. The Plaintiff clearly failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure,

which requires a plaintiff alleging fraud to state with particularity the circumstances constituting the fraud.  Here, the Plaintiff did no such thing.  The Plaintiff has not identified any false representation that was made by any of the Defendants.  Clearly, without even identifying a false representation, the Plaintiff also did not provide any particular information regarding the circumstances, such as the time the representation was made.  By failing to plead fraud with particularity, the Plaintiff failed to state a claim upon which relief may be granted.

Finally, the Plaintiff also alleged that his rights under 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961.  The Plaintiff's complaint does not set out a clear cause of action for violations of these statutory sections.  In fact, aside from listing them in the form portion of his complaint, the Plaintiff makes no further attempt to assert these frivolous claims.  As such, these baseless assertions of statutory violations certainly fail to state a claim upon which relief can be granted.  Furthermore, he has failed to allege material elements of these causes of action.

Title 42 U.S.C. § 1985(3) involves conspiracies to deprive an individual of his rights or privileges, equal protection of the laws, or equal privileges and immunities under the law.  Section 1986 involves the failure to prevent such a conspiracy.  The Plaintiff's Complaint makes no allegations of any actions by the Defendants which deprived the Plaintiff of any right or privilege.  Title 18 U.S.C. § 1346 involves mail fraud.  The Plaintiff's has not included any allegations in his Complaint of any of the Defendants' actions relating to any type of mail fraud.  Title 18 U.S.C. § 1503 involves the unlawful influencing or injuring of an officer or a juror.  Once again, no such allegations are included or even alluded to in the Plaintiff's Complaint.  Title 18 U.S.C. §

3

1512 involves tampering with a witness, victim, or informant. There are no facts asserted in the Plaintiff's Complaint that in any way support such a claim against any of the Defendants. 18 U.S.C. § 1961 provides definitions for crimes of racketeering and corrupt organizations. There are absolutely no facts in the Plaintiff's Complaint which set forth such criminal practices by any of the Defendants.

As these statutory sections have simply been listed together, without any factual support or actual allegations of the violations of these sections, such a list certainly can not be said to set forth a claim on which relief can by granted.

      **C.**    **This Court lacks jurisdiction over Plaintiff's claims as the Plaintiff has not set forth a Good Faith Claim of an Amount in Controversy Exceeding $75,000.00.**

The Plaintiff asserted that this Court has jurisdiction, pursuant to an existence of complete diversity of citizenship. The Plaintiff asserts that the amount in controversy exceeds $75,000.00. Indeed, in his claim for relief, the Plaintiff seeks a total of $100,000.00 in damages, 90% of which is sought in the form of punitive damages. The Plaintiff's claim for such damages can not be viewed as being made in good faith.

Under 28 U.S.C. § 1332(a), federal courts have jurisdiction over civil actions involving citizens of different states, where the amount in controversy exceeds $75,000.00. This amount is determined by the amount claimed by the plaintiff, so long as the amount is claimed in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). Still, "if it 'appears to a legal certainty that the claim is really for less than the jurisdictional amount,' dismissal is justified." Hunter v. D.C., 384 F. Supp.2d 257, 260 (D.D.C. 2005) (citing St. Paul Mercury Indem. Co., 303 U.S. at 288).

Courts have typically found that a punitive damage award which is ten times more than the compensatory damages awarded would certainly be a violation of due process. Id. at 261-262. In the instant case, in order to reach the threshold total amount of $75,000.00, the Plaintiff would have claim a right to $65,000.00. This represents an amount 6.5 times as much as the claimed amount of compensatory damages. While this ratio is less than 10 to 1, given the circumstances of the case, such a punitive award would certainly violate the principles of due process.

Since punitive damages are not available in a breach of contract claim, the only amount claimed by the Plaintiff in good faith is $10,000, since his claims are essentially based upon allegations of a breach of contract. As such, the amount in controversy requirement is not met under 28 U.S.C. § 1332(a) and jurisdiction on the basis of diversity of citizenship is not proper.

## II.    Response by the Plaintiff

On July 27, 2007 a First Motion To Dismiss Complaint was filed by all defendants. ( Docket 6,9 and 12). The Plaintiff has failed to respond to the Defendants' Motions to Dismiss. On August 13, 2007 the Plaintiff moved for, and was granted, additional time, until October 29, 2007, to file a response to the motions. With that date long past, the Plaintiff has still not filed a response. The only thing that has been filed since the court's order, dated August 29, 2007, granting the motion for extension of time, was filed by someone other than the Plaintiff.

The document that was filed takes the form of a letter, addressed only "to whom it may concern" along with an affidavit. These documents are signed by Donald J. Hatch, an inmate in the United States Penitentiary in Kentucky. Hatch claims to have been

5

assisting the Plaintiff in the instant matter, although he does not purport to be an attorney, and certainly has not entered an appearance to represent the Plaintiff.

Setting aside the fact that Hatch is neither a party to the instant action nor an attorney, the documents is in no way responsive to the Motions to Dismiss. Therefore, the Motions to Dismiss must be perceived as unopposed.

## III.    CONCLUSION

The motions are all based on sound law and the facts clearly establish that the Defendants are entitled to the requested relief. As such, and since these motions are unopposed, the Defendants respectfully request that this Court grant their Motions to Dismiss, since this Court lacks subject matter jurisdiction over the claims asserted in Plaintiff's complaint, and since Plaintiff has failed to state a claim upon which relief may be granted.

December 13, 2007

Respectfully submitted,

Charles A. Murray, Esq.
Attorney for the Defendants
27499 Riverview Center Blvd., Suite 113
Bonita Springs, FL 34134-4313
Telephone: (239) 649-7773
Fax: (239) 262-3517

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the foregoing Reply has been sent this 13th  day of

December, 2007, by regular U.S. Mail with sufficient postage affixed thereto to insure

delivery thereof to the Plaintiff, Roy Thomas, 11340-007, P.O. Box 2068, United States

Penitentiary, Inez, KY 41224.

Charles A. Murray, Esq

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY THOMAS,

      Plaintiff,

v.

NATIONAL LEGAL PROFESSIONAL
      ASSOCIATES, et al.

      Defendants,

_____/

Case No. 1:07-cv-00892 (RMC)

**ORDER**

On this _____ day of December, 2007, came on to be heard the Defendants'

National Legal Professional Associates, H. Wesley Robinson and Charles A. Murray

(Collectively, "the Defendants"), First Motion To Dismiss, in the Above styled and numbered

cause, and after considering the filings and record of this case, it is the considered opinion of the

court that the Motion should be and is hereby ORDERED

      ❏      GRANTED

      ❏      DENIED

_____
Hon. Rosemary M. Collyer
U.S. District Court Judge