UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ROY THOMAS,
        Plaintiff

07-892 (RMC)

-vs-

NATIONAL LEGAL PROFESSIONAL
ASSOCIATES, CHARLES A. MURRAY,
and H. WESLEY ROBINSON,
        Defendants

PLAINTIFF'S REPLY TO DEFENDANTS'
MOTIONS TO SET ASIDE ENTRY OF DEFAULT

     The plaintiff, ROY THOMAS, as counsel in his own behalf, respectfully represents unto this Honorable Court as follows as his PLAINTIFF'S REPLY TO DEFENDANTS' MOTIONS TO SET ASIDE AN ENTRY OF DEFAULT:

I. INTRODUCTION

     The defendants contend that counsel, representing all three of the defendants in this case, forwarded answers and a motion to dismiss to local counsel on June 11, 2007. They assert that counsel, who had previously been a member of the District of Columbia Federal Bar, had become aware that his membership had lapsed, creating a necessity for dealing with local counsel. The motions do not set forth when counsel's membership lapsed, nor do they indicate when counsel's membership was reinstated, thereby qualifying him to represent

RECEIVED

FEB 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

the defendants at this juncture. At any rate, the motions aver that local counsel informed counsel that the answers and motions to dismiss had been filed on June 12, 2007.

The plaintiff, well within his rights under Rule 55 of the Federal Rules of Civil Procedure, filed for an entry of default on July 20, 2007, 41 days subsequent to the date on which local counsel allegedly represented to the defendants that the answer and motion to dismiss had been filed.

II. LAW AND ARGUMENT

> A. Good Cause Does Not Exist to Permit this Court to Set Aside the Entry of Default Pursuant to the Rules of Court

Courts may look favorably upon the fact that defense counsel acted immediately to cure the default, but the fact remains that the defendants did not move to set aside the entry of default until 45 days after the default commenced. Savin Corporation v. C.M.C. Corp., 98 F.R.D. 509 (N.D. Oh. 1983).

It is true that default judgments were not designed as a means of disciplining the bar at the expense of the litigants' day in court. Barber v. Turberville, 218 F.2d34 (D.C. Cir. 1954). However, the facts of the current case are distinguishable from the normal situation under Barber. The defendants have an in house counsel who is also a defendant in this

matter, Charles A. Murray. Murray allowed his membership to lapse before the D. C. Bar, and hired Attorney Greg English to act as counsel with respect to the filing of an answer and motions. English outright lied to the defendants, according to the defendants, but Murray, a defendant, did not relinquish control of the case. In this case, the default is not simply a means of punishing the defendants for the sins of its lawyer. Rather, the defendants themselves are attributed with neglect in the matter.

Before removing a default judgment, a court must consider whether the defendant alleges a meritorious defense, whether the plaintiff is substantially prejudiced thereby, and whether the defendant's failure to respond constitutes excusable neglect. <u>General Tire and Rubber Co. v. Olympic Gardens, Inc.</u>, 85 F.R.D. 66 (E.D.Pa. 1979). This case does, in fact, present the problem that default judgments were designed to handle--those regarding a totally unresponsive party. However, the plaintiff will assume that the defendants are responsive parties. Thus, under <u>General Tire and Rubber Co.</u> the court must consider the following criteria in deciding whether to set aside the default herein: whether the default was willful, whether setting aside the default would prejudice the plaintiff, and whether the alleged defense was meritorious.

Pursuant to Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969), willfulness does not consist of simple negligence. Rather, willfulness implies an act of gross negligence. When associate counsel outright lies to the party's in house counsel, and the party does nothing about it for a period of 45 days, the requirement of willfulness has been met. The willfulness of associate counsel should be imputed to the parties and their in house counsel after a reasonable time, i.e. 14 days to 21 days.

The plaintiff has been prejudiced by the necessity of the intervening paperwork and the expectation of the finality of the entry of default. It would be unfair at this juncture to force the plaintiff to proceed to a decision on the merits.

The defendants have been careful not to state the merits of their defenses in this motion. Rather, they refer the court to their Motion to Dismiss the Complaint, which is being answered simultaneously with the current answer. When one reviews the Motion to Dismiss the Complaint, it is impossible to deduce the nature of their defenses and the meritorious nature thereof.

III. CONCLUSION

The plaintiff, ROY THOMAS, as counsel in his own behalf, respectfully requests that this Honorable Court deny the defendants' motions to set aside the entry of default herein and allow the plaintiff to proceed on the issue of damages alone.

Respectfully submitted,

*Roy Thomas*

ROY THOMAS
Federal Registration No. 11340-007
U. S. Penitentiary-Big Sandy
P. O. Box 2068
Inez, Kentucky 41224

## CERTIFICATE OF SERVICE

I, ROY THOMAS, do hereby certify that a true copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANTS' MOTIONS TO SET ASIDE ENTRY OF DEFAULT was forwarded via first-class U. S. Mail, postage pre-paid, to Charles A. Murray, Esquire, 27499 Riverview Center Boulevard, Suite 112, Bonita Springs, Florida 34134 this 10th day of February, 2008.

*Roy Thomas*
ROY THOMAS