UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ROY THOMAS,
        Plaintiff

-vs-                                            CASE NO. 1:07-CV-00892 RMC

NATIONAL LEGAL PROFESSIONAL
ASSOCIATES, CHARLES A. MURRAY,
and H. WESLEY ROBINSON,
        Defendants

PLAINTIFF'S REPLY TO DEFENDANTS'
MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT

The plaintiff, ROY THOMAS, as counsel in his own behalf, respectfully represents unto this Honorable Court as follows in support of his PLAINTIFF'S REPLY TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT herein:

I. INTRODUCTION

The defendants agreed to draft and file a motion for a new trial on behalf of the plaintiff. Instead, the defendants drafted a Rule 35 Motion to Reduce Sentence for the District of Columbia's jurisdiction. The statute of limitations expired on June 23, 2005. The first draft of the motion was not mailed by the defendants until July 13, 2005, to Defendant Murray.

RECEIVED
FEB 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The defendants do not have a meritorious defense to this matter. The plaintiff has fully stated a claim pursuant to Rules 12(b)(1) and 12(b)(6). The plaintiff respectfully requests that this Honorable Court dismiss the motion to dismiss herein and proceed to litigation of this matter.

## II. FACTUAL BACKGROUND

The "client" of the defendants in this matter is the plaintiff--not the plaintiff's family. The lawyers involved in the matter violated the rules of professional responsibility by purporting to contract with the plaintiff's family and accepting money from them. The contract, therefore, is between the plaintiff and the defendants. This is one of the alleged fraudulent areas in the case.

The plaintiff did, in fact, agree to pay for requisite research, but his consideration for the contract was the timely filing of a motion for new trial with respect to his conviction for murder in the District of Columbia. The defendants were untimely by failing to meet the statute of limitations which expired on June 23, 2005 (the first draft of the motion was not mailed until July 13, 2005). The research conducted was but a necessary predicate to the filing of a timely motion in the District of Columbia.

The plaintiff has not "whited out" or obliterated any area of the contract for the purpose of concealing his contractual duties. Rather, he has always recognized the duty to arbitrate except to the extent that the matter in controversy

2

is regulated by fraud statutes.

All of the matters herein are fraudulent in nature and are subject to the governance of statutes. The contract provides an exception for "disputes alleging criminal or statutory violations." (Section 13 of the Contract).

The defendants have quoted the wrong agreement to arbitrate in their motions to dismiss:

> You and NLPA agree to submit any dispute arising under this agreement, with the exception of disputes alleging criminal or statutory violations, to binding arbitration with the Better Business Bureau (Section 13 of the Contract).

The plaintiff is a layman and is not familiar with the procedural system required to obtain a new trial with respect to a conviction entered in the Superior Court of the District of Columbia. The defendants themselves did not know which action to file, and allowed the statute of limitations to expire without filing the appropriate action. The defendants blame the plaintiff for not knowing which action to file. The truth is, if the plaintiff had allowed them to file some of the actions which they tried to appease him with, the court file in the matter would have been hopelessly cluttered. Once the plaintiff reasonably perceived that the defendants did not know what they were doing, he made a legal claim for the return of his money.

III. ARGUMENT

There is no question that this court has subject matter jurisdiction because the arbitration clause in the contract at issue is clearly not binding in this situation. There are clearcut grounds constituting criminal and statutory violations, and it would be unfair to require the plaintiff to accept the edict of the Better Business Bureau in a matter which requires the application of sound legal reasoning to complex legal issues.

The defendants assert that part of the contract "was signed by Patricia Jordan, on the Plaintiff's behalf." Patricia Jordan is the plaintiff's mother, and he expresses his resentment for the defendants efforts to involve his mother as a contractual party. His mother had no power to bind him in a contract, and it is unethical for the defendants to make such allegations in their motions.

The plaintiff has plainly included causes of action for violations of 42 U.S.C. §§1985(3) and 1986, and 18 U.S.C. §§1346, 1503, 1512, and 1961. The defendants' actions and omissions are part of an artifice or scheme to defraud in violation of 18 U.S.C. §1346. The reference to the "fraudulent and unconstitutional taking of funds" does imply a fraud claim, and the reference to an unconstitutional taking is erroneous. This claim of fraud is fully supported in the complaint and the contract.

The defendants recognize the plaintiff's claim that the subject contract not susceptible to arbitration in the following language:

> Setting aside the frivolousness of the Plaintiff's fraud claim, and the fact that such a claim has not been made with the required specificity, this claim would also be subject to arbitration...

The plaintiff has essentially claimed that he paid money for services that did not constitute consideration under the contract. In addition, he has adequately pleaded a case of fraud which is subject to regulation by various statutes. The defendants have fraudulently kept the plaintiff's money after failing to provide the consideration for the contract.

B. The Plaintiff has stated a claim upon which relief can be granted

The plaintiff's action should not be dismissed because he has stated a claim upon which relief can be granted, especially when one construes his claims in a light most favorable to the non-moving party as the court is required to do. Hishon v. King & Spaulding, 467 U. S. 69 (1984). If the court takes all of the material allegations of the complaint as admitted and construes them in the plaintiff's favor, the court will find that the plaintiff has alleged each of the material elements of his cause of action.

1. Fraud

The complaint sets out a clear-cut action of fraud. The agreement was that

the defendants would formulate a motion for a new trial, not a motion for the reduction of sentence. The statute of limitations was June 23, 2005, yet the first draft of a motion under Rule 35(a) was not mailed until July 13, 2005. The motion that was formulated was totally off point, i.e. a motion for reduction of sentence. The defendants committed themselves to conducting research, but no research was conducted with respect to the action for new trial that the plaintiff wished to explore. The defendants insisted upon a claim under <u>Apprendi</u> and its progeny, despite the fact that there were no enhancements charged in the plaintiff's indictment. The defendants argued that a D. C. law was unconstitutional, but made no argument in support of this conclusion.

As further acts of fraud and deceit, the defendants conspired to not accept any telephone calls from the plaintiff, and hastily prepared another motion which the plaintiff had already emphasized he did not want when the plaintiff started insisting upon the return of his money. The defendants repeatedly drafted motions which had previously been rejected in the context of the plaintiff's case.

The foregoing disclosure of the fraud grounds meets the requisites in the complaint for stating the time, place, and content of the false misrepresentations, the fact misrepresented, and what was retained or given up as a consequence of the fraud. The plaintiff has stated his claim with particularity. He does not merely state that his money has been taken. In short, the plaintiff has stated a

claim upon which relief may be granted and the court should allow the claim to be litigated to maturity.

2. Violations of federal rights

The plaintiff submits that 18 U.S.C. §1346 provides a statutory basis for the plaintiff's fraud grounds. The statute prohibits an artifice or scheme to defraud, and that is exactly what the defendants engaged in with respect to the plaintiff's fraud grounds.

C. The plaintiff's good faith claim exceeds $75,000

The plaintiff has set forth a good faith claim of an amount in controversy which exceeds $75,000. The plaintiff asked for compensatory damages in the amount of $10,000, and punitive damages in the amount of $90,000. Under 28 U.S.C. §1332(a), federal courts have jurisdiction over civil actions involving citizens of different states, where the amount in controversy exceeds $75,000. With regard to punitive damages, such awards are given in a tort action if the defendant's tortious behavior is accompanied by "fraud, ill will, recklessness, wantonness, oppressiveness, wilful disregard for the plaintiff's right..."

The defendant has labeled the plaintiff's claim for punitive damages as "grossly excessive," but courts do not allow defendants to speculate in that manner. There is a basis in the complaint for awarding the punitive damages

sought, and the defendants' self-serving characterization of the amount of damages which a jury or a court might award are not controlling. This court must find that the amount of damages has been sufficiently pleaded and that the requirements of diversity of citizenship have been met. It is not inconceivable or unreasonable that a court could award the plaintiff the amount of $65,000 in punitive damages for not only the tort damage, but also, the malicious breach of contract set forth in the complaint. It is not for the defendants to make the determination that the amount of punitive damages sought is "grossly excessive."

The defendants assert that "[w]hile no bright line rule exists to determine what constitutes a "grossly excessive" punitive damages award, courts have typically found that a punitive damage award which is ten times more than the compensatory damages awarded would certainly be a violation of due process." However, the plaintiff's punitive damages prayer is only six and a half times more than the compensatory damages sought. Thus, there is no question concerning a per se violation of due process. The defendants state that the plaintiff has only a "mere breach of contract claim," but if the breach is sufficiently malicious, the punitive damages award would be appropriate.

The defendants assert that "District of Columbia courts have held that, 'where the basis of a complaint is...a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton, or malicious.'"

However, this action is pending in federal court and <u>Sere v. Group Hospitalization</u>, 443 A.2d 33 (Ct. App. D.C. 1982), does not apply herein. A breach of contract action does carry punitive damages if it is sufficiently willful, wanton, or malicious.

The amount in controversy requirement has been met under 28 U.S.C. 1332(a). This court has ample jurisdiction to adjudicate the complaint herein and award an appropriate amount of damages.

## IV. CONCLUSION

Based upon the foregoing arguments, the plaintiff, ROY THOMAS, respectfully requests that this Honorable Court dismiss the defendant's motion to dismiss; and the plaintiff respectfully requests that this Honorable Court grant such other and further general relief that the court might deem just, fair, and equitable under the circumstances set forth herein.

ROY THOMAS

*/s/ Roy Thomas*

## CERTIFICATE OF SERVICE

I, ROY THOMAS, as counsel in my own behalf, do hereby certify that a true copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS COMPLAINT was duly forwarded via U. S. first-class mail to

Charles A. Murray, Esquire, 27499 Riverview Center Blvd., Suite 113, Bonita Springs, Florida 34134-4313, this 10th day of February, 2008.

*Roy Thomas*
ROY THOMAS