IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY THOMAS,

      Plaintiff

v.

NATIONAL LEGAL PROFESSIONAL
ASSOCIATES, ET AL.

      Defendants

Case No. 1:07-cv-00892

---

**REPLY OF DEFENDANTS, CHARLES A. MURRAY,
NATIONAL LEGAL PROFESSIONAL ASSOCIATES,
AND H. WESLEY ROBINSON TO PLAINTIFF'S RESPONSE
TO MOTIONS TO SET ASIDE ENTRY OF DEFAULT**

---

      Comes now the Defendants, Charles A. Murray, National Legal Professional Associates, and H. Wesley Robinson, and file this reply to the Plaintiff's response to their Motions to Set Aside Entry of Default.

      On May 11, 2007, Roy Thomas (hereinafter referred to as "Plaintiff") filed a lawsuit in this Court, claiming violations of his rights under 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961. On July 23, 2007, this Court entered an Entry of Default. Four days later, on July 27, 2007, each of the defendants filed motions to set aside that entry, arguing that good cause existed to permit this Court to set aside the entry pursuant to Federal Rule of Civil Procedure 55(c).

      After this court granted Plaintiff additional time to respond to the Defendants' motions, Plaintiff filed a response, entitled "Plaintiff's reply to Defendants' motions to set aside entry of default." In that response, the Plaintiff asserted that good cause did not

exist to set aside the default entry. For the following reasons, Plaintiff's arguments are not sufficient for this court to grant the request for denial of the Defendants' motions to set aside the entry of default.

I.  **REPLY ARGUMENT**

In response to the Defendants' motions to set aside the entry of default, Plaintiff first argues that "courts may look favorably upon the fact that defense counsel acted immediately to cure the default, but the fact remains that the defendants did not move to set aside the entry of default until 45 days after the default commenced." (Plaintiff's Response, at 2). It must be noted that the Plaintiff's calculation of the delay is seriously erroneous, as the Defendants each filed motions to set aside the entry of default ***four days after*** the entry was filed. Still, as noted by Plaintiff, in Savin Corporation v. C.M.C. Corp., 98 F.R.D. 509, 510, 511-512 (N.D. Ohio 1983), one district court did find that a defendant who filed a motion for relief from a default judgment, ***14 days after*** the entry was filed had "acted immediately . . ." Ultimately, the Savin court found that the defendant's motion should be granted. Id. at 513.

As noted in the Defendants' motion, and repeated by Plaintiff, in deciding whether to set aside a default, the following considerations are necessary:

    1.    Whether the default was willful;

    2.    Whether setting aside the default would prejudice Plaintiff; and

    3.    Whether the alleged defense was meritorious.

Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980).

    A.    **The Default Was Not Willful**

Plaintiff also repeats the rule set forth in Defendants' motions, that willfullness does not simply mean negligence, but rather requires an act of gross negligence. Tolson

v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).  However, Plaintiff has erroneously concluded that the default was willful.  The reasons stated by the Plaintiff are: (1) "When associate counsel lies to the party's in house counsel, and the party does nothing about it for a period of 45 days, the requirement of willfulness has been met" and (2) "The willfulness of associate counsel should be imputed to the parties and their in-house counsel after a reasonable time, i.e. 14 days to 21 days."  Plaintiff has not provided any legal, or even factual, support for these conclusions.

First, Plaintiff relies upon a wholly baseless interpretation of the facts.  First, he has characterized individuals as "associate counsel" and "in house counsel;" characterizations whose origins are unknown.  Second, there have been no assertions that local counsel, characterized by Plaintiff as "associate counsel" lied to anyone.  Rather, in Defendants' motion, it was noted that local counsel told Defendant Murray that the answers had been filed.  The Defendants have only asserted that this constituted a miscommunication.  Still, even if local counsel had lied about the filing of the answers, it is impossible to determine why that would make the default willful.  As noted in the Defendants' motion, courts are reluctant to "attribute to the parties the errors of their legal representatives."  Barber v. Turberville, 218 F.2d 34, 36 (D.C. Cir. 1954).  The bottom line is that the Defendants took the necessary steps to have their answer filed on time, and because of someone else's mistake, that did not occur.  There was absolutely no willfulness by any of the Defendants, except the will to respond through the assertion of meritorious defenses to Plaintiff's frivolous complaint.

**B.     Setting Aside the Judgment Will Not Prejudice the Plaintiff.**

In the Defendants' motions, it was noted that the Defendants were not aware of any prejudice to the Plaintiff.  In response, the only prejudice claimed by the Plaintiff is "intervening paperwork and the expectation of the finality of the entry of default."

(Plaintiff's Responsive Brief, at 4).  This claim falls woefully short from the prejudice which is required to necessitate the denial of a motion to set aside a default.

"That setting aside the default would delay satisfaction of plaintiff's claim . . . is insufficient to require affirmance of the denial" of a motion to set aside the default. Keegel v. Key West, 627 F.2d 372, 374 (D.C. Cir. 1980).  As noted in Capital Yacht Club v. Vessel Aviva, 228 F.R.D. 389, 393 (D. D.C. 2005), delay alone does not constitute prejudice.  (Citing KPS & Assoc., Inc. V. Designs by FMC, Inc., 318 F.3d 1, 15 (1st Cir. 2003)).  Rather, the issue is the dangers which might accompany such delay: "loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion."  Id.  Here, the Petitioner has not asserted any such potential for prejudice.  Certainly, the extra paperwork "required" to respond to the Defendants' motion does not meet this standard.

In Jackson v. Beech, 636 F.2d 831 (D.C. Cir. 1980), the Court of Appeals considered whether a trial court properly denied a motion to set aside a default judgment. Jackson filed suit in February, 1977 , and a default was entered in June, 1977.  Id. at 833. A damages hearing was held in November, 1977, and the magistrate issued a report and recommendation on damages in October, 1978.  Id. at 834.  After the court adopted the magistrate's recommendations on damages, the defendants filed a motion to set aside the default judgment on January 5, 1979.  Id.  Despite all of these events which transpired, and "the time and energy . . . spent on the damages hearing" the court determined that there was insufficient prejudice to deny the motion to set aside the default.  Id. at 837-838.

In the instant case, no such procedural steps have occurred.  No damages hearing has been held.  In fact, nothing has happened apart from the default entry, to justify a

4

finding of prejudice. Certainly in this case, there has not been a sufficient showing of prejudice.

        **C.    The Defendants Have Set Forth Meritorious Defenses.**

In their motions to set aside the default entry, the Defendants note that the motions to dismiss set forth meritorious defenses to Plaintiff's claims. In those motions, the Defendants have asserted as defenses Plaintiff's failure to state a claim on which relief may be granted, and a lack of subject matter jurisdiction in light of binding arbitration agreements. Within the motions to dismiss, these defenses are substantially supported by legal authority and analysis in light of the relevant facts. Additionally, in each answer, the defendants have denied each of the pertinent allegations asserted by Plaintiff, as well as asserting several affirmative defenses.

In his responsive brief, Plaintiff makes the bare assertion that it is impossible to deduce the nature of the Defendants' defenses or their meritorious nature. Plaintiff does not even attempt to say why this is so.

In determining whether a defendant has set forth meritorious defenses, a court is not required to determine the likelihood of success of such defenses. Keegel, 627 F.2d at 374. Rather, "Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." Id. (citing Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)). In Keegel, in finding that the defendants had set forth meritorious defenses, the court noted that they had alleged, among other defenses, a lack of subject matter jurisdiction and a denial of the alleged wrongdoings. Id. Similarly, in the instant case, the Defendants have asserted a lack of subject matter jurisdiction (in the motions to dismiss) and have denied the alleged wrongdoings (in their answers). Therefore, just as was the case in Keegel, it should be

determined that the Defendants defenses "meet the meritorious defense criterion for setting aside the default." Id.

## II.     CONCLUSION

There is absolutely no indication that any of the Defendants acted willfully in failing to file a timely answer. Clearly, there would not be any prejudice resulting from granting Defendants' motions to set aside the default entry - motions which were filed four days after the date of the entry. If the Plaintiff's arguments regarding the prejudice resulting from extra paperwork is recognized as sufficient prejudice, then no motion to set aside a default entry would ever be granted. In their answers and motions to dismiss, the Defendants have clearly set forth several meritorious defenses, despite Plaintiff's baseless claim to the contrary. Therefore, the Defendants respectfully request that this Court grant their Motions to Set Aside the Entry of Default and allow this matter to proceed to a decision on the merits of the case.

                                                                Respectfully submitted,

February 29, 2008

                                                                _____
                                                                Charles A. Murray, Esq.
                                                                Attorney for the Defendants
                                                                27499 Riverview Center Blvd., Suite 112
                                                                Bonita Springs, FL 34134-4313
                                                                Telephone: (239) 649-7773
                                                                Fax: (239) 262-3517

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Reply appended hereto has been sent this 29th day of February, 2008, by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to the Plaintiff, Roy Thomas, 11340-007, P.O. Box 2068, United States Penitentiary, Inez, KY 41224.

                                                                            _____
                                                                            Charles A. Murray, Esq.