IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY THOMAS,

      Plaintiff

v.

NATIONAL LEGAL PROFESSIONAL
ASSOCIATES, ET AL.

      Defendants

Case No. 1:07-cv-00892

---

**REPLY OF DEFENDANTS, CHARLES A. MURRAY,
NATIONAL LEGAL PROFESSIONAL ASSOCIATES,
AND H. WESLEY ROBINSON TO PLAINTIFF'S RESPONSE
TO MOTIONS DISMISS**

---

Comes now the Defendants, Charles A. Murray, National Legal Professional Associates, and H. Wesley Robinson, and file this reply to the Plaintiff's response to their Motions to Dismiss Plaintiff's Complaint.

On May 11, 2007, Roy Thomas (hereinafter referred to as "Plaintiff") filed a lawsuit in this Court, claiming violations of his rights under 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961. On July 27, 2007, each of the Defendants filed motions to dismiss the Plaintiff's Complaint. The Defendants set forth the following arguments:

    1.    This Court lacks subject matter jurisdiction over Plaintiff's claims, as these claims are subject to the arbitration agreement contained within the contract, from which these claims arise;

    2.    Plaintiff has failed to state a claim upon which relief can be granted; and

       3.       This Court lacks jurisdiction over Plaintiff's claims as the Plaintiff has not set forth a Good Faith Claim of an Amount in Controversy Exceeding $75,000.00.

After this Court granted Plaintiff additional time to respond to the Defendants' motions, Plaintiff filed a response, entitled "Plaintiff's reply to Defendants' motions to dismiss Plaintiff's complaint." In that response, the Plaintiff states the following:

       1.       This Court has subject matter jurisdiction, because the arbitration clause is not binding in this situation;

       2.       The Plaintiff has plainly included causes of action for violations of 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961;

       3.       The Plaintiff has stated a claim upon which relief may be granted; and

       4.       The Plaintiff has set forth a good faith claim of an amount in controversy which exceeds $75,000.00.

For the following reasons, Plaintiff's arguments are insufficient, and the Defendants respectfully maintain their request that this Court dismiss the Plaintiff's complaint.

**REPLY ARGUMENT**

**I.    THE PLAINTIFF'S CLAIMS ARE SUBJECT TO THE ARBITRATION AGREEMENT.**

In his responsive brief, the Plaintiff acknowledged that he is subject to a valid, enforceable arbitration clause. (Plaintiff's Response, at 2). His only arguments are that "the contract provides an exception for 'disputes alleging criminal or statutory

violations'" and that "it would be unfair to require the plaintiff" to arbitrate matters involving "complex legal issues." (Plaintiff's Response, at 3, 4).

The Plaintiff has not provided any legal support for his "complex legal issues" argument. This is likely due to the fact that no such legal support exists for such an argument. In fact, the United States Supreme Court has determined that "potential complexity should not suffice to ward off arbitration." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 633 (1985). Even the potential complexities which accompany antitrust matters should not preclude arbitration. Id. at 633-34.

Plaintiff's remaining argument centers upon the exception contained in the arbitration clause for disputes regarding criminal or statutory violations. Plaintiff does not claim to make any allegations regarding criminal violations. However, Plaintiff's complaint does list several statutory sections, including 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961. On Page 3 of Plaintiff's form complaint, Plaintiff lists these sections in answer to the question, "Which of your constitutional rights or federal law rights or what administrative regulations that applies to you has been violated?" Aside from this listing, Plaintiff apparently abandoned these claims, as he provided absolutely no factual basis for these claims and made no further mention of these allegations in any portion of his complaint.

Still, in addressing a separate argument, Plaintiff asserts, without any legal support, that 18 U.S.C. § 1346 provides a basis for his fraud claims. As noted in Defendants' motion to dismiss, 18 U.S.C. § 1346 involves mail fraud. Plaintiff's complaint does not include a single allegation of mail fraud on the part of any of the Defendants. Apparently, Plaintiff understands this statutory provision to establish a

3

separate cause of action, stating that "this statute prohibits an artifice or scheme to defraud . . ." (Plaintiff's Motion, at 7). However, this section simply provides the definition for "scheme or artifice to defraud" as used in 18 U.S.C. § 1341. 18 U.S.C. § 1346. Title 18 U.S.C. § 1341, et seq. falls under Chapter 63 of that Title, which only addresses mail fraud, and not any and all types of fraud. Therefore, no valid claim regarding a violation of section 1346 is included in Plaintiff's complaint, since that section does not establish a cause of action.

Since Plaintiff's complaint does not include any claim for relief pursuant to a statutory or criminal violation, Plaintiff's second argument regarding the inapplicability of the arbitration clause must also fail.

II. **THE PLAINTIFF HAS NOT STATED CAUSES OF ACTION, FOR WHICH RELIEF MAY BE GRANTED, FOR VIOLATIONS OF 42 U.S.C. §§ 1985(3) AND 1986, OR 18 U.S.C. §§ 1346, 1503, 1512, AND 1961.**

In the Defendants' motions to dismiss, it was noted that Plaintiff's complaint does not set out a clear cause of action for violations of these statutory sections, since Plaintiff merely listed these sections, without even attempting to show how these sections were violated. Defendants then listed the elements required for claims under these statutes (where such claims even exist), and noted that Plaintiff failed to assert those elements.

Apparently, Plaintiff has all but conceded abandonment of any claims under all of these exceptions, except for 18 U.S.C. § 1346. The other sections are simply listed once again, without any attempt to explain any underlying claims. (Plaintiff's Response, at 4, 7). However, as noted previously, 18 U.S.C. § 1346 merely defines a term, and does not set out a cause of action. Furthermore, this statutory section is related to mail fraud, and

Plaintiff has failed to make any allegations as to how any of the Defendants' actions relate to mail fraud.

The other claims have absolutely no conceivable factual basis, as they address (1) deprivation of rights and privileges (while Plaintiff's complaint makes no such allegations) (18 U.S.C. §§ 1985(3), and 1986); (2) unlawful influencing of an officer or juror (18 U.S.C. § 1503); (3) tampering with a witness, victim, or informant (18 U.S.C. § 1512); and (4) definitions of the crimes of racketeering and corrupt organizations (18 U.S.C. 1961). Clearly, Plaintiff has merely listed several statutory sections, with the hope that one or more of them might, by chance, be deemed to create a cause of action by which he might avoid the enforcement of the arbitration clause.

Based on the foregoing, since no factual support or actual allegations of the violation of these provisions, Plaintiff's mere listing of these statutory sections can not be deemed to state a claim upon which relief can be granted.

### III. THE PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Aside from his arguments related to statutory claims, which were addressed above, Plaintiff also asserts that his "claim of fraud is fully supported in the complaint" and that "the complaint sets out a clear-cut action of fraud." (Plaintiff's Response, at 4, 5). However, Plaintiff has failed to support these conclusive statements.

First, Defendant H. Wesley Robinson continues to maintain that Plaintiff's vague references to alleged fraudulent acts refer only to the manner in which the Plaintiff believes the underlying contract was breached, and therefore should only be considered, if at all, as breach of contract claims. Plaintiff has ignored Defendant Robinson's claim

that he failed to state a claim for breach of contract on which relief may be granted, due to the failure to allege any contract between Plaintiff and Defendant Robinson. Therefore, Plaintiff apparently concedes that he has failed to state a claim for breach of contract claim against Defendant Robinson, upon which relief may be granted.

With regard to the apparent fraud claim, the Defendants each noted that Plaintiff's vague references to fraudulent acts in no way satisfies Rule 9(b) of the Federal Rules of Civil Procedure, which requires fraud to be pleaded with particularity. This requires a plaintiff to "state the time, place and content of the false representations, the fact misrepresented, and what was retained or given up as a consequence of the fraud." United States v. Baker, 389 F.3d 1251, 1256 (D.C. Cir., 2004).

In their motions to dismiss, Defendants pointed out that Plaintiff failed to identify what false representations were made. In response, the Plaintiff points only to alleged actions which could only be considered under a claim for breach of contract. The Plaintiff points to alleged instances of work performed by Defendants in conjunction with an "agreement", and what arguments were raised on behalf of Plaintiff. (Plaintiff's Response, at 5-6). Such allegations make no mention of any representations, much less misrepresentations. Obviously then, Plaintiff also did not identify the time, place and content of false representations, what was represented, or what was given up as a consequence of fraud.

Plaintiff claims that "defendants conspired to not accept any telephone calls from the plaintiff, and hastily prepared another motion . . ." and asserts that these actions constituted "acts of fraud and deceit." (Plaintiff's Response, at 6). Once again, Plaintiff

failed to identify any misrepresentations, much less the particular contents, circumstances, or effects of any misrepresentation.

Apparently, Plaintiff feels that since he "does not merely state that his money has been taken" that he has therefore "stated his claim with particularity." (Plaintiff's Response, at 6). However, Defendants have not claimed that he simply stated that his money was taken. Obviously, his complaint contained additional verbiage. Yet Plaintiff still failed, both in his complaint and in his response to the motions to dismiss, to provide any specific false representations, or the particular circumstances thereof.

Based on the foregoing, the Defendants maintain that Plaintiff has failed to plead his fraud claim with particularity, and has therefore failed to state a claim upon which relief may be granted.

**IV.     THE PLAINTIFF HAS NOT SET FORTH A GOOD FAITH CLAIM OF AN AMOUNT IN CONTROVERSY EXCEEDING $75,000.00.**

In his responsive brief, Plaintiff provides no legal support for his conclusion that the amount in controversy requirement has been met, and that he has made a good faith claim that the amount exceeds $75,000.00. As noted in Defendants' motions, Plaintiff has sought a total of $100,000.00 in damages, although he has only claimed $10,000.00 in compensatory damages.

The determination of whether the amount in controversy exceeds $75,000.00 is determined by the amount claimed by the plaintiff, so long as that amount is claimed in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). Obviously, a large award of punitive damages is the only way by which Plaintiff can

meet this requirement. A claim for such a large amount of punitive damages is not made in good faith, where it is certain that no such award will be granted. That is the case here.

Courts will not award punitive damages in "grossly excessive" amounts. Hunter v. D.C., 384 F. Supp.2d 257, 261 (D. D.C. 2005). There is no bright-line rule regarding what constitutes a grossly excessive punitive damages award. However, it is generally presumed that a punitive damage award which is ten times more than the compensatory damages awarded would certainly be a violation of due process. Id. at 261-62.

Here, Plaintiff has claimed punitive damages in an amount equal to ten times more than the claimed compensatory damages. However, in order reach the threshold amount of $75,000.00, Plaintiff would need to make a good faith claim for punitive damages equal to 6.5 times the amount of compensatory damages claimed. Though this ratio is less than 10 to 1, such an award would still certainly violate due process, in light of the circumstances of the case.

Those circumstances include the fact that Plaintiff's complaint essentially only sets forth a breach of contract claim, for which punitive damages are not available. Plaintiff asserts that the case cited by Defendants, Sere v. Group Hospitalization, 443 A.2d 33 (Ct. App. D.C. 1982), for this notion does not apply, since this is a federal case. Without discussing the issues regarding choice of law, Defendants instead cite to Minick v. Associates Inv. Co., 110 F.2d 267, 268 (D.C. Circ. 1940), wherein the Court of Appeals stated, "But it is well settled that no punitive damages will be allowed for breach of contract, regardless of defendants' motive." Therefore, the D.C. Court of Appeals agrees with the court in Sere, that punitive damages do not lie for breach of contract claims.

Since punitive damages are not available in a breach of contract claim, the only amount even arguably claimed in good faith by the Plaintiff is $10,000.00. As such the amount in controversy requirement is not met under 28 U.S.C. § 1332(a). Even if Plaintiff's claims are interpreted as fraud claims, the amount of punitive damages in comparison with the claim for compensatory damages is grossly excessive, especially in light of the fact that the claims are, at best, quasi-contractual in nature. Therefore, jurisdiction on the basis of diversity of citizenship is not proper.

## CONCLUSION

For the foregoing reasons, Defendants H. Wesley Robinson, National Legal Professional Associates, and Charles A. Murray respectfully maintain their request that this Court grant their motions to dismiss Plaintiff's complaint, since this court lacks subject matter jurisdiction over the Plaintiff's claims and since Plaintiff has failed to state a claim on which relief may be granted.

Respectfully submitted,

February 29, 2008

_____
Charles A. Murray, Esq.
Attorney for the Defendants
27499 Riverview Center Blvd., Suite 112
Bonita Springs, FL 34134-4313
Telephone: (239) 649-7773
Fax: (239) 262-3517

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Reply appended hereto has been sent this 29th day of February, 2008, by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to the Plaintiff, Roy Thomas, 11340-007, P.O. Box 2068, United States Penitentiary, Inez, KY 41224.

_____
Charles A. Murray, Esq.