IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY THOMAS,

    Plaintiff

Case No. 1:07-cv-00892

v.

NATIONAL LEGAL PROFESSIONAL
ASSOCIATES, ET AL.

    Defendants

---

**RESPONSE OF DEFENDANTS, CHARLES A. MURRAY,
NATIONAL LEGAL PROFESSIONAL ASSOCIATES,
AND H. WESLEY ROBINSON TO SHOW CAUSE ORDER**

---

Come now the Defendants, Charles A. Murray, National Legal Professional Associates, and H. Wesley Robinson (Hereinafter referred to as "Defendant Murray," "Defendant NLPA," and "Defendant Robinson," individually, and "Defendants," collectively), and file this response to the Court's show cause order, dated February 27, 2008.

On May 11, 2007, Roy Thomas (hereinafter referred to as "Plaintiff") filed a lawsuit in this Court, claiming violations of his rights under 42 U.S.C. §§ 1985(3) and 1986, and 18 U.S.C. §§ 1346, 1503, 1512, and 1961. On July 27, 2007, each of the Defendants filed motions to dismiss the Plaintiff's Complaint. The Defendants set forth the following arguments:

    1.    This Court lacks subject matter jurisdiction over Plaintiff's claims, as these claims are subject to the arbitration agreement contained within the contract, from which these claims arise;

    2.    Plaintiff has failed to state a claim upon which relief can be granted; and

    3.    This Court lacks jurisdiction over Plaintiff's claims as the Plaintiff has not set forth a Good Faith Claim of an Amount in Controversy Exceeding $75,000.00.

On February 27, 2008, this Court issued an order, requiring the Defendants to show cause why this Court should not deny the motions to dismiss due to:

    1.    Impossibility of performance due to the Plaintiff's incarceration;

    2.    Claims of fraud that may void the Arbitration Agreement;

    3.    Lack of an arbitration agreement between the Plaintiff and Defendants Charles A. Murray and H. Wesley Robinson; and

    4.    Prior Default.

The Defendants present the following response to the show cause order.

**I.    Impossibility of Performance due to Plaintiff's Incarceration.**

In the order to show cause, it is noted that the Plaintiff was incarcerated at the time he signed the Agreement to Arbitrate, and that he remains incarcerated at the present time, and therefore could not attend an arbitration. However, the Defendants assert that the Plaintiff is no more prevented from participating in arbitration proceedings, according to the terms of the arbitration agreement, than he has been from filing this instant action and actively participating in every step of the legal process, albeit through the mail system.

As noted by the Court, the arbitration agreement stated that the parties "agree to submit any dispute arising under this agreement . . . to binding arbitration in accordance with the Better Business Bureau ("BBB") Rules of Binding Arbitration . . ." Those rules expressly allow for arbitration hearings to take place over the telephone or even through writings. Rules 4 and 5 allow for the Demand for Arbitration, as well as the Answer and

Counterclaim to be submitted in writing. Rule 7 allows for the selection of the arbitrator to be conducted by mail. Finally, Rule 11 provides that while "most arbitrations involve in-person hearings" the BBB, "at a party's request or at the BBB's option, may arrange to have your statement and evidence presented *by telephone or in writing*." (Rule Rules of Binding Arbitration for Disputes Subject to Pre-Dispute Binding Arbitration Clauses, <http://www.us.bbb.org/WWWRoot/SitePage.aspx?site=113&id=cc197d4d-694c-496c-a32f-877d9d9f278d> (copy attached for the Court's convenience, as well as attached to the copy of this response to be served on Plaintiff)).

Based on the foregoing, the rules to be followed in accordance with the agreement to arbitrate expressly provide for the means for someone to participate in every step of the arbitration proceedings by telephone or through writings. Therefore, it would certainly not be impossible for the Plaintiff to comply with the terms of the arbitration agreement.

## II.     The Plaintiff's Claims of Fraud

### A.     Plaintiff's Fraud Claim is Merely a Breach of Contract Claim

Defendants H. Wesley Robinson and Charles A. Murray maintain that Plaintiff's vague references to alleged fraudulent acts refer only to the manner in which the Plaintiff believes the underlying contract was breached, and therefore should only be considered, if at all, as breach of contract claims. Plaintiff has clearly failed to state a claim for breach of contract on which relief may be granted against either Defendant Robinson or Murray, due to the failure to allege any contract between Plaintiff and those Defendants.

### B. Plaintiff has Failed to Plead his Fraud Claim with Particularity

The Defendants each assert that Plaintiff's vague references to fraudulent acts does not satisfy Rule 9(b) of the Federal Rules of Civil Procedure, which requires fraud to be pleaded with particularity. This requires a plaintiff to "state the time, place and content of the false representations, the fact misrepresented, and what was retained or given up as a consequence of the fraud." United States v. Baker, 389 F.3d 1251, 1256 (D.C. Cir., 2004). The Plaintiff has failed to identify what false representations were made. Even in responding to the motion to dismiss, the Plaintiff has only pointed to alleged instances of work performed by Defendants in conjunction with an "agreement", and what arguments were raised on behalf of Plaintiff. (Plaintiff's Response, at 5-6). Such allegations make no mention of any representations, much less misrepresentations. Obviously then, Plaintiff also did not identify the time, place and content of false representations, what was represented, or what was given up as a consequence of fraud.

In his response, Plaintiff claimed that "defendants conspired to not accept any telephone calls from the plaintiff, and hastily prepared another motion . . ." and asserted that these actions constituted "acts of fraud and deceit." (Plaintiff's Response, at 6). Once again, Plaintiff failed to identify any misrepresentations, much less the particular contents, circumstances, or effects of any misrepresentation. The Plaintiff has wholly failed, both in his complaint and in his response to the motions to dismiss, to provide any specific false representations, or the particular circumstances thereof, by any of the Defendants.

Based on the foregoing, the Defendants maintain that Plaintiff has failed to plead his fraud claim with particularity, and has therefore failed to state a claim upon which

4

relief may be granted. Because the Plaintiff has failed to state a claim of fraud with the required particularity, even if the arbitration agreement was voided by a fraud claim, such claims should be dismissed, regardless, due to Plaintiff's failure to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

      **C.**    **The Plaintiff's Fraud Claim Should Also be Subjected to Binding Arbitration.**

The Plaintiff's bare bones fraud claim must also be subject to arbitration, as it would not fall outside the bounds of the scope of the agreement to arbitrate. That agreement, as noted in the show cause order, requires the parties to "agree to submit any dispute arising under this agreement, with the exception of disputes alleging criminal or statutory violations to binding arbitration . . ." The Plaintiff's complaint essentially consists of a claim that money was paid for services that were not satisfactory, and therefore he believes he is entitled to the return of his money. The Plaintiff has simply used the word "fraud" to describe the way he claims that the contract was breached. Every one of the alleged actions of the Defendants, who were parties to the contract with the Plaintiff, was related to the performance of contractual obligations under that contract. Therefore, merely labeling such actions as fraudulent do not remove the actions from the bounds of the arbitration agreement.

**III.**    **The Lack of An Arbitration Agreement Between Plaintiff and Defendants Murray and Robinson.**

In their motions to dismiss, Defendants Robinson and Murray asserted that they were not parties to the contract at issue. However, the only ascertainable claim presented by the Plaintiff was for breach of contract, and the only contract even mentioned was the one containing the arbitration agreement. Therefore, if the Court determines that either

Defendant was a party to the contract, the arbitration clause should apply. The lack of a valid breach of contract claim between the Plaintiff and Defendants Robinson and Murray will be addressed further in Part V of this response.

### IV.  Prior Default

The Plaintiff filed his complaint on May 11, 2007. On July 23, 2007, a default entry was filed, as none of the answers of the Defendants had been filed on time. On July 27, 2007, the Defendants each filed a motion to set aside the default. Those motions are still pending. As these motions should be granted, the prior entry of default should not serve to limit the Defendant's remedies, including the granting of the pending motions to dismiss.

As set forth in the Defendants' motions to set aside the default entry, prior to the entry, the undersigned counsel forwarded answers for each of the three Defendants to local counsel. The undersigned counsel was required to employ the use of local counsel, as his membership with the District of Columbia bar had lapsed. Local counsel informed the undersigned that the answers, as well as the motions to dismiss, had been filed on June 12, 2007.

Rule 55(c) of the Federal Rules of Civil Procedure allows for the setting aside of a default entry upon a showing of good cause. Courts should liberally allow such relief, given that it is preferable to decide cases on the merits rather than on the basis of default. Pulliam v. Pulliam, 478 F.2d 1395 (D.C. Cir. 1973); Schartner v. Copeland, 487 F.2d 1395 (M.D. Pa. 1973). In deciding whether to set aside a default, the following factors should be considered:

    1.    Whether the default was willful;

>   2.  Whether setting aside the default will prejudice Plaintiff; and
>
>   3.  Whether the alleged defense was meritorious.

Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980).

In the instant case, the default was not willful. Rather, this was simply a case of mis-communication between counsel and local counsel. There was obviously no intention to miss the filing deadline. Additionally, courts are reluctant to "attribute to the parties the errors of their legal representatives." Barber v. Turberville, 218 F.2d 34, 36 (D.C. Cir. 1954).

Additionally, there was no prejudice to the Plaintiff. The motion to set aside the default was filed just days after the filing of the entry. Delay alone does not constitute prejudice. Capital Yacht Club v. Vessel Aviva, 228 F.R.D. 389, 393 (D. D.C. 2005). The issue is the dangers which might result from the delay: "loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." Id. Even in response to the Defendants' motions, the Plaintiff has been unable to come up with any basis for prejudice, except for extra paperwork required to respond to the motions. Certainly, the Plaintiff has not set forth any such basis, because no basis for prejudice exists.

Finally, the Defendants have each set forth meritorious defenses. In each of their Answers, the Defendants denied the allegations and asserted affirmative defenses. Also, in their motions to dismiss, the Defendants have asserted that the Plaintiff has failed to state a claim on which relief may be granted, and a lack of subject matter jurisdiction as a result of a binding agreement to arbitrate.

As these motions should be granted, the prior entry of default should not serve to limit the Defendant's remedies, including the granting of the pending motions to dismiss.

## V.   Additional Grounds Persist Requiring the Dismissal of Plaintiff's Claims

Even if there were no valid and enforceable arbitration agreement, the Defendants have set forth grounds by which the Plaintiff's claims should nonetheless be dismissed.

### A.   Plaintiff Failed to State a Claim upon Which Relief can be Granted

#### 1.   Breach of contract

As mentioned previously, Defendants Murray and Robinson have asserted that the Plaintiff has failed to state a claim for breach of contract against them.

The Plaintiff's entire claim is based upon payments made in exchange for services, which the Plaintiff does not believe were satisfactory. Plaintiff only mentions payments made to Defendants NLPA and Murray. No mention is made of any such payments to Defendant Robinson. The Plaintiff has failed to assert the existence of any contract between himself and Defendant Robinson. Furthermore, the Plaintiff has failed to even allege any breach of any duty by either Defendant Robinson or Murray.

Since the Plaintiff has failed to plead necessary elements of a breach of contract claim - the existence of a contract, a duty, and a breach of that duty - he has failed to state a claim upon which relief can be granted.

#### 2.   Fraud

As noted previously, the Plaintiff's complaint does not set forth a clear cause of action for fraud, but only makes vague references to fraudulent acts committed by Defendants. As discussed earlier, the Plaintiff has failed to plead his fraud claim with the particularity required in Rule 9(b) of the Federal Rules of Civil Procedure.

Specifically, the Plaintiff has failed to "state the time, place, and content of the false representations, the fact misrepresented, and what was retained or given up as a consequence of the fraud." United States v. Martin-Baker, 389 F.3d 1251, 1256 (D.C. Cir., 2004). Since he has failed to even establish what false representation was made by whom, the Plaintiff has not met these requirements. Therefore, he has failed to plead his fraud claim with particularity and has therefore failed to state a claim on which relief may be granted.

### 3.     Statutory Violations

The Plaintiff has merely listed various statutory sections in his complaint, without even attempting to support such claims with any facts.

Title 42 U.S.C. § 1985(3) involves conspiracies to deprive an individual of his rights or privileges, equal protection of the laws, or equal privileges and immunities under the law. Section 1986 involves the failure to prevent such a conspiracy. The Plaintiff's Complaint makes no allegations of any actions by the Defendants which deprived the Plaintiff of any right or privilege.

Title 18 U.S.C. § 1346 involves mail fraud. The Plaintiff's has not included any allegations in his Complaint of any of the Defendants' actions relating to any type of mail fraud.

Title 18 U.S.C. § 1503 involves the unlawful influencing or injuring of an officer or a juror. Once again, no such allegations are included or even alluded to in the Plaintiff's Complaint.

9

Title 18 U.S.C. § 1512 involves tampering with a witness, victim, or informant. There are no facts asserted in the Plaintiff's Complaint that in any way support such a claim against any of the Defendants.

Finally, 18 U.S.C. § 1961 provides definitions for crimes of racketeering and corrupt organizations. There are absolutely no facts in the Plaintiff's Complaint which set forth such criminal practices by any of the Defendants.

As these statutory sections have simply been listed together, without any factual support or actual allegations of the violations of these sections, such a list certainly can not be said to set forth a claim on which relief can by granted. Since Plaintiff has wholly failed to plead any elements of any sort of violation of these statutory provisions, he has failed to state a claim upon which relief can be granted.

### B. This Court Lacks Jurisdiction over the Plaintiff's claims as the Plaintiff has not set forth a Good Faith Claim of an Amount in Controversy Exceeding $75,000.00.

As noted in the show cause order, the Plaintiff has asserted diversity jurisdiction. Under 28 U.S.C. § 1332(a), federal courts have jurisdiction over civil actions involving citizens of different states, where the amount in controversy exceeds $75,000.00. This amount is determined by the amount claimed by the plaintiff, so long as the amount is claimed in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). Still, "if it 'appears to a legal certainty that the claim is really for less than the jurisdictional amount,' dismissal is justified." Hunter v. D.C., 384 F. Supp.2d 257, 260 (D.D.C. 2005) (citing St. Paul Mercury Indem. Co., 303 U.S. at 288).

In his claim for relief, the Plaintiff seeks a total of $100,000.00 in damages, 90% of which is sought in the form of punitive damages. The Plaintiff's claim for such damages can not be viewed as being made in good faith.

With regard to punitive damages, such awards are given "in a tort action if the defendant's tortious behavior is accompanied by 'fraud, ill will, recklessness, wantonness, oppressiveness, wilful disregard for the plaintiff's right . . .'" Hunter, 384 F. Supp.2d at 261 (citing Butera v. D.C., 344 U.S. App. D.C. 265 (2001). In the instant case, the Plaintiff only makes illusory references to fraudulent actions by the Defendants. However, in order to reach the threshold amount of $75,000, based upon his claim for only $10,000 in compensatory damages, the Plaintiff would have to receive $65,000 in punitive damages. Applying principles of due process, courts will not award punitive damages in such amounts that they would be construed as "grossly excessive." Hunter, 384 F. Supp.2d at 261. While no bright line rule exists to determine what constitutes a "grossly excessive" punitive damages award, courts have typically found that a punitive damage award which is ten times more than the compensatory damages awarded would certainly be a violation of due process. Id. at 261-262.

Here, to reach the threshold amount of $75,000.00, the Plaintiff would have to claim a right to $65,000.00. This is 6.5 times as much as the claimed amount of compensatory damages. While this ratio is less than 10 to 1, given the circumstances of the case, such a punitive award would certainly violate the principles of due process. Aside from the sheer size of such an award, it is also necessary to consider the fact that such an award would essentially be for a mere breach of contract claim.

As shown previously, the Plaintiff's complaint, despite making other illusory claims, essentially sets forth a claim that the Defendants breached their contractual obligations. In fact, at the conclusion of his Complaint, the Plaintiff even states that his claim for $100,000.00 was due to "Defendants' breach of contractu[]al agreements." District of Columbia courts have held that, "where the basis of a complaint is . . . a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton, or malicious." Sere v. Group Hospitalization, 443 A.2d 33 (Ct. App. D.C. 1982). There can be no dispute that the basis of the Plaintiff's complaint is for breach of contract. Therefore, punitive damages are not available.

Since punitive damages are not available in a breach of contract claim, the only amount claimed by the Plaintiff in good faith is $10,000. As such, the amount in controversy requirement is not met under 28 U.S.C. § 1332(a). Therefore, jurisdiction on the basis of diversity of citizenship is not proper. The Plaintiff would likely argue that jurisdiction still lies on the basis of federal question. This argument, however, would rest solely on the list of statutory sections provided by the Plaintiff. As previously shown, this list is not sufficient to establish any actual claims. As such, this list cannot be used to establish jurisdiction on the basis of an issue based on a federal question.

### C.  Conclusion

Even if there were no enforceable arbitration agreement, the above arguments would be sufficient to dismiss the complaint. The only claim which could potentially survive a motion to dismiss on other grounds is the breach of contract claim against Defendant NLPA. That claim should certainly be subjected to the valid arbitration agreement. The other claims all fail under Rule 12(b)(6), even if they are not subject to

arbitration. Furthermore, all of these claims fail for Plaintiff's inability to set forth a good faith claim of an amount in controversy exceeding $75,000.00.

## CONCLUSION

For the foregoing reasons, Defendants H. Wesley Robinson, National Legal Professional Associates, and Charles A. Murray respectfully maintain their request that this Court grant their motions to dismiss Plaintiff's complaint, since this court lacks subject matter jurisdiction over the Plaintiff's claims and since Plaintiff has failed to state a claim on which relief may be granted.

Respectfully submitted,

April 21, 2008

Charles A. Murray, Esq.
Attorney for the Defendants
27499 Riverview Center Blvd.
Suite 112
Bonita Springs, FL 34134-4313
Telephone: (239) 649-7773
Fax: (239) 262-3517

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Reply appended hereto has been sent this 21 day of April, 2008, by regular U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to the Plaintiff, Roy Thomas, 11340-007, P.O. Box 2068, United States Penitentiary, Inez, KY 41224.

Charles A. Murray, Esq.

13