UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROY THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-892 (RMC) |
| | ) | |
| **NATIONAL LEGAL PROFESSIONAL ASSOCIATES,** *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Roy Thomas, convicted of murder in D.C. Superior Court, hired National Legal Professional Associates ("NLPA") to assist him in obtaining a new trial. NLPA personnel are not lawyers but the owner of the company, Charles A. Murray, is. NLPA prepared, and forwarded to Mr. Murray a motion for sentence reduction, which erroneously argued that Mr. Thomas's sentence was illegal. Mr. Thomas promptly attempted to fire NLPA and his counsel but NLPA kept preparing useless legal memoranda until it had exhausted Mr. Thomas's retainer, in the amount of $10,000. All attempts to reclaim his money have failed. Proceeding *pro se*, he sued in federal court, alleging, *inter alia*, fraud and breach of contract.[1]

---

[1] Federal diversity jurisdiction exists in this action under 28 U.S.C. § 1332 (2001) as there is diversity of citizenship and the amount in controversy exceeds $75,000. *See* Compl. at 5. Mr. Thomas seeks $10,000 in compensatory damages and $90,000 in punitive damages. *See Wexler v. United Air Lines*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007) ("Punitive damages may generally be included when calculating the amount in controversy under 28 U.S.C. § 1332(a)."); *BWX Electronics, Inc. v. Control Data Corp.*, 929 F.2d 707, 712 (D.C. Cir. 1991) (punitive damages are available in fraud actions in the District of Columbia where "defendant's conduct evinces 'gross fraud, willful disregard of the plaintiff's rights, or other aggravating circumstances'"). "[T]he D.C. Circuit has instructed that a plaintiff's punitive damages claim . . . is properly considered as part of the amount in controversy when the plaintiff proffers factual evidence that

On July 23, 2007, after Defendants NLPA and two of its principals, Charles Murray and H. Wesley Robinson, failed to file an answer or otherwise respond to the Complaint, the Clerk entered default for Plaintiff. *See* Dkt. # 4. Defendants, represented by Mr. Murray, move to set aside the Clerk's entry of default and move to dismiss, arguing that there is no federal jurisdiction and that Mr. Thomas agreed to arbitrate any dispute before the Better Business Bureau. *See* Dkt. ## 5-6, 8-9 & 11-12. On February 27, 2008, this Court issued an Order, requiring the Defendants to show cause no later than March 27, 2008, why the Court should not deny the motions because of: (1) impossibility of performance due to Mr. Thomas's incarceration; (2) claims of fraud that may void the Agreement; (3) lack of an arbitration agreement between Mr. Thomas and Defendants Charles Murray and H. Wesley Robinson; and (4) prior default.

On April 18, 2008, Mr. Thomas filed a notice, informing the Court that Defendants failed to respond to the Order to Show Cause and requesting that the Defendants' Motions be denied. *See* Dkt. # 14. On April 21, 2008, nearly a month after the due date, Defendants filed a Motion for Leave to File Late a Response to the Show Cause Order. *See* Dkt. # 27. In Defendants' Motion, they explain the delay in responding to the Court's Order:

> In the past week, counsel for the Defendants received a copy of a letter from the Plaintiff, to this Court. According to that letter, dated April 14, 2008, this Court had entered an order on February 28, 2008, for the Defendants to show cause why the Court should not deny the motions to dismiss. Unfortunately prior to the reading of this letter, counsel was not aware of any such show cause order. Counsel is not aware of having ever received a copy of the order. However, after receiving the Plaintiff's letter, and reviewing the online docket,

---

he is entitled to punitive damages and it is not clear beyond a legal certainty that the plaintiff would be unable to recover such damages." *Naegele v. Albers*, 355 F. Supp. 2d 129, 136 (D.D.C. 2003) (citations omitted). Here, Mr. Thomas has sufficiently set forth his allegations of fraud and breach of contract in the Complaint to establish this Court's jurisdiction.

>  counsel is now aware of the existence of that order, and wishes to have the opportunity to respond thereto.

*See id*. at 2.

The Court will deny Defendants' Motion for Leave to File Late a Response to the Show Cause Order. *See Fox v. Am. Airlines*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, appellants complained that "as the result of a malfunction in the district court's CM/ECF electronic case filing system, counsel never received an e-mail notifying him of [appellee's] motion to dismiss their amended complaint." The court rejected this explanation and stated: "In defending their failure to comply with Local Rule 7(b), the appellants offer nothing but an updated version of the classic 'my dog ate my homework line' . . . . [C]ounsel's effort at explanation, even taken at face value, is plainly unacceptable. Regardless of whether he received the e-mail notice, he remained obligated to monitor the court's docket." *Id*. at 1294 (citing *United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders")). Defendants were obligated to check the case docket in this case and did not do so. Their actions, particularly in light of their earlier default,[2] do not constitute "excusable neglect" pursuant to Federal Rule of Civil Procedure 6(b). Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Leave to File Late a Response to the Show Cause Order [Dkt. # 27] is **DENIED**; and it is

**FURTHER ORDERED** that the Court's February 27, 2008 Order to Show Cause [Dkt. # 24] is **DISCHARGED**; and it is

---

[2] The Court also notes that Defendants' March 3, 2008 Reply in Support of their Motions to Set Aside Default and Motions to Dismiss [Dkt. # 26] was filed out of time. Pursuant to Local Rule of Civil Procedure 7(d) and Federal Rule of Civil Procedure 6(d), Defendants' Reply was due no later than March 2, 2008.

**FURTHER ORDERED** that Defendants' Motions to Set Aside Default and Motions to Dismiss [Dkt. ## 5-6, 8-9 & 11-12] are **DENIED**; and it is

**FURTHER ORDERED** that judgment is **GRANTED** to Plaintiff in this matter; and it is

**FURTHER ORDERED** that Defendants shall pay compensatory damages to Plaintiff in the amount of $10,000; and it is

**FURTHER ORDERED** that Defendants' shall file a brief no later than <u>September 5, 2008</u> specifying their position, with legal support, on the amount of punitive damages owed to Plaintiff, if any; and it is

**FURTHER ORDERED** that Plaintiff may file a response to Defendants' submission no later than <u>October 30, 2008</u>.

**SO ORDERED**.

Date: July 31, 2008                                  /s/
                                                              ROSEMARY M. COLLYER
                                                              United States District Judge