IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ROY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-892 (RMC) |
| | ) | |
| NATIONAL LEGAL PROFESSIONAL ASSOCIATES, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO THE PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60**

COMES NOW the Defendants herein, CHARLES A. MURRAY, ESQ., NATIONAL LEGAL PROFESSIONAL ASSOCIATES AND H. WESLEY ROBINSON, by and through the undersigned counsel, and files a Response to the Plaintiff's Motion for Extension of Time to Respond to the Defendants' Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60.  The Defendants submit that the Plaintiff has failed to put forth proper cause permitting for an enlargement of time to file, aside from mere inconvenience on the part of the Plaintiff.  In support hereof, the Defendants submit the following:

1. On July 31, 2008, this Court entered an Order denying the Defendants Motion for Leave to File Late a Response to the Show Cause Order in the instant civil action. Further, judgment was granted to the Plaintiff.

2. On August 7, 2008, the Defendants filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60, regarding the July 31, 2008 order.

3. The Plaintiff has since filed a Motion for Extension of Time in which to respond to the Defendants' Rule 60 motion, arguing that he has been in "lock-down" while incarcerated and that the prison law library lacks a copy machine.

WHEREFORE, in consideration of the foregoing as well as argument of law contained in the Memorandum of Law filed herewith, the Defendants respectfully pray that this Court deny the Plaintiff's Motion for Enlargement of Time as the motion is not meritorious.

Respectfully submitted,

September 4, 2008

Charles A. Murray, Esq.
Attorney for the Defendants
27499 Riverview Center Blvd., Suite 113
Bonita Springs, Florida 34134
Telephone: (239) 649-7773
Fax: (239) 262-3517

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-892 (RMC) |
| ) | |
| NATIONAL LEGAL PROFESSIONAL ) | |
| ASSOCIATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW**

The Defendants herein submit this Memorandum in Support of their Response, stating as follows:

**I.  The Plaintiff Has Failed to Put Forth Sufficient Cause Pursuant to Federal Rule of Civil Procedure 6 to Permit an Enlargement of Time to File His Responsive Pleadings.**

According to Federal Rule of Civil Procedure 6,

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), and 60(b).

Fed.R.Civ.P. 6(b).

The administration of filing deadlines has been deemed a matter of case management, and is left within the broad discretion of the trial court to determine. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145 (D.C. Cir. 1996); McIntosh v Antonino, 71 F.3d 29 (1st Cir. 1995). However, this discretion is not unlimited. In exercising discretion regarding enlargements of time, courts should be mindful that rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action. Spears v. City of Indianapolis, 74 F.3d 153 (7th Cir. 1996). Deadlines serve useful purpose and reasonable adherence to them is to be encouraged. Id.

Importantly, sufficient cause must be shown in order to be granted an enlargement of time. Harper v. Kobelinski, 589 F.2d 721 (D.C. Cir. 1978); Sanozky v Int'l Ass'n of Machinists & Aero. Workers, 415 F.3d 279 (2d Cir. 2005). In Sanozky, the movant's motion for enlargement of time to file was denied as the movant had failed to offer any reason as to why he was unable to timely file the motion at issue, resulting in a denial of his motion to enlarge the time to file. Id. An attorney's busy schedule will rarely satisfy the cause requirement in a motion to enlarge the time in which to file. Walls v International Paper Co., 192 F.R.D. 294 (D.Kan. 2000). Further, ignorance of a filing deadline will not satisfy the cause requirement in seeking to enlarge the time in which to file. Graham v. Pennsylvania Railroad, 342 F.2d 914 (D.C. Cir. 1964).

In the instant case, the Plaintiff asserts that he needs extra time in which to respond to the Defendants' motions for several reasons, those being: (1) that the Plaintiff is in "lock-down" in prison; and (2) the prison law library lacks a copy machine. Plaintiff's Motion at 2.

While the Defendants certainly sympathize with the Plaintiff's situation, the Defendants submit that the Plaintiff's situation does not present the necessary cause to grant any enlargement of time in which to file responses in this matter. It was by choice that the Plaintiff chose to proceed *pro se*. The Plaintiff cannot now cite to the difficulties caused by being a *pro se* litigant to circumvent the civil rules of procedure. The Federal Rules of Civil Procedure do not make distinctions between *pro se* litigants and those represented by counsel. The Rules apply equally to all litigants. Further, the reasons cited by the Plaintiff in support of his request for additional filing time amount to little more than a similar claim by an attorney that more time for filing is needed because of a busy schedule. The Plaintiff is hampered by a shortage of time and equipment in which to do a large amount of work. As stated in Walls, it is rare that a busy schedule will result in the granting of an enlarged time in which to properly file documents in a case.

The Defendants note that judgment was entered against them in this matter when this Court denied them additional time to file responsive pleadings. To now allow the Plaintiff additional time in which to file responsive pleadings in this matter would seem to be unequal treatment of the litigants herein. As such, the Defendants submit that the interests of justice and the appearance of fairness dictate that the litigants be treated equally, and that the Plaintiff not be given additional time in which to file a responsive pleading.

The Defendants also note that the factors submitted by the Plaintiff in favor of an enlargement of time to file are of the Plaintiff's own making and were well known before the Plaintiff initiated litigation in this matter. It would be unjust to now allow the Plaintiff to utilize these factors to circumvent the Federal Rules of Civil Procedure. For

the foregoing reasons, the Defendants in this matter, National Legal Professional Associates, H. Wesley Robinson, and Defendant, Charles A. Murray, respectfully requests this Court deny the Plaintiff's Motion for Enlargement of Time, as the Plaintiff has failed to put forth sufficient cause in support of his motion.

Respectfully submitted,

September 4, 2008

_____
Charles A. Murray, Esq.
Attorney for the Defendants
27499 Riverview Center Blvd., Suite 113
Bonita Springs, Florida 34134
Telephone: (239) 649-7773
Fax: (239) 262-3517

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Response and Memorandum of Law has been sent this 4th day of September, 2008, by regular United States Mail with sufficient postage affixed thereto to insure delivery thereof to the Plaintiff, Roy Thomas, 11340-007, P.O. Box 2068, United States Penitentiary, Inez, KY 41224.

_____
Charles A. Murray, Esq.
Attorney for the Defendants

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| ROY THOMAS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL LEGAL PROFESSIONAL )<br>ASSOCIATES, *et al.*, )<br>)<br>    Defendants. )<br>) | Appeal No. 08-7084 |

**DEFENDANTS' RESPONSE TO THE MOTION TO DISMISS APPEAL**

COMES NOW the Defendants herein, CHARLES A. MURRAY, ESQ., NATIONAL LEGAL PROFESSIONAL ASSOCIATES AND H. WESLEY ROBINSON, by and through the undersigned counsel, and files a Response to the Motion to Dismiss the Appeal. In said motion, the Plaintiff argues that the order appealed from was a non-final, non-appealable order. Motion at 1. The Plaintiff notes that, while judgment was entered against the Defendants, the district court still has to hear arguments regarding the imposition of punitive damages. Motion at 1. The Plaintiff fails to cite to any law in support of his arguments.

Although the Defendants submit that the notice of appeal was properly filed, assuming *arguendo* that the notice of appeal was filed prematurely, the Defendants point to Rule 4 of the Federal Rules of Appellate Procedure. Therein, it is stated that if a notice of appeal is filed before the court issues a final judgment, the notice of appeal shall be considered filed on the date of the final judgment. Fed.R.App.P. 4(a)(2). As such, even if prematurely filed, the notice of

appeal should be considered timely filed when the punitive damages issue is resolved, thereby alleviating the need to dismiss the instant appeal.

      WHEREFORE, in light of the foregoing, the Defendants request that this Court deny the Plaintiff's motion to dismiss the appeal.

                                                Respectfully submitted,

                                                Charles A. Murray, Esq.
                                                Attorney for the Defendants
                                                27499 Riverview Center Blvd., Suite 113
                                                Bonita Springs, Florida 34134
                                                (239) 985-4081 voice
                                                (239) 985-4084 facsimile

## CERTIFICATE OF SERVICE

      I do hereby certify that a true and correct copy of the above and foregoing motion and accompanying memorandum has been delivered this 4th day of September, 2008, by regular United States Mail with sufficient postage affixed thereto to insure delivery thereof to the Plaintiff, Roy Thomas, 11340-007, P.O. Box 2068, United States Penitentiary, Inez, Kentucky 41224.

                                                Charles A. Murray, Esq.
                                                Attorney for the Defendants