**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ROY THOMAS,** **Plaintiff,** v. **NATIONAL LEGAL PROFESSIONAL ASSOCIATES, *et al.*,** **Defendants.** | ) | **Civil Action No. 07-892 (RMC)** |

**MEMORANDUM OPINION**

On July 31, 2008, after Defendants had defaulted, the Court ordered Defendants to pay $10,000 in compensatory damages to Plaintiff, the amount of money that Plaintiff had paid Defendants to assist him in obtaining a new trial.[1] *See* Dkt. # 30. The Court ordered further briefing on the amount of punitive damages owed to Plaintiff, if any. *See id.* Having considered those briefs, the Court will deny Plaintiff's request for punitive damages.

Plaintiff, proceeding *pro se*, sought $10,000 in compensatory damages and $90,000 in punitive damages arising from Defendants' post-conviction legal representation of Plaintiff. In Defendants' Brief Regarding Punitive Damages [Dkt. # 33] ("Defs.' Br."), Defendants not only argue against punitive damages but also that the Court should not have included the amount of Plaintiff's requested punitive damages in determining the amount in controversy under 28 U.S.C. § 1332(a). Before reaching the merits of Plaintiff's punitive damages request, the Court will first address Defendants' jurisdictional challenge.

---

[1] Plaintiff was convicted of murder in D.C. Superior Court.

> The rule governing dismissal for want of jurisdiction in cases brought in federal court is that . . . the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal*. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Rosenboro v. Kim*, 994 F.2d 13, 16-17 (D.C. Cir. 1993) (emphasis and alterations in original) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). "[T]he Supreme Court's yardstick demands that courts be very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction." *Id.* at 17. "In applying the legal certainty test where the availability of punitive damages is the sine qua non of federal jurisdiction the District Court should scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact." *Kahal v. J.W. Wilson & Assocs., Inc.*, 673 F.2d 547, 549 (D.C. Cir. 1982).

In its July 31, 2008 Order, the Court had reviewed Plaintiff's claims and found that "Mr. Thomas has sufficiently set forth his allegations of fraud and breach of contract in the Complaint to establish this Court's jurisdiction." Dkt. # 30 at 2. Defendants advance two arguments for why the Court assertedly erred in including Plaintiff's punitive damages request in the amount in controversy: (1) the amount is grossly excessive and violates due process, and (2) the basis of Plaintiff's Complaint is a breach of contract and punitive damages are unavailable for breach of contract. *See* Defs.' Br. at 10-12. Both arguments fail.

Defendants argue that "in order to reach the threshold total amount of $75,000.00, the Plaintiff would have to claim a right to $65,000.00[,]" that "[t]his represents an amount 6.5 times as much as the claimed amount of compensatory damages[,]" and that "such a punitive award would certainly violate the principles of due process." *Id.* at 11. However, the Supreme Court "has been reluctant to identify concrete constitutional limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award" and it recently "decline[d] again to impose a bright-line ratio which a punitive damages award cannot exceed." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003). The closest the Supreme Court has come to establishing a hard ratio cap on punitive damages is to admonish that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id.* at 425. Thus, "[s]ingle-digit multipliers[,]" like here, "are more likely to comport with due process . . . than awards with ratios of 500 to 1," or, as in *Campbell*, "145 to 1." *Id.* (citation omitted). Against this backdrop, the Court cannot say with "legal certainty" that a ratio of 6.5 to 1 between Plaintiff's punitive and compensatory damages violates Defendants' due process rights.[2]

Defendants also argue that "[s]ince punitive damages are not available in a breach of contract claim, the only amount claimed by the Plaintiff in good faith is $10,000." Defs.' Br. at 12. Defendants overlook that they owed Plaintiff fiduciary duties. "Although punitive damages generally are not recoverable for breach of contract, this rule is inapplicable if there exists an independent fiduciary relationship between the parties." *Wagman v. Lee*, 457 A.2d 401, 404 (D.C.

---

[2] Defendants' reliance on *Hunter v. District of Columbia*, 384 F. Supp. 2d 257 (D.D.C. 2005), is misplaced because "[t]o meet the $75,000 amount in controversy requirement," plaintiff would have had to receive a punitive damage award in "an amount almost thirteen times the compensatory damages claimed." *Id.* at 261.

1983). There existed such a fiduciary relationship between Plaintiff and Defendants. *See, e.g.*, *Connelly v. Swick & Shapiro, P.C.*, 749 A.2d 1264, 1268 (D.C. 2000) ("there is an ever present fiduciary responsibility that arches over every aspect of the lawyer-client relationship").

Nor does the Court agree with Defendants' assessment that "[t]here can be no dispute that the alleged basis of the Plaintiff's complaint is for an unfounded alleged breach of contract." Defs.' Br. at 12. While it is true that Plaintiff specifically pleaded breach of contract, he also alleged fraud, and because Plaintiff is proceeding *pro se* the Court must construe his Complaint liberally. *See, e.g.*, *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008). Plaintiff's "STATEMENT OF CLAIM" provided that "[t]his complaint emenates [sic] due to fraudulent and unconstitutional taking of funds from the [P]laintiff by the [D]efendants." Compl. IV.B. The gravamen of Plaintiff's Complaint is that Defendants "fail[ed] to perform the research and to produce a viable motion that the Plaintiff could file to attack the convictions and sentences in the criminal case." *Id.* ¶ 12. The substance of Plaintiff's allegations sound in fraud, legal malpractice and/or breach of fiduciary duty.[3] Punitive damages may be recoverable for such independent torts. *See, e.g.*, *Fireman's Fund Ins. Co. v. CTIA*, 480 F. Supp. 2d 7, 13 (D.D.C. 2007) ("The District of

---

[3] *See* Compl. IV.B. ¶ 2 (motion not timely filed); ¶ 3 (motion was "totally off-point"); ¶ 4 ("NLPA had not done any research on the issues that the Plaintiff wished to raise, or any other issues, instead NLPA had simply retyped the contents of the motions and briefs the Plaintiff sent to NLPA"); ¶ 5 (memorandum in support of motion "was based on a flawed concept that somehow Plaintiff's sentences were 'illegal' due to subsequent decisions in Apprendi, Blakely, and Booker"); ¶ 6 (memorandum in support of motion "claimed that D.C. Law is unconstitutional" but "listed no argument or support for this premise" and "the motion list[ed] crimes which are not relevant to Plaintiff's convictions or sentences"); ¶ 7 (argument on page 10 of the memorandum "is vague, and totally frivolous"); ¶ 9 ("In an attempt to further deceive the [P]laintiff and to attempt to justify keeping Plaintiff's $10,000[,]" Defendants "conspired to not accept any telephone calls from the Plaintiff or the Plaintiff's family, along with hastily preparing another motion which the Plaintiff had already informed the [D]efendants that Plaintiff did not want to be prepared.").

Columbia's exception to the general prohibition on punitive damages for contract claims applies most often if the breach of contract merges with an independent, recognized tort, such as . . . fraud"). Therefore, the Court cannot with "legal certainty" agree with Defendants' assertion that Plaintiff's "claim for punitive damages in this matter is ridiculous and should not have been utilized to award federal jurisdiction in this matter." Defs.' Br. at 10.

That said, the Court declines to award Plaintiff punitive damages in this case. "Even where a sufficient legal foundation exists for the award of punitive damages, the decision to award such damages lies with the trier of fact." *Lyons v. Jordan*, 524 A.2d 1119, 1204 n.12 (D.C. 1987). "Thus, while the default established facts that might underlie the award of punitive damages, it did not in itself establish [Defendants'] liability therefor." *Id.* The question of punitive damages is a close one, given Defendants' professional obligations and the Complaint allegations. Nonehtheless, the Court finds that the compensatory damages award is sufficient to deter Defendants from such conduct in the future and that punitive damages are not warranted.

A memorializing Order accompanies this Memorandum Opinion.

Date: January 28, 2009

/s/
ROSEMARY M. COLLYER
United States District Judge